GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
KRAVITZ SCHNITZER
JOHNSON & WATSON, CHTD.
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
Attorneys for Defendant
HANKINS PLASTIC SURGERY
ASSOCIATES, P.C. dba HANKINS & SOHN
PLASTIC SURGERY ASSOCIATES

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIFER TAUSINGA, on behalf of herself and all others similarly situated;<br>Plaintiff,<br><br>vs.<br><br>HANKINS & SOHN PLASTIC SURGERY ASSOCIATES, an unknown entity; HANKINS PLASTIC SURGERY ASSOCIATES, P.C., a domestic professional corporation; DOES 1 through 20, inclusive<br><br>Defendants. | Case No.:<br><br>**DEFENDANT'S NOTICE OF REMOVAL**<br><br>**(Clark County District Court, Case No. A-23-868157-C)** |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA, THE PLAINTIFF, AND HER ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1332(d), 1446, and 1453, Defendant, HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES (wrongfully identified separately as "Hankins & Sohn Plastic Surgery Associates, an unknown entity"), hereby remove the state court action described below from the Eighth Judicial District Court, Clark County, Nevada, filed by JENNIFER TAUSINGA ("Plaintiff"), Case No. A-23-868157-C, Dept. 9 (hereinafter the "State Court

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

Action") to the United States District Court for the District of Nevada, and submit the following statement of facts, which entitle this matter to removal:

## JURISDICTION AND VENUE

1. The Court has subject matter jurisdiction over this case pursuant to the Class Action Fairness Act of 2005, which is codified in part as 28 U.S.C. § 1332(d).

2. This Court is in the judicial district and division embracing the place the State Court Action was brought and was pending. Thus, this Court is the proper District Court to which this Court should be removed. 28 U.S.C. §§ 1441(a) and 1446(a). Moreover, this venue is proper as a substantial part of the alleged events or omissions giving rise to this lawsuit that occurred in the District of Nevada.

## THE ACTION AND TIMELINESS OF REMOVAL

3. On March 30, 2023, Plaintiff, purportedly on behalf of herself and others similarly situated, filed a Class Action Complaint and Demand for Jury Trial (the "Complaint") against Defendants in the State Court Action. A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

4. On April 25, 2023, Defendant's counsel executed a Waiver of Service of Summons under Rule 4.1 from the Nevada Rules of Civil Procedure. A true and correct copy of the Waiver of Service is attached to this Notice of Removal as **Exhibit B**.

5. The removal is timely under 28 U.S.C. § 1446(b) because Defendant filed this removal within thirty (30) days of being served within the Complaint. *See Murphy Bros. v. Michetti Pipe Stinging, Inc.*, 526 U.S. 344, 348 (1999)(time period for removal begins when the defendant is served).

## CAFA JURISDICTION

6. Basis of original jurisdiction: This Court has original jurisdiction over this action and under the Class Action Fairness Act of 2005 ("CAFA")(codified in pertinent part at 28 U.S.C. § 1332(d)). Section 1332(d) provides that a district court shall have original jurisdiction over a class action with one hundred (100) or more putative class members from which the matter in controversy aggregately exceeds the sum or value of $5 million. Section 1332(d) further provides

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

that, for CAFA to apply, a putative class member must be a citizen of a state different from any defendant.

7. As set forth below, pursuant to 28 U.S.C. § 1441(a), defendants may remove the State Court Act to federal court under the Class Action Fairness Act of 2005 because: (1) this action is pled as a class action; (2) the putative class include more than one hundred (100) members; (3) some members of the putative class are citizens of the state different than that of defendants; and (4) the matter in controversy, in the aggregate, exceeds the sum or value of $5 million, exclusive of interest and costs.

**THE ACTION IS PLED AS A CLASS ACTION**

8. CAFA defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by one or more of representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

9. Plaintiff seeks class certification under Rule 23 of the Nevada Rules of Civil Procedure. *See* Complaint at ¶¶ 3, 74, 75. The Supreme Court of Nevada has held that Rule 23 of the Nevada Rule of Civil Procedure is "identical to its federal counterpart." *Meyer v. Eighth Judicial Dist. Court*, 885 P.2d 622, 626 (Nev. 1994). Thus, the first CAFA requirement is satisfied.

