GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. KURSHUMOVA, ESQ.
Nevada Bar No. 14728
KRAVITZ SCHNITZER
JOHNSON & WATSON, CHTD.
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123
Telephone:     (702) 362-6666
Facsimile:      (702) 362-2203
Attorneys for Defendant
HANKINS PLASTIC SURGERY
ASSOCIATES, P.C. dba HANKINS & SOHN
PLASTIC SURGERY ASSOCIATES

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIFER TAUSINGA, on behalf of herself and all others similarly situated;<br><br>                    Plaintiff,<br><br>vs.<br><br>HANKINS & SOHN PLASTIC SURGERY ASSOCIATES, an unknown entity; HANKINS PLASTIC SURGERY ASSOCIATES, P.C., a domestic professional corporation; DOES 1 through 20, inclusive<br><br>                    Defendants. | Case No.: 2:23-cv-00824-CDS-EJY<br><br>**DEFENDANT'S MOTION TO CONSOLIDATE THE FOLLOWING CASES:**<br><br>**(1) CASE NO. 2:23-cv-00710-CDS-EJY**<br><br>**AND**<br><br>**(2) CASE NO. 2:23-cv-00824-RFB-DJA**<br><br>**[ORAL ARGUMENT REQUESTED]** |

Defendant HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES (wrongly identified separately as HANKINS & SOHN PLASTIC SURGERY ASSOCIATES), by and through their counsel of record, hereby move the Court pursuant to Rule 42(a) of the Federal Rules of Civil Procedure ("FRCP") to consolidate the following cases:

- *Alysia Wrenn v. Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates, et. al.*, Case No. 2:23-cv-00710-CDS-EJY; and

1

- The above-captioned matter, *Jennifer Tausinga v. Hankins & Sohn Plastic Surgery Associates, et. al.*, Case No. 2:23-cv-00824-RFB-DJA.

This Motion is based upon the following Memorandum of Points and Authorities, the exhibits, which are filed concurrently herewith, all the pleadings and papers on file in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

DATED this 14th day of July, 2023.

KRAVITZ SCHNITZER JOHNSON
& WATSON, CHTD.


*/s/ Marta D. Kurshumova, Esq.*
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. KURSHUMOVA, ESQ.
Nevada Bar No. 14728
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

*Attorneys for Defendant*

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION.**

Two identical class action lawsuits were recently removed to federal court—both plaintiffs being patients of Defendants; both alleging that in March of 2023, Defendants' electronic files were accessed by an unknown third-party without authorization; both alleging that their personal information and consultation photographs were part of the same data breach; and both alleging that the hackers released their consultation photographs to their co-workers, friends, and neighbors. Not only do both cases share common questions of fact, but they also share common questions of law—plaintiffs have asserted five identical causes of action. The commonalities between those two cases warrant consolidation under FRCP 42(a). The consolidation will save all parties, non-parties, and the Court considerable time and effort, avoid additional inconvenience and expenses, and ensure uniformity. For those reasons, and as discussed in more detail below, the Court should grant the Motion and consolidate (i) *Alysia Wrenn v. Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates, et. al.*, Case No. 2:23-cv-00710-CDS-EJY, and (ii) *Jennifer Tausinga v. Hankins & Sohn Plastic Surgery Associates, et. al.*, Case No. 2:23-cv-00824-RFB-DJA.

**II.     RELEVANT FACTUAL BACKGROUND.**

The two class action cases sought to be consolidated are related to the same occurrence and share the same or similar factual and legal issues. If the cases are not consolidated, there is a strong likelihood of conflicting legal conclusions and inconsistent rulings. It would be best for the parties involved and the Court if these cases were consolidated. Together, the two cases listed below are referred to as "Related Cases."

