GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. KURSHUMOVA, ESQ.
Nevada Bar No. 14728
KRAVITZ SCHNITZER
JOHNSON & WATSON, CHTD.
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone:   (702) 362-6666
Facsimile:    (702) 362-2203
Attorneys for Defendant
HANKINS PLASTIC SURGERY
ASSOCIATES, P.C. dba HANKINS & SOHN
PLASTIC SURGERY ASSOCIATES

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| JENNIFER TAUSINGA, on behalf of herself and all others similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>HANKINS & SOHN PLASTIC SURGERY ASSOCIATES, an unknown entity; HANKINS PLASTIC SURGERY ASSOCIATES, P.C., a domestic professional corporation; DOES 1 through 20, inclusive<br><br>Defendants. | Case No.: 2:23-cv-00824-CDS-EJY<br><br>**DEFENDANT HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES' MOTION TO DISMISS** |

COMES NOW Defendant HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES (wrongly identified separately as HANKINS & SOHN PLASTIC SURGERY ASSOCIATES), by and through its counsel of record, the law firm of KRAVITZ, SCHNITZER, JOHNSON & WATSON, CHTD., and respectfully requests that this Court dismiss this Class Action Complaint ("Motion").

/ / /

/ / /

/ / /

1

This Motion is made based upon the attached Memorandum of Points and Authorities, all papers and pleadings on file herein, and any oral argument the Court will allow at the hearing of this matter.

DATED this 14th day of July, 2023.

> KRAVITZ SCHNITZER JOHNSON
> & WATSON, CHTD.
>
> 　/s/ L. Renee Green　
> GARY E. SCHNITZER, ESQ.
> Nevada Bar No. 395
> L. RENEE GREEN, ESQ.
> Nevada Bar No. 12755
> 8985 So. Eastern Avenue, Suite 200
> Las Vegas, Nevada  89123
> Telephone:  (702) 362-6666
> Facsimile:   (702) 362-2203
> Attorneys for Defendant
> HANKINS PLASTIC SURGERY
> ASSOCIATES, P.C. dba HANKINS & SOHN
> PLASTIC SURGERY ASSOCIATES

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

In 2023, Defendant, Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates ("Hankins & Sohn") like so many companies and entities before it, was the victim of a criminal cyberattack.  These criminal actors preyed on Hankins & Sohn, illegally gaining access to Hankins Plastic Surgery Associates, P.C.'s server and files.

Upon discovering the attack, Hankins & Sohn worked quickly and decisively to deactivate the impacted accounts, reset passwords, and thoroughly investigate the issue.  The FBI also became involved in this investigation.  Moreover,  Plaintiff was notified of this attack.

After receiving notification of the cyberattack, Plaintiff filed this lawsuit, on behalf of herself and for every other person that was notified.   Plaintiff did not bring this class action because each of the purported class members experienced any damages.   Instead of establishing the five prerequisites to certify certain members as a class, Plaintiff seeks to define her class members as people who might have a substantial "increased *risk* of identity theft  and fraud." However, this *risk* of harm is insufficient to establish cognizable damages. Plaintiff also

2

conclusory alleges that she and the Class Members have incurred or will incur out-of-pocket costs without pleading any facts to support this conclusory statement. Claiming that something will or might happen is speculative and not considered cognizable damages. As a result thereof, Plaintiff's claims should be dismissed as her damages are not cognizable under Nevada law.

Even if Plaintiff alleged a form of cognizable injury on behalf of herself and the class members (which she does not), her negligence and negligence per se claims should still be dismissed. Specifically, Plaintiff's damages are purely economic in that Plaintiff pleads only increased costs. As these alleged injuries are purely economic, Plaintiffs' negligence and negligence per se claims from which relief cannot be granted as they are barred by the economic loss doctrine. Plaintiff's negligence per se claim should also be dismissed because Nevada does not recognize negligence per se as a separate cause of action from negligence.

Moreover, Plaintiff asserts a breach of contract claim against Defendants without identifying the facts necessary to establish that the parties reached an agreement enforceable under the contract to protect her personal and financial information. Plaintiff also failed to identify which terms Hankins & Sohn purportedly breached. As Plaintiff alleges no contractual provisions to indicate that Defendant agreed to be an insurer of the data's safety, Plaintiff's breach of contract claim should be dismissed.

Plaintiff's unjust enrichment claim should also be dismissed because Plaintiff fails to plead a benefit that Plaintiff provided to Defendant beyond the contract. Moreover, although Plaintiff conclusory pleads that there was no viable remedy at law in this claim, she failed to state why there was no such remedy when the rest of the Complaint requests multiple legal relief, such as an injunction and monetary damages. As a result thereof, Plaintiff's unjust enrichment claim should be dismissed.

Plaintiff also seeks to assert the breach of confidence/invasion of privacy cause of action upon the wrong party. As Defendants are also a victim of identity theft, Plaintiff should have asserted this invasion of privacy on the criminal third parties. However, Plaintiff failed to do so and instead attempted to mask this claim when it is, in essence, a redundant implied breach of contract claim. As a result thereof, Plaintiff's invasion of privacy claim should be dismissed.

