MARK J. BOURASSA, ESQ. (NBN 7999)
JENNIFER A. FORNETTI, ESQ. (NBN 7644)
VALERIE S. GRAY, ESQ. (NBN 14716)
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
Telephone:  (702) 851-2180
Facsimile:  (702) 851-2189
Email:  mbourassa@blgwins.com
        jfornetti@blgwins.com
        vgray@blgwins.com

NICHOLAS A. COLELLA (*pro hac vice*)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone:  (412) 322-9243
Email:  nickc@lcllp.com

[additional counsel in signature block]

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| IN RE HANKINS PLASTIC SURGERY ASSOCIATES, P. C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES<br><br>This Document Relates to: All Actions | Case No.: 2:23-cv-00824-RFB-DJA<br><br>**STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**(SPECIAL SCHEDULING REVIEW REQUESTED)** |

### AMENDED STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER FOR PHASE I (PRE-CERTIFICATION) DISCOVERY
### (SPECIAL SCHEDULING REVIEW REQUESTED)

Under Fed. R. Civ. P. 26(f) and Local Rule 26-1, the parties, through their respective counsel, conducted a telephone conference on December 21, 2023, April 23, 2024, and April 30, 2024, to generally discuss the claims, and to schedule a discovery planning conference.

/ / /

Plaintiffs' counsel and Defendant's counsel conducted a discovery conference on December 21, 2023, April 23, 2024, and April 30, 2024, and hereby submit to the Court the following proposed Discovery Plan and Scheduling Order:

**II.      Statement of the Case**

Defendant Hankins Plastic Surgery Associates P.C. dba Hankins & Sohn Plastic Surgery Associates is a is a healthcare provider with locations in Henderson and Las Vegas, Nevada. Hankins provides plastic surgery care to patients across the greater Las Vegas Valley. In February 23, 2023, hackers successfully infiltrated Defendant's computer networks and obtained information of over a hundred of individuals (hereinafter the "Cyberattack"). The compromised data included personally identifying information ("PII"), protected health information ("PHI"), and/or pre- and/or post-surgery nude photographs.  Plaintiffs allege that as a result of the data breach, class members' information has been distributed to friends, colleagues, and neighbors, as well as to the general public on the internet.

Plaintiffs filed their Amended Class Action Complaint on September 15, 2023. ECF No. 19. In this Amended Complaint, Plaintiffs allege that they are individuals whose information was exposed in the data breach. Plaintiffs allege that Defendant failed to implement reasonable data security measures to protect their information and retained Plaintiffs' information for longer than necessary. In this consolidated action, Plaintiffs seek to represent the following Class of persons defined as follows:

> All individuals in the United States whose PII and/or PHI was
> compromised in the Hankins Data Breach which occurred on or about
> February 23, 2023 (the "Class"). ECF No. 19 at  ¶ 114.

Caroline Aurora also filed a Class Action Complaint, which was later consolidated in this matter. *See* ECF No. 35-1.  In that Class Action Complaint, Aurora seeks to represent the following Class of persons defined as follows:

> All persons residing in the United States whose PHI was compromised in the Data
> Breach announced by the Hankins & Sohn Defendants that suffered actual harm
> due to the Data Breach.

ECF No. 35-1 at ¶ 82.

/ / /

/ / /

**II. Procedural Background**

Plaintiffs bring this lawsuit on behalf of themselves and all those similarly situated against Defendant. The Court consolidated one other later-filed class action[1] into this lead case, and appointed the undersigned as Plaintiffs' Interim Co-Lead Counsel and Liaison Counsel. ECF Nos. 16, 19, 31.

Plaintiffs filed a consolidated complaint on April 14, 2023, which added an additional Plaintiff, and asserts claims for negligence, breach of implied contract, unjust enrichment, violation of the Nevada consumer fraud act, declaratory judgment, and negligent misrepresentation. ECF No. 19. Defendant moved to dismiss the complaint in its entirety. ECF No. 27. This motion has been fully briefed.

On December 22, 2023, Defendant filed a Notice of Related Cases to notify the Court that another Class Action Complaint was removed to the United States District Court for the District of Nevada regarding the Cyberattack pursuant to the Court's Order regarding the Consolidation. ECF Nos. 16, 34. Defendant also filed a Notice of Related Cases in the case it recently removed where Plaintiff Caroline Aurora makes nearly identical allegations against Defendant (hereinafter the "*Aurora* matter"). [*See generally* ECF No. 35-1]. The *Aurora* action has been removed then transferred to this Court because it arises out of the same or similar operative facts as the Consolidated Action. Therefore, Plaintiffs have recently filed their Unopposed Motion for Clarification ECF No. 45 seeking clarification as to whether *Aurora* is consolidated with the Consolidated Action pursuant to this Court's August 14, 2023 Order [ECF No. 16]. Defendant filed its Motion to Dismiss the Complaint from the *Aurora* matter on April 30, 2024. Plaintiff in *Aurora* has neither communicated nor coordinated with Plaintiffs in this matter regarding any topic.