**THE PUTATIVE CLASS INCLUDES AT LEAST 100 MEMBERS**

10. Plaintiff seeks to represent a class of persons to be defined as follows: "All individuals in the United States whose PII[1] and/or PHI[2] was compromised in the Data Breach which was announced on or about March 14, 2023 (the "Class")." *See* Complaint at ¶ 75. Specifically, Plaintiff TAUSINGA asserts that she "brings this class action individually and on behalf of individuals that have had their sensitive PII/PHI disclosed and obtained by unknown

/ / /

[1] Plaintiff defines "PII" as personally identifiable information, "such as, *inter alia*, their first and last names, driver's license numbers, home addresses, telephone numbers, email addresses, and dates of birth." Complaint at ¶ 1.

[2] Plaintiff defines "PHI" as personal health information, "such as, *inter alia*, their medical history, medical consultation notes and photographs." *Id.* at ¶ 2.

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

third-parties as a result of Defendants' failure to properly secure and safeguard the PII/PHI described above." *Id.* at ¶ 3.

11. Plaintiff excluded from the Class are "Defendants, its subsidiaries and affiliates, officers and directors, any entity in which Defendants have a controlling interest, the legal representative, heirs, successors, or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families." *Id.* at ¶ 76.

12. Plaintiff further alleges that "there are at minimum, hundreds of members of the Class described above." *Id.* at ¶ 78. Moreover, Dr. Hankins also attested that there are more than thousands of potential members of the putative Class. Therefore, based on Plaintiff's own allegations, the number of putative Class members exceeds the statutorily required minimum of 100.

**MINIMAL DIVERSITY OF CITIZENSHIP EXISTS**

13. Pursuant to 28 U.S.C. § 1332(d)(2)(A), "the district court shall have original jurisdiction" over a "class which. . .any member of the class of plaintiff is a citizen of the state different from any defendant." (emphasis added). *See also Abreggo Abreggo v. The Dow Chemical Co.,* 443 F.3d 676, 680, n. 5 (9th Cir. 2006)("[o]ne way to satisfy minimal diversity to by demonstrating that any member of a class of plaintiff is . . . a citizen or subject of a foreign state and any defendant is a citizen of a state").

14. Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates ("Hankins & Sohn Plastic Surgery Associates") is a professional corporation organized and existing under the laws of the State of Nevada. Moreover, Hankins & Sohn Plastic Surgery Associates conducts business in Nevada.

15. Although Plaintiff alleges that she was and continues to be a Nevada resident, the Class from which Plaintiff seeks to assert a Class Action Status are "individuals in the United States whose PII and/or PHI was comprised in the Data Breach which occurred in or before March 2023." Complaint at ¶ 75. As some of the purported class members are not Nevada residents, diversity of citizenship is met. In sum, the diversity of citizenship in this matter exists due to

/ / /

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

Plaintiff's desire to represent all individuals in the United States who were allegedly affected by the Data Breach.

16. As established in ¶ 75 of Plaintiff's Complaint, minimal diversity of citizenship is established pursuant to CAFA because not all of the purported Class members are Nevada residents. In fact, many of the purported Class members are Arizona and California residents.

**THE AMOUNT IN CONTROVERSY EXCEEDS THE CAFA THRESHOLD[3]**

17. Where a complaint has not specified the amount of damages sought, as is the case with Plaintiff's Complaint, the removing defendant must provide by the preponderance of evidence that the jurisdictional amount in controversy is satisfied. 28 U.S.C. § 1446(c)(2)(B). The United States Supreme Court held that "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold" to meet the standard. *Dart Cherokee Basin Oper. Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014).

18. Plaintiff requests the following relief, which aggregated across the putative Class of thousands of individual places more than $5 million in controversy, exclusive of interest and costs.

19. Damages. Plaintiff alleges that she and the Class have and will continue to suffer injuries, including: (1) out of pocket expenses; (2) loss of time and productivity through efforts to ameliorate, mitigate, and deal with the future consequences of the Data Breach; (3) theft of their valuable PII and/or PHI; (4) the imminent and certainly impeding injury flowing from fraud and identity theft posed by their PII/PHI being disclosed to unauthorized recipients and cybercriminals; (5) damages to and diminution in value of their PII and/or PHI; (6) and continued risk to Plaintiff's and the Class Members' PII and/or PHI, which remains in the possession of Defendants and which is subject to further breaches[.]" *Id.* at ¶ 73.