    **A. Alysia Wrenn v. Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates, et. al., Case No. 2:23-cv-00710-CDS-EJY ("Wrenn Case").**

Alysia Wrenn ("Wrenn") filed her Class Action Complaint in the Eighth Judicial District Court, Clark County, Nevada, against Defendants on April 5, 2023 ("Wrenn Complaint").[1] There,

---

[1] *See generally* Ex. A, ECF No. 1-2, Wrenn Complaint. **Exhibit A** to the Motion is a true and correct copy of the Wrenn Complaint (ECF No. 1-2).

Wrenn alleged that she was a patient of Defendants[2] and had to provide personally identifiable information ("PII") and personal health information ("PHI") in order to undergo treatment.[3] Wrenn also alleged that Defendants took photographs of private areas of her body that were to undergo the treatment.[4]

According to the Wrenn Complaint, Defendants' electronic files, including PII, PHI, and sensitive photographs, were accessed by an unknown third party and were disseminated to a large number of Wrenn's co-workers, Wrenn's employer, and others.[5] Wrenn alleges that Defendants "failed to provide reasonable network, data, and electronic security to protect patient and customer PII and PHI."[6]

The Wrenn Complaint asserts the following causes of action on behalf of Wrenn and the class: (i) negligence/negligence per se; (ii) negligent hiring, training, supervision, retention and policies/procedures; (iii) breach of contract, express or implied; (iv) unjust enrichment; (v) invasion of privacy/unreasonable intrusion upon seclusion of another/public disclosure of a private fact; (vi) breach of fiduciary duty; (vii) breach of confidential relationship; and (viii) negligent infliction of emotional distress.[7]

The Wrenn Complaint also seeks to certify the following class:

> All individuals in the United States whose PII and/or PHI was compromised in the data breach which occurred in or before March 2023, which includes unauthorized access to the personally identifiable information and personal health information of patients and customers of HANKINS PLASTIC SURGERY ASSOCIATES, PC.C., SAMUEL SOHN, and/or WARREN TRACEY HANKINS (the "Data Breach").[8]

In this class, Plaintiff excluded "Defendants, its subsidiaries and affiliates, officers and directors, any entity in which Defendants have a controlling interest, the legal representative, heirs, successors, or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned, and the members of their immediate families."[9]

---

[2] Ex. A, ECF No. 10-1, Wrenn Compl. at ¶ 10.
[3] *Id.* at ¶ 11.
[4] *Id.* at ¶ 12.
[5] *Id.* at ¶¶ 12, 14, 15.
[6] *Id.* at ¶ 17.
[7] *See generally Id.*
[8] *Id.* at ¶ 25.
[9] *Id.* at ¶ 26.

4

On May 5, 2023, Defendants filed a Notice of Removal in federal court. No other proceedings have occurred since the removal.

**A.**     *Jennifer Tausinga v. Hankins & Sohn Plastic Surgery Associates, et. al.*, **Case No. 2:23-cv-00824-RFB-DJA ("Tausinga Case").**

Jennifer Tausinga ("Tausinga") filed her class action Complaint and Demand for Jury Trial in the Eighth Judicial District Court, Clark County, Nevada, against Defendants on March 30, 2023 ("Tausinga Complaint").[10] There, Tausinga alleged that Tausinga was a patient of Defendants[11] and had to provide personally identifiable information ("PII") and personal health information ("PHI").[12] Tausinga also alleged that Defendants took consultation photographs.[13]

According to the Tausinga Complaint, Defendants' electronic files, including PII, OHI, and consultation photographs, were accessed by hackers and were released to Tausinga's friends, colleagues, and neighbors.[14] Tausinga alleges that Defendants failed "to implement adequate and reasonable cyber-security procedures and protocols necessary to protect customer PII and/or PHI."[15]

The Tausinga Complaint asserts the following causes of action on behalf of Tausinga and the class: (i) negligence; (ii) negligence per se; (iii) breach of implied contract; (iv) unjust enrichment; (v) breach of confidence – public disclosure of private facts; and (vi) violation of Nevada's Consumer Fraud Act.[16]

Just as in the Wrenn Complaint, Tausinga seeks to certify the following class:

All individuals in the United States whose PII and/or PHI was compromised in the Data Breach which was announced on or about March 14, 2023.[17]

Tausinga, just like in Wrenn, also seeks to exclude "Defendants, its subsidiaries and affiliates, officers and directors, any entity in which Defendants have a controlling interest, the legal representative, heirs, successors, or assigns of any such excluded party, the judicial officer(s) to whom this action is assigned,

---

[10] *See generally* ECF No. 1-2, Tausinga Complaint.
[11] *Id.* at ¶ 11.
[12] *Ibid.*
[13] *Id.* at ¶ 49.
[14] *Id.* at ¶ 42-44, 47, 49.
[15] *Id.* at ¶ 5.
[16] *See generally, id.*
[17] *Id.* at ¶ 75.

5

and the members of their immediate families."[18]

On May 25, 2023, Defendants filed a Notice of Removal in federal court. No other proceedings have occurred since the removal.

### III. LEGAL STANDARD.

The Federal Rules of Civil Procedure permit consolidation in cases like the Related Cases. Specifically, FRCP 42(a) provides:

> **Rule 42. Consolidation; Separate Trials:**
> (a) Consolidation. If actions before the court involve a common question of law or fact, the court may:
> (1) join for hearing or trial any or all matters at issue in the actions;
> (2) consolidate the actions; or
> (3) issue any other orders to avoid unnecessary cost or delay.[19]

The threshold issue, therefore, is whether the actions involve common facts or legal issues. The purpose of Rule 42(a) "is to give the court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties."[20] Whether an action should be consolidated under Rule 42 (a) is a matter committed to the trial court's discretion.[21] In exercising its broad discretion, a court "weighs the savings of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause." Huene v. United States, 743 F.2d 703, 704 (9th Cir. 1984).

Consolidation also serves to avoid the damage of inconsistent adjudications resulting from different jury verdicts or court decisions.[22] When determining whether to consolidate, a critical question is "whether the specific risks of prejudice and possible confusion [a]re overborne by the risk of inconsistent adjudications of common factual and legal issues...."[23]

---

[18] *Id.* at ¶ 76.
[19] FRCP 42(a).
[20] 9 C. Wright & A. Miller, Fed. Practice & Procedure § 2381, at 427 (1995); *Investors Research Company, et al. v. United States District Court for the Central District of California*, 877 F.2d 777 (9th Cir. 1989); *See also Breaux v. Am. Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004).
[21] *See Investors Research Co. V. Under States Dist. Ct. for the Cent. Dist. Of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).
[22] *See* 9A Wright & A. Miller, Fed. Practice & Procedure § 2383 (1995).
[23] *Arnold v. Eastern Air Lines, Inc.*,681 F.2d 186, 193 (4th Cir. 1982); *NewPage Wis. Sys. v. CMS Energy Corp. (In re W. States Wholesale Nat. Gas Antitrust Litig.)*, No. MDL 1566, 2010 U.S. Dist. LEXIS 87023, at *31 (D. Nev. June 4, 2010) (ordering consolidation pursuant to Rule 42(a) because it was "convenient for the parties and witnesses, and would avoid the possibility of inconsistent verdicts."); *Lancer Ins. Co. v. W. Distrib. Co.*, 2009 U.S. Dist. LEXIS

## IV. LEGAL ARGUMENT.

### A. The Cases Involve Common Questions of Law and Fact.

This Court should consolidate these cases because they involve common questions of fact and law. As set forth above, Rule 42(a) permits a district court to consolidate separate actions when they involve "a common question of law or fact."[24] Even if there are some questions that are not common, consolidation is not precluded.[25]

Fundamentally, here, the cases are identical. Both Plaintiffs allege they were patients of Defendants.[26] Both Plaintiffs allege that their personal information, along with sensitive consultation photographs, were stolen by hackers in March 2023.[27] Both Plaintiffs allege that they were harmed by the hackers disclosing that information to the general public.[28] And both allege that all of those issues resulted from Defendants not safeguarding the information properly.[29] Therefore, the issue is identical—the unauthorized data breach by hackers and the subsequent disclosure of personal information and sensitive photographs. Further, the issue arises from the same occurrence—the Plaintiffs' information and sensitive photographs being stolen by hackers who accessed Defendants' systems. The allegations in each complaint demonstrate that there is a common question of fact.