Last, Plaintiff pleads that Hankins and Sohn violated three statutes under Nevada's Consumer Fraud Act. However, Plaintiff failed to allege that Hankins and Sohn had the requisite intent to commit these violations under two of the statutes, which is a requirement under the statutes. Moreover, one of the statutes that Plaintiff cites for this violation is inapplicable under Nevada's Consumer Fraud Act.

The Ninth Circuit recently affirmed the dismissal of a data breach class action with facts nearly identical to this matter due to the plaintiff's "fail[ure] to adequately allege damages stemming from a data breach of [defendant] third parties." The same analysis should apply here due to the many fallacies of Plaintiff's Complaint, and as a result thereof, Plaintiff's Class Action claim should be dismissed.

## II. PLAINTIFF'S ALLEGATIONS

### A. Plaintiff asserted multiple and duplicative causes of action against Hankins and Sohn due to criminal actions of third parties hacking into Hankins and Sohn's computer system.

Plaintiff filed her Class Action Complaint on March 30, 2023, and alleged the following causes of action against Hankins & Sohn: (1) negligence, (2) negligence per se, (3) breach of implied contract, (4) unjust enrichment, (5) breach of confidence-public disclosure of private facts, and (6) Violation of Nevada's Consumer Fraud Act.[1]

Plaintiff alleges on or about March 14, 2023, "Defendants notified affected patients, including Plaintiff Tausinga of "a recent data security event that may impact some of your information."[2] Plaintiff subsequently alleges that photographs taken of her were disseminated.[3] However, the Class that Plaintiff seeks to certify includes members who did not have their photographs or data disseminated.[4] Instead, Plaintiff seeks to represent a class of people whose

---

[1] *See generally* ECF No. 1-2.

[2] *Id.* at ¶ 4.

[3] *Id.* at ¶ 49.

[4] *Id.* at ¶ 75.

4

"PII and/or PHI was compromised," but who may have not experienced any damages.[5] Although Plaintiff admits that the criminal third parties committed these acts, Plaintiff attempts to impose liability upon Defendants when Defendants were also victims of identity theft.

### B. Plaintiff's Negligence and Negligence per se Claims

Plaintiff alleges the same allegations against Hankins and Sohn in her negligence and negligence per se claims. Specifically, Plaintiff alleges in her negligence/negligence per se claim that Hankins & Sohn breached their duties by "failing to provide fair, reasonable, or adequate computer systems and data security practices."[6]

Despite Plaintiff's allegations, Plaintiff never alleged in her Complaint how the class members have experienced damages that are recognized under the negligence theory. Instead, Plaintiff claims that Plaintiff and the Class Members have a "substantially increased risk of suffering identify theft and fraud."[7] Plaintiff and the Class Members also claim that they have an imminent and impending injury flowing from *potential* fraud."[8] However, Plaintiff provides no factual indication that each potential class member experienced an injury or fraudulent related activity.

Plaintiff subsequently alleges that "there is a *risk* of exposure."[9] However, Plaintiff failed to articulate the alleged damages they experienced, including whether an unauthorized person (1) opened a bank account in their names, (2) filed tax returns, or (3) made fraudulent charges on their credit cards. Plaintiff alleges no fraudulent activity, and instead claims that she and "the Class Members [are] at a significantly increased and unknowingly broad risk of fraud."[10]

///

---

[5] *Id*.

[6] *Id.* at ¶¶ 89, 102

[7] *Id.* at ¶ 67.

[8] *Id.* at ¶ 91.

[9] (emphasis added) *Id.* at ¶ 92.

[10] *See id.* at ¶ 91.

5

/ / /

Plaintiff also alleges that she and her Class members have experienced a "diminution of value in the value of their PII[11]/PHI[12]."[13] However, Plaintiff lists this as a damage even for the Class Members whose information was not disseminated as Plaintiff's class is defined as "[a]ll individuals in the United States whose PII and/or PHI was compromised in the Data Breach[,]"[14] regardless of whether their information was disseminated. Moreover, Plaintiff has failed to allege how the Data Breach allegedly affected the value of her and the Class Members' PHI and/or PHI. Specifically, other than conclusory allegations, Plaintiff fails to allege how she and the Class Members have been unable to sell, profit from, or otherwise monetize their personal information.

Moreover, although Nevada recognizes negligence per se and negligence as the same cause of action, Plaintiff separate pleads both in the Complaint.[15]

### C. Plaintiff's Breach of Contract Claim

Plaintiff also asserted a breach of contract claim, but failed to allege what part of the contract that Hankins & Sohn allegedly breached.[16]  Plaintiff also failed to plead which part of the contract created implicit duties for Defendants.  As Plaintiff fails to cite the contract that created this implicit obligation specifically, Plaintiff's breach of contract should be dismissed.