A.  **Initial Disclosures**

Plaintiffs made their initial disclosures on January 16, 2024. Defendant made its initial disclosures on April 30, 2024.

B.  **Areas of Discovery**

1.  Plaintiffs and Defendant have conferred and believe that the areas of discovery for Phase I (Pre-Certification) Discovery should include the following topics:

---

[1] *Alysia Wrenn v. Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates, et. al.*, Case No. 2:23-cv-00710-CDS-EJY

(i) Whether, and if so, to what extent, Plaintiffs' and the putative Class members' personal information was accessed by cyber criminals during the attack on Defendant's computer systems;

(ii) How Plaintiffs and putative class members were affected by the data breach;

(iii) Information Defendant provided to Plaintiffs and putative class members about the data breach; and

(iv) The nature and extent of each Plaintiff's and putative class member's relationship with Defendant.

(v) Defendant's discovery of and response to the data breach for the purpose and with the limitation of determining commonality, predominance and typicality as it relates to Plaintiffs and putative class members;

(vi) The extent of the data breach for the purpose and with the limitation of determining commonality, predominance and typicality as it relates to Plaintiffs and putative class members and how they were affected by the data breach; and

(vii) Defendant's post-breach investigation and remediation for the purpose and with the limitation of determining commonality, predominance and typicality as it relates to Plaintiffs and putative class members.

Class discovery is intended to illuminate class certification issues, which include issues such as commonality, predominance, and typicality." *In re MGM Resorts Int'l Data Breach Litig.*, No. 2:20-cv-000376-GMN-NJK, 2024 U.S. Dist. LEXIS 61199, at *14 (D. Nev. Apr. 2, 2024). Class certification requires a rigorous analysis. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 351, 131 S. Ct. 2541, 2551 (2011). The analysis will often include "some overlap with the merits of the plaintiff's underlying claim. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 338, 131 S. Ct. 2541, 2544 (2011). "[W]hile discovery of certification issues during Phase I may overlap with issues related to the merits in Phase II, the parties agreed to limit their discovery in each Phase to the particular aims and subject matter of each respective

Phase." *See Tyus v. Wendy's of Las Vegas, Inc.*, No. 214CV00729GMNVCF, 2017 WL 3026403, at *5 (D. Nev. July 17, 2017).

### C. Discovery Plan

Accordingly, pursuant to Local Rule 26-1(b), and following the Court's order that the parties focus their efforts on class discovery, the parties propose the following Discovery Plan for this matter as it currently stands (for deadlines that fall on a Saturday, Sunday, or legal holiday have been scheduled for the next judicial day):

| Event | Date |
| --- | --- |
| **Interim Fact Discovery Cut-Off Date** | **November 13, 2024** (197 days after the parties' discovery-planning conference) |
| **Close of Class Certification Expert Discovery** | **January 14, 2025** (229 days after the parties' discovery-planning conference) |
| **Phase I (Pre-Certification) Discovery Cut-Off Date** | **February 13, 2025** (289 days after the parties' discovery-planning conference) |
| **Amending Pleadings and Adding Parties** | **November 15, 2024** (90 days to Phase I (Pre-Certification) Discovery Cut-off Date) |
| **Initial Class Certification Expert Designations** | **December 16, 2024** (60 days to Phase I (Pre-Certification) Discovery Cut-off Date, next judicial day) |
| **Rebuttal Class Certification Expert Designations** | **January 14, 2025** (30 days to Phase I (Pre-Certification) Discovery Cut-off Date, next judicial day) |
| **Motion for Class Certification** | **March 17, 2025** |
| **Motions to Exclude Certification Experts** | **April 14, 2025** |
| **Deadline to Participate in Mediation** | **April 16, 2025** |
| **Joint Proposed Discovery Plan Regarding Post-Certification Phase** | Within 30 days of the Decision on Motion for Class Certification |

### D. Court Conferences

If the Court has questions regarding the dates proposed by the parties, the parties request a conference with the court before entry of the Scheduling Order. If the Court does not have questions, the parties do not request a conference with the Court.

///

**E.    Extensions or Modifications of the Discovery Plan and Scheduling Order**

All motions or stipulations to extend a deadline set forth in this discovery plan shall be received by the Court no later than twenty-one (21) days before the expiration of the subject deadline, must satisfy the requirements of LR 26-3, and be supported by good cause for the extension.

**F.    Alternative Dispute Resolution**

The parties certify that they have met and conferred about the possibility of using alternative dispute-resolution processes including mediation, arbitration, and if applicable, early neutral evaluation.

**G.    Alternative Forms of Case Disposition**

The parties certify that they have considered consent to trial by a magistrate judge under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73 and the use of the Short Trial Program (General Order 2013-01). The parties do not believe that either is appropriate in this matter.