/ / /

[3] The amount in controversy set forth in this Notice of Removal is solely for the purpose of establishing that the amount in controversy exceeds the $5 million threshold. This section is not intended and cannot be construed as an admission that Plaintiff can state a claim or is entitled to damages in any amount. Defendant denies liability, denies Plaintiff is entitled to recoup from Defendant any amount, and denies that the Class can be properly certified in this matter.

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

20. Plaintiff has also alleged that she "and Class Members have incurred and will incur out of pocket costs for protective measures, such as identity theft protection, credit monitoring, credit report fees, credit freeze, and similar costs related to the Data Breach." *Id.* at ¶ 69. Moreover, Plaintiff alleges that "[b]esides the monetary damage sustained in the event of identity theft, patients may have to spend hours trying to resolve identity theft issues." *Id.* at ¶ 70. In this matter, Plaintiff has specifically alleged that one of her damages is out of pocket costs for "protective measures, such as identity theft protection" and credit monitoring. *Id.* at ¶ 69. Plaintiff has also affirmatively prayed for a "mandatory injunction directing Defendants to hereinafter adequately safeguard the PII and/or PHI of the Class by implementing improved security procedures and measures[.]" Complaint's Prayer for Relief at ¶ 4.

21. Other than pleading the statutory minimum requirement in the State Court Action, Plaintiff does not allege the amount in compensatory damages that she and the Class allegedly sustained. *See* Complaint at ¶ 69, 73, 92, 117, 128, 141. However, one potential estimate of the valuation is the attempt to mitigate the effects of the Data Breach due to Plaintiff's contention of "a significantly increased and certainly impending risk of fraud, identity theft, and similar forms of criminal mischief, risk which may last for the rest of their lives." *Id.* ¶ 8. Plaintiff has also alleged that she "and Class Members have incurred and will incur out of pocket costs for protective measures, such as identity theft protection, credit monitoring, credit report fees, credit freeze, and similar costs related to the Data Breach." *Id.* at ¶ 69.

22. Although Plaintiff does not explicitly estimate the effects to mitigate the effects of the breach, Plaintiff has requested "a mandatory injunction directing Defendants to hereinafter adequately safeguard PII and/or PHI of the Class by implementing improved security procedures or measures." *Id.* at Plaintiff's Prayer for Relief, ¶ 4. Hence, this injunction and recovery sought includes the cost of credit monitoring services.

23. Three identity protection agencies, Equifax, Lifelock, and Experian, advertise monthly rates for credit monitoring services for all three credit bureaus and with identity theft

/ / /

/ / /

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

insurance ranging from $11.99[4] to $24.99 per month. Experian offers credit, social security, and bank/credit account monitoring services with identity theft protection for $24.99 per month for an individual and $34.99 per month per family. Multiplying the cost of providing two years of credit monitoring services at $24.99 by 10,000,[5] which is the purported minimum amount of people whom Plaintiff designates as the Class, the amount in controversy for credit monitoring alone for two years is approximately $5,997,600.00.

24. Plaintiff also claims that she and her Class experienced "damages to and diminution of value of the PII and/or PHI". *Id.* ¶ 73. These nebulous concepts are unquantified in the Complaint, and will further add to the damages in excess of CAFA's jurisdictional threshold.

25. Plaintiff also alleges that she and her Class suffered "emotional distress" as a result of the Data Breach. *Id.* at ¶ 72. This nebulous concept is unquantified in the Complaint, but will further add the damages in excess of CAFA jurisdictional threshold.

26. Restitution. Plaintiff's Complaint purportedly seeks restitution. Complaint at ¶ 79(d). However, the Complaint contains no allegations that would support, or even suggest, the amount in restitution to which she or any of the putative Class Members are entitled. *Id*. Hence, Defendant does not entirely include restitution in their calculation of the total amount in controversy. Nevertheless, the amount in controversy further exceeds CAFA's $5 million threshold when these alleged damages are combined with the Class and Plaintiff's compensatory damages.