Additionally, both complaints initiate class action lawsuits, each defining the class nearly identically. In the Tausinga Complaint, the class is defined as follows:

> **All individuals in the United States whose PII and/or PHI was compromised in the Data Breach which was announced on or about March 14, 2023 (the "Class")**.[30]

The Wrenn Complaint states:

> **All individuals in the United States whose PII and/or PHI was compromised in the data breach which occurred in or before March 2023**, which includes unauthorized access to the personally identifiable information and personal health

---

5053, at *4 (D. Ariz. Jan. 12, 2009) (finding consolidation appropriate because "it would avoid the risk of potentially inconsistent outcomes").
[24] FRCP 42(a).
[25] *Willows Account, LLC v. AG/ICC Willows Loan Owner, LLC (In re Carefree Willows LLC)*, No. 2:14-cv-00637-APG, 2014 U.S. Dist. LEXIS 76872, at *4 (D. Nev. May 28, 2014).
[26] Ex. A, ECF No. 10-1, Wrenn Compl. at ¶ 10; ECF No. 1-2, Tausinga Compl. at ¶ 11.
[27] Ex. A, ECF No. 10-1, Wrenn Compl. at ¶ 12, 14, 15; ECF No. 1-2, Tausinga Compl. at ¶¶ 42-44, 47, 49.
[28] Ex. A, ECF No. 10-1, Wrenn Compl. at ¶ 20; ECF No. 1-2, Tausinga Compl. at ¶ 13.
[29] Ex. A, ECF No. 10-1, Wrenn Compl. at ¶ 17; ECF No. 1-2, Tausinga Compl. at ¶ 5.
[30] ECF No. 1-2, Tausinga Compl. at ¶ 75 (emphasis added).

information of patients and customers of HANKINS PLASTIC SURGERY ASSOCIATES, P.C., SAMUEL M. SOHN, and/or WARREN TRACY HANKINS (the "Data Breach").[31]

Because the classes are the same, Plaintiffs fall within each other's class. As the complaints agree, common questions of law and fact predominate over individual class members.[32] Therefore, there is no doubt that consolidation on the basis of factual commonality is warranted.

Consolidation is also warranted because of the legal commonalities between the Related Cases. Here, the presiding Court will have to adjudicate issues specific to data breaches of businesses by hackers who then extort the businesses and their clients in exchange for not disclosing sensitive information to the general public. Even though some causes of action differ, both cases assert identical claims —negligence, negligence per se, breach of implied contract, unjust enrichment, and breach of confidence – public disclosure of private facts.[33] Therefore, there are common questions of law, which necessitate consolidation.

### B. Consolidation Will Save Considerable Time and Effort, Avoid Additional Inconvenience and Expenses, and Ensure Uniformity.

In reviewing a request for consolidation, a court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause."[34] The saving of time and effort and preventing inconvenience, delay, and expense favor consolidation for at least three reasons.

First, if the Related Cases are not consolidated, discovery would be duplicative and inefficient as the parties in the Related Cases will seek the same documents to prove and defend claims. Second, if the Related Cases are not consolidated, many of the same persons would be deposed repeatedly over the same or similar facts when one deposition per witness would be more efficient for the parties and less intrusive to non-party witnesses. Third, a single trial on all claims, defenses, and issues will be more efficient for the parties and the Court as each witness would need to testify only once instead of

---

[31] Ex. A, ECF No. 10-1, Wrenn Compl. at ¶ 25 (emphasis added).
[32] *Id.* at ¶ 33; ECF No. 1-2, Tausinga Compl. at ¶ 83.
[33] *See* Ex. A, ECF No. 10-1, Wrenn Compl.; ECF No. 10-1, Tausinga Compl.
[34] *Quantum Energy, Inc. v. PCS Advisors LLC*, No. 2:21-cv-02184-JAD-BNW, 2022 U.S. Dist. LEXIS 239782, at *2 (D. Nev. Dec. 7, 2022).