### D. Plaintiff's Unjust Enrichment Claim

Plaintiff alleged that Hankins and Sohn were unjustly enriched when a third party committed a cyberattack on its network.[17] However, Plaintiff did not plead this cause of action as

---

[11] Plaintiff defines PII "Personally Identifiable Information (or "PII") such as, *inter alia*, their first and last names, driver's license numbers, home addresses, telephone numbers, email addresses, and dates of birth." *Id.* at ¶ 1.

[12] PHI is defined as "personal health information (or "PHI") such as *inter alia*, their medical history, medical consultation notes and photographs." *Id.* at ¶ 2.

[13] *Id.* at ¶ 13.

[14] *Id.* at ¶ 76.

[15] *See id.* at ¶¶86-107

[16] *See generally id.* at ¶¶108-118.

[17] *See generally id.* at ¶¶ 119-131.

6

an alternative to the breach of contract claim.[18] Instead, Plaintiff pled this cause of action in addition to the breach of contract claim. Moreover, although Plaintiff conclusory claimed that there are no adequate remedies at law, Plaintiff has failed to articulate this basis when she seeks more than three categories for legal relief, which includes an injunction and economic damages.[19]

### E. Plaintiff's Breach of Confidence-Public Disclosure of Private Facts Claim

Plaintiff alleges the same allegation under her breach of confidence cause of action as her implied breach of contract cause of action. Specifically, Plaintiff pleads in both causes of action that Defendants had obligations "implicit in the agreement…[to] prevent unauthorized disclosures of the PII and/or PHI."[20] "However, Plaintiff has failed to allege that Defendants engaged in an intentional intrusion or that Defendants disclosed a private fact. Rather, Plaintiff admits that the data at issue "was compromised" by a criminal third party.[21] As Hankins & Sohn did not engage in any criminal acts to intrude upon her privacy or disclosed her information, this claim should be dismissed.

### F. Plaintiff's Violation of Nevada's Consumer Fraud Act

Under this cause of action, Plaintiff pleads that Defendant violated NRS 598.0917(7), NRS 598.0923, and NRS 603A, which all constitute an action that can be brought under NRS 41.600, which is the consumer fraud statute.[22] However, NRS 598.0917 and NRS 598.0923 requires a defendant to violate these provisions with the requisite of intent, which Plaintiff did not plead.[23] Moreover, NRS 603A is not listed as one of the statutes that is applicable under NRS 41.600. As a result thereof, this claim should be dismissed.

/ / /

---

[18] *Id.*

[19] *Id.* at Prayer for Relief ¶¶1-9.

[20] *Id.* at ¶¶ 113, 136.

[21] *Id.* at ¶ 140.

[22] *Id.* at ¶¶143-154.

[23] *See id.* at ¶¶ 143-154.

7

## III. LEGAL STANDARD AND LAW

### A. Legal Standard

A complaint is subject to dismissal if there are insufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, except that is true, to state a claim to relief that is plausible on its face" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 55 U.S. 544, 570 (2007). "Facial plausibility" requires factual allegations "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556 (2007)). Although a complaint does not need detailed factual allegations, the "factual allegations must be enough to raise the right to relief above the speculative relief." *Twombly*, 550 U.S. at 555.

"Threadbare recitals of elements of a cause of action, support of a mere conclusory statement, do not suffice." *Iqbal*, 556 U.S. at 578 (citing *Twombly*, 550 U.S. at 555) *see also Paredo v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). "[P]lausibility pleading standards are especially important in cases like this one, where the Defendant faces the 'potentially enormous expense of discovery; if the Court denies this motion to dismiss." *Razuki v. Caliber Home Loans*, *Inc.*, 2018 WL 6018361, at *1 (S.D. Cal. Nov. 15, 2018).

### B. Applicable Law

Although Plaintiff represents that she is a Nevada citizen, she seeks class certification for "[a]ll individuals in the United States whose PII and/or PHI was compromised in the Data Breach[.]"[24] (1) negligence, (2) negligence per se, (3) breach of implied contract, (4) unjust enrichment, (5) breach of confidence-public disclosure of private facts, and (6) Violation of Nevada's Consumer Fraud Act – only under Nevada law. As a result thereof, Hankins and Sohn address these claims as pled, and demonstrate that Nevada law, which is the sole basis for Plaintiff's claims, provides Plaintiffs with no avenue for relief.

///

---

[24] *Id.* at ¶ 75.

8

## IV. LEGAL ARGUMENT

### A. Plaintiff and the putative Class Members have failed to plausibly allege "cognizable injury" and damages.

Each of Plaintiff's causes of action requires Plaintiff to plausibly allege that the class suffered a cognizable injury as a result of Defendant's conduct. *Carey v. Select Comfort Corp.*, 2006 Minn. Dist. LEXIS 169, *11; s*ee Rimini St. v. Oracle Int'l Corp.*, 473 F. Supp. 3d 1158, 1191 (D. Nev. 2020)(claim preclusion does not apply when all of the elements for a cause of action were not legally cognizable). In fact, courts do not consider a cause of action to accrue until a judicial remedy is available. *Id; see also Duventre v. Home Depot U.S.A., Inc.*, No. 2:20-cv-2905-SHM, 2021 U.S. Dist. LEXIS 159726, at *5 (W.D. Tenn. Aug. 24, 2021)("[A] cause of action does not accrue until a judicial remedy is available. A judicial remedy is available when (1) a breach of a legally recognized duty owed to by defendant (2) causes plaintiff *legally cognizable damage*.)(emphasis added). As discussed further below, Plaintiff has failed to state a claim of cognizable injury and damages for each of her causes of action.