**H.    Fed. R. Civ. P. 26(a)(3) Disclosures**

Unless the discovery plan otherwise provides and the court so orders, the disclosures required by Fed. R. Civ. P. 26(a)(3) and any objections to them must be included in the joint pretrial order.

**I.    Electronic Evidence**

The parties certify that they have discussed and intend to present evidence in electronic format to jurors for the purposes of jury deliberations and will ensure that said evidence is in an electronic format compatible with the Court's electronic jury evidence display system.  At present, the parties have not agreed upon any stipulations regarding use of electronic evidence, but will agree to a stipulated ESI protocol and address this issue again in the joint pretrial order.

**J. Consent to Service by Electronic Means through Electronic Mail**

The undersigned, on behalf of Plaintiffs and Defendant, hereby consent to service of documents by electronic means via electronic mail and/or by U.S. Mail. Documents served by electronic means must be transmitted to the following persons at the e-mail address below:

1. <u>Plaintiffs' Attorneys</u>:

    a. Jennifer A. Fornetti, Valerie S. Christian and Mark J. Bourassa of The Bourassa Law Group   E-Service   Address:   jfornetti@blgwins.com,   vchristian@blgwins.com, mbourassa@blgwins.com, kvandermiller@blgwins.com

      b. Nicholas Colella of Lynch Carpenter: nickc@lcllp.com; Patrick@lcllp.com

      c. Raina Borrelli of Strauss Borrelli, PLLC: raina@straussborrelli.com

      d. Ramzy Ladah or Ladah Law Firm: Ramzy@ladahlaw.com; Daniel@ladahlaw.com; jenny@ladahlaw.com

2. <u>Defendant's Attorneys</u>:

      a. Gary Schnitzer, L. Renee Green, and Leslie L. Phiefer of Schnitzer Johnson & Watson, CHTD; gschnitzer@sjwlawfirm.com; rgreen@sjwlawfirm.com; clowe@sjwlawfirm.com.

**K. Protective Order**

All parties agree that the dispute involves certain documentation, while not necessarily confidential between all of the parties to this litigation, are confidential and/or of a sensitive nature as to nonparties. This includes personally identifying information, protected health information and nude photographs. The parties therefore agree that there is good cause for a protective order to be entered in this matter and the parties will separately present a proposed order to the court for its consideration.

DATED this 3rd day of May, 2024

**THE BOURASSA LAW GROUP**

By: <u>Jennifer A. Fornetti</u>
   MARK J. BOURASSA, ESQ. (NBN 7999)
   JENNIFER A. FORNETTI, ESQ. (NBN 7644)
   VALERIE S. GRAY, ESQ. (NBN 14716)
   2350 W Charleston Blvd, Suite 100
   Las Vegas, Nevada 89102
   *Attorneys for Plaintiff Tausinga*

**LYNCH CARPENTER LLP**

By: <u>Nicholas A. Colella</u>
   NICHOLAS A. COLELLA (*pro hac vice*)
   1133 Penn Avenue, 5th Floor
   Pittsburgh, PA 15222
   *Attorneys for Plaintiff Tausinga*

DATED this 3rd day of May, 2024

**KRAVITZ SCHNITZER JOHNSON & WATSON, CTD.**

By: <u>L. Renee Green</u>
   GARY E. SCHNITZER, ESQ.(NBN 395)
   L. RENEE GREEN, ESQ. (NBN 12755)
   8985 S. Eastern Ave., Ste. 200
   Las Vegas NV 89123
   *Attorneys for Defendant*

**LADAH LAW FIRM**

By: <u>Ramzy P. Ladah</u>
   RAMZY P. LADAH
   517 S. Third Street
   Las Vegas, NV 89101
   *Attorneys for Plaintiff Wrenn*

**TURKE & STRAUSS LLP**

By: *Raina Borrelli*
   RAINA BORRELLI (*pro hac vice*)
   613 Williamson Street, Suite 201
   Madison, Wisconsin 53703
   *Attorneys for Plaintiff Romashova*

IT IS SO ORDERED:

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: May 6, 2024
 CASE NO.:  2:23-cv-00824-RFB-DJA

# CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I certify that I am an employee of The Bourassa Law Group, and that on this date I caused to be served a true copy of **STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** on all parties to this action by the method(s) indicated below:

  X    by using the Court's CM/ECF Electronic Notification System addressed to:

> Gary E. Schnitzer, Esq.
> L. Renee Green, Esq.
> KRAVITZ SCHNITZER JOHNSON & WATSON, CTD.
> Email:  gschnitzer@ksjattorneys.com
>         rgreen@ksjattorneys.com

DATED:  This 3rd day of May, 2024.

                    */s/ Kylie B. VanderMiller*
                    Employee of The Bourassa Law Group