27. Attorneys' Fees. Plaintiff also seeks to recover her attorney's fees. *Id.* at ¶¶ 93, 107, 118, 131, 142, 154. "[W]here an underlying statute authorizes an award of attorney's fees, either with mandatory or discretionary language, such fees may be included in the amount of controversy." *Lauder Milk v. U.S. Bank Nat'l Assoc*., 479 F.3d 994, 1004 (9th Cir. 2007)(internal

---

[4] *See* https://www.equifax.com/personal/products/identity-theft-protection/ (last visited May 1, 2023); LifeLock Official Site | Identity Theft Protection (norton.com) (last visited May 1, 2023); https://www.experian.com/consumer-products/compare-credit-report-and-score-products.html#comparison-table (last visited May 2, 2023).

[5] Defendant uses this figure conservatively, as Defendant's Declaration estimates the number of clients that might have been impacted by the Data Breach was 20,000.

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

citations omitted). The Court may consider reasonable estimates of attorney's fees in analyzing disputes over the amount in controversy. *See Brady v. Mercedes Benz, USA, Inc.,* 243 F. Supp. 2d 1004, 1010-1011 (N.D. Cal. 2002). Here, statutory attorney's fees are available under NRS 41.600. Hence, attorneys' fees should be included in analyzing the amount in controversy.

28. In the Ninth Circuit, twenty-five percent (25%) of the award has been used as a "benchmark" for attorney's fees. *Handlin v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Using this benchmark, attorney's fees further increase the amount in controversy for alleged liability exposure above the jurisdictional minimum for removal.

29. Accordingly, Defendant sufficiently removed the State Court Action to this Court as (1) the State Court Action is pled as a Class Action and (2) the class size, (3) diversity, and (4) amount in controversy requirements of CAFA are satisfied.

30. This Notice is submitted without a waiver of any procedural or substantive defense.

31. No substantive proceedings have been held in the State Court in this matter. Copies of all filed documents in the State Court Action are attached as follows:

| **EXHIBIT NO.** | **DOCUMENT NAME** |
|---|---|
| Exhibit A | Complaint and Demand for Jury Trial |
| Exhibit B | Waiver of Service of Summons |
| Exhibit C | Peremptory Challenge |
| Exhibit D | Notice of Department Reassignment |

32. The State Court Action was filed on March 30, 2023, thus one year has not elapsed from the date the action in State Court has commenced.

**NOTICE OF INTERESTED PARTIES**

Pursuant to FRCP 7.1, a Certificate of Interested Parties is being filed concurrently with this Notice of Removal.

/ / /

/ / /

/ / /

As required by 28 U.S.C. § 1446(d), Defendant is providing written notice of the filing of its Removal to Plaintiff and are filing copies of this Notice of Removal to the Clerk of the Eighth Judicial District Court of Clark County, Nevada.

DATED this 25th day of May, 2023.

KRAVITZ SCHNITZER JOHNSON
& WATSON, CHTD.

*/s/ L. Renee Green*
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Attorneys for Defendant
HANKINS PLASTIC SURGERY
ASSOCIATES, P.C. dba HANKINS & SOHN
PLASTIC SURGERY ASSOCIATES

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-66666

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 25th day of May, 2023, I served a true and correct copy of the foregoing **DEFENDANT'S NOTICE OF REMOVAL** was served via the United States District Court CM/ECF system to all parties or persons requiring notice:

Mark J. Bourassa, Esq. (NBN 7999)
Jennifer A. Fornetti, Esq. (NBN 7644)
Valerie S. Gray, Esq. (NBN 14716)
THE BOURASSA LAW GROUP
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
Telephone: (702) 851-2180
Facsimile: (702) 851-2189
Email: mbourassa@blgwins.com
jfornetti@blgwins.com
vgray@blgwins.com

Gary F. Lynch (pro hac vice forthcoming)
Nicholas A. Colella (pro hac vice forthcoming)
Patrick D. Donathen (pro hac vice forthcoming)
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone: (412) 322-9243
Email: gary@lcllp.com
nickc@lcllp.com
patrick@lcllp.com

Attorneys for Plaintiff

*/s/ Cynthia Lowe*
An Employee of
KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.