8

repeatedly on the same or similar issues for each Related Case. Therefore, consolidation would save considerable time and effort for all parties, non-parties, and the Court.

Consolidation would also prevent two judicial departments from hearing and deciding duplicative issues and ensure no inconsistent adjudications of common factual and legal issues. The uniformity weighs heavily in favor of consolidation.

Further, the denial of consolidation would force Defendants to defend two not only identical but also simultaneous class action lawsuits. As established *supra*, both cases share common and, to an extent, identical questions of law and fact. Procedurally, the cases are at the same litigation stage—both cases were removed to federal court in May 2023, and discovery has not yet begun. Therefore, if not consolidated, Defendants will have to participate in the same discovery on the same issues in two separate courtrooms simultaneously, which will be a significant expense.

For those reasons, any purported inconvenience, delay, or expense the consolidation may potentially cause is heavily outweighed by the which consolidation will afford.

## V. CONCLUSION.

For the foregoing reasons, Defendant respectfully requests that the Court consolidate the Wrenn Case and Tausinga Case because of the overwhelming common questions of fact and law between the Related Cases. Moreover, both cases seek to certify the same class. As a result thereof, consolidation will save time and effort while eliminating any inconvenience, inconsistencies in adjudication, and expenses.

DATED this 14th day of July, 2023.

                    KRAVITZ SCHNITZER JOHNSON
                    & WATSON, CHTD.

                    */s/ Marta D. Kurshumova, Esq.*
                    GARY E. SCHNITZER, ESQ.
                    Nevada Bar No. 395
                    L. RENEE GREEN, ESQ.
                    Nevada Bar No. 12755
                    MARTA D. KURSHUMOVA, ESQ.
                    Nevada Bar No. 14728
                    8985 So. Eastern Avenue, Suite 200
                    Las Vegas, Nevada 89123

                    *Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of July, 2023, I served a true and correct copy of the foregoing **DEFENDANT'S MOTION TO CONSOLIDATE THE FOLLOWING CASES: (1) CASE NO. 2:23-cv-00710-CDS-EJY AND (2) CASE NO. 2:23-cv-00824-RFB-DJA** was served via the United States District Court CM/ECF system to all parties or persons requiring notice:

>Mark J. Bourassa, Esq. (NBN 7999)
>Jennifer A. Fornetti, Esq. (NBN 7644)
>Valerie S. Gray, Esq. (NBN 14716)
>THE BOURASSA LAW GROUP
>2350 W. Charleston Blvd., Suite 100
>Las Vegas, Nevada 89102
>Telephone: (702) 851-2180
>Facsimile: (702) 851-2189
>Email: mbourassa@blgwins.com
>jfornetti@blgwins.com
>vgray@blgwins.com
>
>Gary F. Lynch (pro hac vice forthcoming)
>Nicholas A. Colella (pro hac vice forthcoming)
>Patrick D. Donathen (pro hac vice forthcoming)
>LYNCH CARPENTER LLP
>1133 Penn Avenue, 5th Floor
>Pittsburgh, Pennsylvania 15222
>Telephone: (412) 322-9243
>Email: gary@lcllp.com
>nickc@lcllp.com
>patrick@lcllp.com
>
>Attorneys for Plaintiff

　　　　　　　　　　　　　　　　　　　　　　 */s/ Cynthia Lowe*
　　　　　　　　　　　　　　　　　　　　　　 An Employee of
　　　　　　　　　　　　　　　　　　　　　　 KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.

KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666