### B. Plaintiff's negligence claims should be dismissed.

#### 1. Plaintiff's negligence per se is duplicative of her negligence cause of action and thus should be dismissed.

"Although often pled as such, 'negligence per se is not a separate cause of action but a doctrine whereby a court will consider the negligence elements of duty and breach satisfied as a matter of law, leaving only causation and damages to be determined by the fact-finder…'" *Montes v. Bank of Am. NA*, No. 2:13-CV-00660-RCJ, 2014 WL 1494234, at *9 (D. Nev. Apr. 15, 2014) (quoting *Insco v. Aetna Health & Life Ins. Co.,* 673 F.Supp.2d 1180, 1191 (D. Nev. 2009)). For this reason, Nevada courts routinely dismiss stand-alone negligence per se claims. See *Wells Fargo Bank, N.A. v. Leach Johnson Song & Gruchow, Ltd.,* No. 2:18-CV00723-JCM-VCF, 2019 WL 861388, at *2 (D. Nev. Feb. 22, 2019) (dismissing negligence per se claim because "negligence per se is not a cognizable legal claim under Nevada law."); *Christiana Tr. v. SFR Investments Pool 1, LLC*, No. 2:16-CV-00684-GMN-CWH, 2018 WL 6603643, at *8 (D. Nev. Dec. 17, 2018) (same); *Prof-2013-S3 Legal Title Tr. IV, by U.S. Bank Nat'l Ass'n v. Flying Frog Ave. Tr.,* No. 2:17-CV-01933-JCM-GWF, 2018 WL 4494085, at *4 (D. Nev. Sept. 19, 2018) (same).

9

As negligence per se is not a separate cause of action from negligence, Plaintiff's negligence per se claim should be dismissed.

### 2. Plaintiff has not alleged that she experienced a cognizable injury under the negligence claims as a result of the cyberattack.

To prevail on a negligence claim, plaintiffs must establish the following four (4) elements: "(1) the existence of a duty of case; (2) breach of that duty; (3) legal causation; and (4) damages." *Sanchez ex. rel Sanchez v. Walmart Stores, Inc.*, 125 Nev. 818, 824, 221 P.3d 1276, 1280 (2009); *Williams v. Heritage Square, LLC*, 2:15-cv-01598-APG-PAL, 2017 WL, 36667704, at *4 (D. Nev. Aug. 24, 2017). Moreover, under a negligence per se theory, the plaintiff must prove that: "(1) a statute was violated; (2) she belongs to the class of persons that the provision was intended to protect; and (3) the injury she suffered is of the type that the provision was intended to prevent." *Id.*

As noted above, Plaintiff does not allege that each Class Member experienced fraud or theft due to the cyberattack. Plaintiff also does not allege each Class Members incurred any out-of-pocket expenses because of the cyberattack. Instead, Plaintiff alleges that she and the class members experienced "substantial increased risk of suffering identity theft and fraud or misuse of their PII/PHI as a result of the Data Breach."[25] However, an increase in future risk does not constitute a cognizable injury for the negligence claim. *See Krottner v. Starbucks Corp.,* 406 F. App'x 129, 131 (9th Cir. 2010)(the "danger of future harm" does "not establish [] a cognizable injury"). Plaintiff must allege that she already experienced actual harm, which she has failed to do with the requisite sufficiency. *Amburgy v. Express Scripts, Inc.,* 671 F. Supp. 2d 1046, 1055 (E.D. Mo. 2009)(dismissing negligence claims because "[d]amages cannot be reasonably be assessed for a hypothetical harm which may (or may not) come to plaintiff in the future"). Instead, Plaintiff makes generical and conclusory damage-related allegations, none of which suffices to state a claim.

///

---

[25] *Id.* at ¶ 68.

For example, Plaintiff claims that she and the class members "have suffered and will continue to suffer injuries, including out of pocket expenses; loss of time…and continued risk to Plaintiff's and the Class Members' PII and/or PHI."[26] However, other than making these conclusory allegations, Plaintiff does not proffer any facts that actually indicate that the Class Members whose information was not disseminated actually paid these out-of-pocket expenses. As conclusory allegations are insufficient to survive a motion to dismiss, these causes of action should be dismissed. *Iqbal*, 556 U.S. at 578.

Moreover, any allegations of any increased future risk, such as the risk of identity theft, without more, is insufficient to state a claim. *See Corona v. Sony Pictures Entm't, Inc.,* No. 14-CV-09600-RGK-EX, 2015 WL, 3916744, at *4 (C.D. Cal. June 15, 2015)("the [g]eneral allegations of loss are too speculative to constitute cognizable injury"); *see also Shafran v. Harley Davidson, Inc.*, No. 07-Civ. 01365 (GBD) 2008 WL 763177, at *3 (S.D. N.Y. Mar. 20, 2008)("courts have uniformly ruled that the time and expense of credit monitoring to combat an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy."); *In Re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 613 F. Supp. 2d 108, 134, (D. Me. 2009), *affirmed in part, reversed in part, on other grounds*, *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151 (1st Cir. 2011)("[T]here is no way to value and recompense the time and effort that consumers spent in reconstituting their bill-paying arrangements or talking to bank representatives to explain what charges were fraudulent. Those are ordinary frustrations and inconveniences that everyone confronts in daily life with or without fraud or negligence.")

The Ninth Circuit has also consistently held that "alleged injuries that stem from the danger of future harm are insufficient to support a negligence action." *Pruchnicki v. Envision Healthcare Corp.*, 439 F. Supp. 3d 1226, 1232 (D. Nev. 2020)(citing *Krottner*, 406 F.App'x. at 131)(affirmed by the Ninth Circuit in *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 614 (9th Cir. 2021)). Instead, "tangible, out-of-pocket expenses are required in order for lost time spent monitoring credit to be cognizable as damages." *Id; see also Attias v. CareFirst, Inc.,* 365 F. Supp.

---
[26] *Id.* at ¶ 73.

3d 1, 14 (D.D.C. 2019)("time and money spent protecting against future identity theft cannot constitute damage in their own right and purposes of plaintiffs' negligence and breach of fiduciary duty claims").

Last, Plaintiff alleges that she and each Class Member experienced "damages to and diminution in value of their PII and/or PHI."[27] Although "[d]iminution in the value of personal information can be a viable theory of damages[,]" "a plaintiff must establish both the existence of a market for her personal information and an impairment of her ability to participate in that market." *Pruchnicki*, 439 F. Supp. 3d at 1232. In *Pruchnicki*, the court found that the plaintiff did not allege a cognizable form of damages in this diminution contention because the plaintiff failed to present "cogent allegations of a market for her information and… ascertainable loss to her own ability to sell her information." *Id*.

Just like the plaintiff in *Pruchnicki*, Plaintiff fails to allege sufficiently that each Class Member experienced an ascertainable loss of their own ability to sell their information. Although Plaintiff generically claims that the Dark Web "serve[s] as a bustling marketplace for such commerce,"[28] Plaintiff does not allege how this supposed marketplace affects her and the Class Members. As conclusory allegations are insufficient to survive a motion for summary judgment, this claim should be dismissed. *Id*.

Not only does Plaintiff fail to allege specifically that she and each Class Member experienced any fraud, theft, or out-of-pocket losses. As a result thereof, this allegation is too conclusory to be given any weight. *Iqbal*, 556 U.S. at 678 (stating that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Holly vb. Atlas Newport Hosp., Inc.,* No. 2-CV-07496-ODW-MRWX, 2020 WL 1853308, at *6 (C.D. Cal. Apr. 10, 2020)(granting motion to dismiss negligence and breach of contract claims because plaintiff's "conclusory and vague allegations are insufficient to establish that she suffered actual damages as a result of the data breach"). Plaintiff must allege <u>facts</u> to support her claim that

---

[27] *Id.* at ¶73.

[28] *Id.* at ¶30.

she experienced "loss of money or property" and "monetary and non-monetary damages." Plaintiff has failed to do so. As a result thereof, her claims must be dismissed.

### 3. Plaintiff's negligence claims are barred by the economic loss rule.

"In Nevada, the economic loss doctrine bars negligent tort actions where the plaintiff seeks to recover only economic loss." *Fuoroli v. Westgate Planet Hollywood Las Vegas, LLC,* No. 2:10-CV-2191-JCM-GWF, 2011 WL 1871236, at *3 (D. Nev. May 16, 2011); *see also Terracon Consultants W., Inc. v. Mandalay Resort Grp.,* 125 Nev. 66, 73, 206 P.3d 81, 86 (2009)("[T]his court has concluded that the doctrine bars unintentional tort actions when the plaintiff seeks to recover 'purely economic losses'"). Hence, "unless there is personal injury or property damage, a plaintiff may not recover in negligence for economic losses." T*erracon Consultants W., Inc.,* 125 Nev. at 747, 206 P.3d at 86.

Courts applying Nevada law in data breach cases have that the economic loss doctrine bars negligence-based claims. *Affinity Gaming v. Trustwave Holdings, Inc.,* No. 2L15-CV-02464-GMN-PAL, 2016 WL 5799300, at *6 (D. Nev. Sept. 30, 2016)(dismissing gross negligence under the economic loss doctrine); *In re Zappos.com, Inc.*, No. 3:12-CV-000325-RCJ, 2013 WL 4830497, at *3 (D. Nev. Sept. 9, 2013)( "The court is compelled to agree with Defendant that the economic loss doctrine bars recovery in recovery in negligence in this case.") Although there are other cases that may find that the economic loss doctrine does not bar negligence claims in data breach cases, there is no such holding in Nevada and those cases do not apply Nevada law.

As discussed above, Plaintiff does not allege any facts supporting that she received a cognizable injury to survive a motion to dismiss regarding this negligence claim. Even if Plaintiff and the Class Members were injured, their injuries would be solely economic. As Plaintiff does not allege that each Class Member experienced a personal injury or incurred any property damage as a result of the Data Breach, Plaintiff's negligence and negligence per se claims are barred by Nevada's economic loss doctrine and should be dismissed.

### C. Plaintiff has failed to plead her breach of contract claim sufficiently.

Nevada requires plaintiffs in a breach of contract action to show: "(1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach." *Saini v.*

13

*Int'l Game Tech.*, 434 F. Supp 2d 913, 919-20 (D. Nev. 2006). To create an enforceable contract, there must be an "offer and acceptance, meeting of the minds, and consideration.*" May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "Express and implied contracts differ in the manner that sets forth the terms of the agreement—the terms of an express contract are stated in words while those of an implied contract are manifested by conduct. *Mizrahi v. Wells Fargo Home Mortg.,* No. 2:09-cv-01387-RLH-LRL, 2010 U.S. Dist. LEXIS 59893, at *7 (D. Nev. June 11, 2010). To pursue an implied contract theory, however, the plaintiff "must elaborate upon the nature and scope of the implied contract in the pleadings…." *In re Anthem, Inc. Data Breach Litig*., 162 F.Supp.3d 953, 982–83 (N.D. Cal. 2016). Specifically, the plaintiff must allege facts sufficient to support a finding that "the parties intended to contract and promises were exchanged, the general obligations for which must be sufficiently clear." *Risinger v. SOC LLC*, 936 F.Supp.2d 1235, 1247 (D. Nev. 2013).

Plaintiff has not sufficiently pled her breach of contract claim. Specifically, Plaintiff has failed to allege what part of the written contract gave Hankins and Sohn these implied obligations. In fact, Plaintiff provides no factual data on the documents she signed and when she signed them. The mere fact that Plaintiff pled that she was a victim of a data breach does not bring into existence an implied contract. As Plaintiff cannot survive a motion to dismiss by alleging that Hankins and Sohn implicitly agreed to certain duties from a conclusory-defined written agreement, coupled with the fact that her damages are not cognizable under the law, Plaintiff's breach of contract claim is subject to dismissal.

**D. Plaintiff's unjust enrichment claim fails to state a claim from which relief can be granted.**

Plaintiff's unjust enrichment claim fails for two reasons. First, Plaintiff has failed to plead sufficient facts to state an unjust enrichment claim. Specifically, Plaintiff failed to allege that she conferred a benefit to Hankins and Sohn apart from the contract. Second, Plaintiff's claim is barred because Plaintiff cannot plead that no legal remedies are available to her or the Class.

To set forth a claim for unjust enrichment, a plaintiff must allege that a defendant unjustly retained money or property of another against fundamental principles of equity. *See Asphalt Prods.*

*Corp. v. All Star Ready Mix*, 111 Nev. 799, 898 P.2d 699, 700 (Nev. 1995). An unjust enrichment claim is established where there is "a benefit conferred on the defendant by the plaintiff, appreciation by the defendant of such benefit, and acceptance and retention by the defendant of such benefit." *Topaz Mut. Co. v. Florence Marsh*, 108 Nev. 845, 839 P.2d 606, 613 (Nev. 1992). Unjust enrichment is an equitable substitute for a contract, and an action for unjust enrichment therefore cannot lie where there is an express written agreement governing the relationship at issue. *Lipshie v. Tracy Inv. Co.*, 93 Nev. 370, 566 P.2d 819, 824 (Nev. 1977). Moreover, a claim for unjust enrichment cannot lie when there is an adequate remedy at law. *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834 (9th Cir. 2020)(dismissing the plaintiffs' unjust enrichment claim because Plaintiff failed to "allege that there is no adequate remedy at law for their unjust enrichment claim to proceed").

*In re Zappos.com, Inc.*, the United States District Court for the District of Nevada decided whether to dismiss the plaintiff's unjust enrichment claim after the plaintiffs brought this claim against the company defendant after a data breach. *In re Zappos.com, Inc.*, No. 2013 U.S. Dist. LEXIS 128155, at *20 (D. Nev. Sep. 9, 2013). In that matter, the plaintiffs claimed that they conferred a benefit to the defendants by providing personal data, which was subjected to a data breach, when they purchased goods from the company defendant. *See id*. The *In re Zappos* court found that although the "plaintiffs allege having bestowed the benefit of their purchase of goods, it appears undisputed that [d]efendant provided [p]laintiffs a benefit in return (providing the goods) such that there is no unrecompensed benefit conferred." As the plaintiffs bestowed no benefit upon the defendant outside of the contracts they formed to purchase goods, Plaintiff's unjust enrichment claim was dismissed. *Id.*

Similar to the *In re Zappos.com* plaintiffs, Plaintiff does not allege that she bestowed any additional benefit on Hankins and Sohn other than the services that Hankins and Sohn agreed to perform for Plaintiff.[29] *Id*. Providing the PII and/or PHI was a part of Hankins & Sohn providing that cosmetic service. Moreover, Plaintiff does not allege that she bestowed her personal

---

[29] *See generally id.* at ¶¶ 119-131.

15

information for Hankins & Sohn's benefit or that providing the PII and/or PHI was an additional benefit that was not contemplated in the contract between her and Hankins and Sohn. Plaintiff also failed to plead with sufficient facts that there are no available legal remedies under the law to have this claim survive when Plaintiff and her Class Members are seeking multiple categories of damages, an injunction, and class certification due to this Data Breach. As a result thereof, Plaintiff's unjust enrichment claim should be dismissed.

### E. Plaintiff failed to plausibly allege her public disclosure of private facts claim.

In this cause of action, Plaintiff alleges this theory of the invasion of privacy claim against the wrong person. Specifically, Plaintiff alleges invasion of privacy against Defendants when they were also the victims of the cyberattack.[30] Instead of alleging invasion of privacy against Defendants, Plaintiff should have alleged this cause of action against the third-party criminal individuals or entities who engaged in the cyberattack.

In Nevada, invasion of privacy can take the following forms: (1) unreasonable intrusion upon the seclusion of another ("intrusion"); (2) appropriation of the name or likeness of another; (3) unreasonable publicity given to private facts; and (4) publicity reasonably placing another in a false light before the public. *People for the Ethical Treatment of Animals v. Bobby Berosini, Ltd.,* 111 Nev. at 638, 895 P.2d at 1284. In this Complaint, Plaintiff pleads the unreasonable publicity of private facts theory.[31]

To state a claim for invasion of privacy under the publicity given to private facts theory, plaintiffs must establish that the defendant disclosed private facts which would be offensive and objectionable to a reasonable person of ordinary sensibilities. *Montesano v. Donrey Media Group,* 99 Nev. 644, 668 P.2d 1081, 1084 (Nev. 1983). The public disclosure requirement of this tort contemplates disclosure to more than individuals or small groups and "it is not an invasion of the right of privacy…to communicate a fact concerning the plaintiff's private life to a single person or even a small group of persons." *Downs v. River City Grp., LLC*, No. 3:11-cv-0885-LRH-WGC,

---

[30] *See generally id.* at ¶ ¶76-85.

[31] *Id.* at ¶ ¶ 132-142.

16

2012 U.S. Dist. LEXIS 66860, at *9 (D. Nev. May 9, 2012)(citing *Kuhn v. Account Control Technology, Inc.,* 865 F. Supp. 1443, 1448 (D. Nev. 1994).

Courts have dismissed this cause of action when plaintiffs fail to sufficiently allege that the defendant *intentionally* intruded and publicized plaintiffs' personal information. *Reetz v. Advocate Aurora Health, Inc.*, 405 Wis. 2d 298, 322, 983 N.W.2d 669, 681 (Ct. App. 2022) (dismissing the invasion of privacy cause of action because "an allegation of failing to prevent a data breach is not an allegation that [the defendant] intended the disclosure of publicity of private facts"); *Purvis v. Healthcare*, 563 F. Supp. 3d 1360, 1377 (N.D. Ga. 2021)(dismissing the plaintiff's invasion of privacy claim because plaintiff did not sufficiently allege that the defendants "intentionally participated in the alleged intrusion into Plaintiffs' affairs").

In this matter, Plaintiff alleges that Hankins and Sohn engaged in the unreasonable intrusion upon the seclusion of another/public disclosure of a private fact.[32] However, Plaintiffs do not allege that Hankins and Sohn published the information or engaged in intentional conduct. Instead, Plaintiffs admit that criminals and "unauthorized individual(s) gained access to Defendants' patients' and potential patients' information systems[.]"[33] Plaintiff then regurgitates and recites the same causes of action found in her implied breach of contract claim for this cause of action, thus making this cause of action duplicative. *See Iqbal*, 556 U.S. at 578.

Just as the *Reetz* court found that failing to prevent a data breach does not give rise to an invasion of privacy claim, Plaintiff's allegation of failing to prevent a data breach does not give rise to an invasion of privacy claim. *Reetz*, 405 Wis. 2d at 322, 983 N.W.2d at 681. As Plaintiff and her Class Members merely seek to create a duplicative cause of action by pleading her implied breach of contract claim, which should also be dismissed, Plaintiff fails to state a claim for relief under this cause of action.

/ / /

/ / /

---

[32] *Id.* at ¶ 132-142.

[33] *Id.* at ¶ 42.

### F. Plaintiff's cause of action for Violation of Nevada's Consumer Fraud Act should be dismissed.

Plaintiff brings this cause of action under the authority of NRS 41.600, which allows an individual to bring certain causes of action under different statutes as a victim of consumer fraud. NRS 41.600. In her Complaint, Plaintiff asserts allegations that Hankins and Sohn violated NRS 598.0923, NRS 598.0917, and NRS 603A under the authority of NRS 41.600.[34]

Specifically, NRS 41.600 provides:

**41.600. Actions by victims of fraud.**
1. An action may be brought by any person who is a victim of consumer fraud.
2. As used in this section, "consumer fraud" means:
    (a) An unlawful act as defined in NRS 119.330;
    (b) An unlawful act as defined in NRS 205.2747;
    (c) An act prohibited by NRS 482.36655 to 482.36667, inclusive;
    (d) An act prohibited by NRS 482.351;
    (e) A deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive; or
    (f) A violation of NRS 417.133 or 417.135.

As indicated above, NRS 41.600 does not include NRS 603A as a statute for consumer fraud under NRS 41.600. Moreover, NRS 603A deals with the regulation of data collection and not of businesses selling goods and services. As a result thereof, Plaintiff's claim regarding consumer fraud against Hankins and Sohn under NRS 603A should be dismissed.

As for Plaintiff's allegations that Hankins and Sohn violated NRS 598.0923 and NRS 598.0917, both statutes require that defendants engage in the requisite intent. Specifically, NRS 598.0923, which is commonly known as the "Deceptive Trade Practice" statute, requires that a person, "when in the course of his or her business or occupation" *knowingly* commits certain violations. NRS 598.0923. Similarly, NRS 598.0917 subjects liability to a person who employs "bait and switch" advertising…which the seller in truth *may not intend or desire to* sell or lease." NRS 598.0923. Specifically, NRS 598.0923 requires that the defendant knowingly committed the violation, and NRS 598.0917 requires that the defendant intended or desired not to sell the advertised product.

---

[34] *Id.* at ¶151.

18

Although both statutes require that defendants have the requisite intent to engage in these violations, Plaintiff failed to allege that Hankins and Sohn intended or knew it was committing such violations. As a result of Plaintiff's failure to adequately plead the requisite allegations with sufficient facts, Plaintiff's Violation of Nevada's Consumer Fraud Act should be dismissed.

## V. CONCLUSION

Plaintiff has failed to plead any cognizable damages in her Class Action Complaint. Not only does Plaintiff seek to allege negligence per se and negligence separately, which is not recognized in Nevada, the economic loss doctrine bars Plaintiff's claims for economic damages. Moreover, Plaintiff's invasion of privacy/public disclosure of private facts claim fails because Plaintiff failed to, and cannot, allege that Hankins and Sohn intended to disclose private facts. The implied breach of contract claim also fails for the same reasons, in addition to Plaintiff failing to sufficiently plead what part of the written contract provided the implied duties from which Plaintiff claims that Hankins and Sohn agreed to perform. Plaintiff's unjust enrichment claim should also be dismissed because Plaintiff cannot allege that she enriched Hankins and Sohn or that there is no available relief under the law. Moreover, Plaintiff fails to plead sufficient facts to show that Hankins and Sohn had the requisite intent in their purported violation of the Nevada Consumer Fraud Act. For the foregoing reasons, Defendants respectfully request that the Court grant its Motion to Dismiss in its entirety.

DATED this 14th day of July, 2023.

KRAVITZ SCHNITZER JOHNSON
& WATSON, CHTD.

*/s/ L. Renee Green, Esq.*
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. KURSHUMOVA, ESQ.
Nevada Bar No. 14728
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
*Attorneys for Defendant*
HANKINS PLASTIC SURGERY
ASSOCIATES, P.C. dba HANKINS & SOHN
PLASTIC SURGERY ASSOCIATES

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 14th day of July, 2023, I served a true and correct copy of the foregoing **DEFENDANT HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES' MOTION TO DISMISS** was served via the United States District Court CM/ECF system to all parties or persons requiring notice:

>Mark J. Bourassa, Esq. (NBN 7999)
>Jennifer A. Fornetti, Esq. (NBN 7644)
>Valerie S. Gray, Esq. (NBN 14716)
>THE BOURASSA LAW GROUP
>2350 W. Charleston Blvd., Suite 100
>Las Vegas, Nevada 89102
>Telephone: (702) 851-2180
>Facsimile: (702) 851-2189
>Email: mbourassa@blgwins.com
>jfornetti@blgwins.com
>vgray@blgwins.com
>
>Gary F. Lynch (pro hac vice forthcoming)
>Nicholas A. Colella (pro hac vice forthcoming)
>Patrick D. Donathen (pro hac vice forthcoming)
>LYNCH CARPENTER LLP
>1133 Penn Avenue, 5th Floor
>Pittsburgh, Pennsylvania 15222
>Telephone: (412) 322-9243
>Email: gary@lcllp.com
>nickc@lcllp.com
>patrick@lcllp.com

Attorneys for Plaintiff

                                                */s/ Cynthia Lowe*
                                                An Employee of
                                                KRAVITZ SCHNITZER JOHNSON & WATSON, CHTD.