1  GARY E. SCHNITZER, ESQ.
   Nevada Bar No. 395
2  L. RENEE GREEN, ESQ.
   Nevada Bar No. 12755
3  MARTA D. DUNNING, ESQ.
   Nevada Bar No. 14728
4  SCHNITZER JOHNSON & WATSON, CHTD.
   8985 So. Eastern Avenue, Suite 200
5  Las Vegas, Nevada 89123
   Telephone:   (702) 362-6666
6  Facsimile:   (702) 362-2203
   gschnitzer@sjwlawfirm.com
7  rgreen@sjwlawfirm.com
   mdunning@sjwlawfirm.com
8  *Attorneys for Defendant,*
   *HANKINS PLASTIC SURGERY*
9  *ASSOCIATES, P.C. dba HANKINS*
   *& SOHN PLASTIC SURGERY*
10 *ASSOCIATES*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES<br><br>This Document Relates to: All Actions | Master File No. 2:23-cv-00824-RFB-DJA<br><br>**DEFENDANT HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES' LIMITED OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND TO FILE A PORTION OF AN EXHIBIT UNDER SEAL PURSUANT TO LR IA 10-5(A)** |

COMES NOW Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates ("Defendant" or "the Practice"), by and through its counsel of record, the law firm of SCHNITZER, JOHNSON & WATSON, CHTD., and hereby submits its Limited Opposition to Plaintiffs' Motion ("Motion") for Leave to File Second Amended Consolidated Class Action Complaint and to File a Portion of an Exhibit Under Seal Pursuant to LR IA 10-5(A) ("Limited Opposition").

/ / /

1

This Limited Opposition is made and based upon the papers and pleadings on file herein, the points and authorities attached hereto, and any oral argument the Court may allow at the time of hearing.

DATED this 21st day of October, 2024.

SCHNITZER JOHNSON & WATSON, CHTD.

 /s/ L. Renee Green, Esq.
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. DUNNING, ESQ.
Nevada Bar No. 14728
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123
*Attorneys for Defendant,*
*HANKINS PLASTIC SURGERY*
*ASSOCIATES, P.C. dba HANKINS*
*& SOHN PLASTIC SURGERY ASSOCIATES*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiffs' Motion seeks to add a new cause of action—professional negligence—and two new parties to the litigation. Despite adding a new cause of action and additional class representatives as Plaintiffs, Plaintiffs' proposed complaint suffers the same fallacies as their operative complaint.

Specifically, Plaintiffs still seek to certify a class where some of the class members did not experience any damages. As "the misappropriation of personal information does not establish compensable damages"[1] allowing Plaintiffs to amend their complaints to propose a class that cannot be certified is futile.

In addition, the statute of limitations may have lapsed for some of Plaintiff's claims, which would be subject to dismissal. Moreover, to the extent that Plaintiffs seek to couch a data breach case into one of professional negligence, Plaintiffs' complaint would be subject to dismissal.

---

[1] *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021)

2

1    Defendant acknowledges that it is not prejudiced by Plaintiff filing the amended complaint and has therefore filed this Limited Opposition rather than a full Opposition. However, if leave is granted, Defendant intends to file its Motion to Dismiss.

## II. STATEMENT OF RELEVANT FACTS AND ALLEGATIONS.

In 2023, Defendant, like many companies and entities before it, was the victim of a criminal cyberattack. These criminal actors preyed on Defendant, illegally gaining access to its server and files. Before the data breach, of which the Practice had no prior notice of an IT issue, the Practice hired an IT professional to implement security measures throughout the Practice's computer system to protect patients' healthcare data against unauthorized access. Each patient of Defendant signed various consent forms before any medical services being performed, including a Consent for Surgery, a HIPAA Information and Consent Form, and a Mutual Privacy Agreement.

Upon discovering the attack, Defendant worked quickly and decisively to disable the impacted accounts, reset passwords, and thoroughly investigate the issue. The FBI also became involved in this investigation and post-cyberattack planning. Moreover, Plaintiffs were timely notified of this attack. After receiving notification of the cyberattack, Plaintiffs filed multiple class action complaints on behalf of themselves and for every other person who was notified, which were subsequently consolidated.

Plaintiffs subsequently sought leave to amend their Complaint on September 23, 2024. In this proposed Complaint, Plaintiffs seek to certify the following class:

> All individuals in the United States whose PII and/or PHI was compromised in the Hankins Data Breach which occurred on or about February 23, 2023 (the "Class").

Proposed Second Amended Complaint at ¶ 129 (ECF 63-1).

Plaintiffs also added new class member representatives and a professional negligence claim in their proposed complaint.[2]

///

///

---

[2] *See generally* ECF No. 63-1.

## III. **LEGAL ARGUMENT.**

### A. **LEGAL STANDARD FOR DENYING LEAVE TO AMEND.**

Requests for leave to amend the pleadings filed on or before the amendment deadline are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment.[3] The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality."[4]

Although there is a liberal policy in favor of allowing the amendment, such relief is not automatically granted.[5] Indeed, district courts possess broad discretion to deny leave to amend pleadings.[6] Because of the liberal policy in favor of amending the complaint, the party opposing the amendment bears the burden of showing why leave to amend should be denied.[7]

Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint.[8] Not all of these factors carry equal weight and prejudice is the "touchstone."[9] Absent a showing of prejudice or a strong showing of any of the remaining factors, there is a presumption that leave to amend should be granted.[10] The existence of prejudice

---

[3] *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999).

[4] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (per curiam).

[5] *See Festa v. Sandoval*, No. 2:17-cv-00850-APG-NJK, 2020 WL 8087918, at *2 (D. Nev. Nov. 30, 2020), report and recommendation adopted sub nom., *Festa v. NDOC*, No. 2:17-cv-00850-APG NJK, 2021 WL 65467 (D. Nev. Jan. 7, 2021) (citing *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990)).

[6] *See id.* (citing *Mir v. Fosburg*, 646 F.2d 342, 347 (9th Cir. 1980)).

[7] *See Gonzalez*, 2020 WL 4925702 at *3.

[8] *See Eminence Capital, LLC*, 316 F.3d at 1052.

[9] *Id.*

[10] *Id.*

4

and undue delay can warrant the denial of leave to amend.[11] Moreover, futility alone can justify a court's refusal to grant leave to amend.[12]

"Ordinarily, courts will defer consideration of challenges to the merits of a proposed amendment until after leave to amend is granted and the amended pleading is filed."[13] However, "[c]ourts are empowered to deny leave to amend based on the futility of the amendment."[14] Indeed, courts have the discretion to deny leave to amend on the basis of futility when the movant fails to specify any additional facts that could be pled to state a claim.[15] Similarly, leave to amend is properly denied when the movant clarifies that any facts to plead a claim are potentially available only after first obtaining discovery.[16]

The most important consideration in resolving a motion to amend is prejudice to the opposing party.[17] The United States Supreme Court has made clear that it is "undue prejudice" that warrants denial of leave to amend.[18] "The Ninth Circuit has repeatedly held that the prejudice

---

[11] *See Gonzalez*, 2020 WL 4925702 at *4 (citing *Jackson*, 902 F.2d at 1388-89).

[12] *See Festa* 2020 WL 8087918 at *2 (citing *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015)).

[13] *Stewart v. CMRE Fin'l Servs., Inc.*, 2015 WL 6123202, at *2 (D. Nev. Oct. 16, 2015).

[14] *Ashcraft v. Welk Resort Grp., Corp.*, No. 2:16-cv-02978-JAD-NJK, 2018 WL 357850, at *3 (D. Nev. Jan. 20, 2018). "An amendment is futile if the amended pleading could not withstand a Rule 12 challenge[.]" *Cordova Carballo v. Barr*, 2:20-CV-02196-APG-BNW, 2021 WL 3009100, at *3 (D. Nev. July 15, 2021). "[O]ne of the ways in which futility of amendment is determined is by examining whether a motion to amend fails to state a cognizable claim." *Ashcraft v. White Pine County Hosp. Dist.*, 3:11-CV-00383-LRH, 2012 WL 961257, at *3 (D. Nev. Mar. 21, 2012) (citing *Gardner v. Martino*, 563 F.3d 981, 991-92 (9th Cir. 2009) and *Miller v. Skogg*, 2:10-CV-01121-KJD, 2011 WL 383948, at *4 (D. Nev. Feb. 3, 2011) (denying a motion to amend for failure to state a claim on which relief can be granted)).

[15] *See Wildcat v. Am. W. Dev., Inc.*, No. 2:19-cv-01248-JAD-NJK, 2019 WL 6569678, at *3 (D. Nev. Nov. 15, 2019), report and recommendation adopted, 2019 WL 6529080 (D. Nev. Dec. 4, 2019) (citing *Klein v. Freedom Strategic Partners, LLC*, 595 F.Supp.2d 1152, 1163 (D. Nev. 2009)).

[16] *See id.* (citing *Mujina*, 771 F.3d at 593 & n.7)).

[17] *Eminence Capital*, 316 F. 3d at 1052 ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."); *see also Lone Star Ladies Inv. Club v. Schlotzsky's Inc.*, 238 F.3d 363, 368 (5th Cir. 2001) ("Prejudice is the "touchstone of the inquiry under rule 15(a)."); *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973) (stating that "the crucial factor is the resulting prejudice to the opposing party").

[18] *E.g., Forman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

5

must be 'substantial.'"[19]  Hence, the non-movant must show "substantial prejudice or substantial negative effect" if the amendment is allowed.[20]

### B.   PLAINTIFF AND THE PUTATIVE CLASS MEMBERS HAVE FAILED TO PLAUSIBLY ALLEGE "COGNIZABLE INJURY" AND DAMAGES.

Each of Plaintiffs' causes of action requires Plaintiff to plausibly allege that the class suffered a cognizable injury due to Defendant's conduct.[21]  In fact, courts do not consider a cause of action to accrue until a judicial remedy is available.[22]  A judicial remedy is available when (1) a breach of a legally recognized duty owed to by the defendant and (2) causes the plaintiff *legally cognizable damage*.)(emphasis added).  As discussed further below, Plaintiff has failed to state a claim of cognizable injury and damages for each of her causes of action.

To prevail on a negligence claim, plaintiffs must establish the following four (4) elements: "(1) the existence of a duty of case; (2) breach of that duty; (3) legal causation; and (4) damages."[23]  Moreover, under a negligence per se theory, the plaintiff must prove that: "(1) a statute was violated; (2) she belongs to the class of persons that the provision was intended to protect; and (3) the injury she suffered is of the type that the provision was intended to prevent."[24]

In the proposed complaint, Plaintiffs do not allege that each Class Member experienced fraud or theft due to the cyberattack.  Instead, Plaintiff alleges that she and the class members may experience "substantially increased and certainly impending risk of identity theft crimes."[25]

---

[19] *Montes v. Bank of Am.*, No. 2:13-cv-00660-RCJ-VCF, 2014 WL 1340232, at *3 (D. Nev. Apr. 3, 2014) (collecting cases).

[20] *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002).

[21] *Carey v. Select Comfort Corp.*, 2006 Minn. Dist. LEXIS 169, *11;  s*ee Rimini St. v. Oracle Int'l Corp.*, 473 F. Supp. 3d 1158, 1191 (D. Nev. 2020)(claim preclusion does not apply when all of the elements for a cause of action were not legally cognizable).

[22] *Id; see also Duventre v. Home Depot U.S.A., Inc*., No. 2:20-cv-2905-SHM, 2021 U.S. Dist. LEXIS 159726, at *5 (W.D. Tenn. Aug. 24, 2021)("[A] cause of action does not accrue until a judicial remedy is available.

[23] *Sanchez ex. rel Sanchez v. Walmart Stores, Inc.*, 125 Nev. 818, 824, 221 P.3d 1276, 1280 (2009); *Williams v. Heritage Square, LLC*, 2:15-cv-01598-APG-PAL, 2017 WL, 36667704, at *4 (D. Nev. Aug. 24, 2017).

[24] *Id.*

[25] ECF No. 63-1 at ¶ 2.

6

However, an increase in future risk does not constitute a cognizable injury for the negligence claim.[26] Plaintiffs must allege that the Class Members have already experienced actual harm, which they have failed to do with the requisite sufficiency.[27] Instead, Plaintiffs make conclusory damage-related allegations, none of which suffices to state a claim.

For example, Plaintiffs claim that they and the Class Members have to "search for suitable identity theft protection and credit monitoring services, and pay to procure them."[28] However, other than making these conclusory allegations, Plaintiffs do not proffer any facts indicating that the Class Members whose information was not disseminated paid these out-of-pocket expenses. As conclusory allegations are insufficient to survive a motion to dismiss, these causes of action should be dismissed.[29]

Moreover, any allegations of any increased future risk, such as the risk of identity theft, without more, is insufficient to state a claim.[30]

/ / /

/ / /

/ / /

---

[26] *See Krottner v. Starbucks Corp.,* 406 F. App'x 129, 131 (9th Cir. 2010)(the "danger of future harm" does "not establish [] a cognizable injury").

[27] *Amburgy v. Express Scripts, Inc.,* 671 F. Supp. 2d 1046, 1055 (E.D. Mo. 2009)(dismissing negligence claims because "[d]amages cannot be reasonably be assessed for a hypothetical harm which may (or may not) come to plaintiff in the future").

[28] ECF No. 63-1 at ¶ 115.

[29] *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).

[30] *See Corona v. Sony Pictures Entm't, Inc.,* No. 14-CV-09600-RGK-EX, 2015 WL, 3916744, at *4 (C.D. Cal. June 15, 2015)("the [g]eneral allegations of loss are too speculative to constitute cognizable injury"); *see also Shafran v. Harley Davidson, Inc.*, No. 07-Civ. 01365 (GBD) 2008 WL 763177, at *3 (S.D. N.Y. Mar. 20, 2008)("courts have uniformly ruled that the time and expense of credit monitoring to combat an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy."); *In Re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 613 F. Supp. 2d 108, 134, (D. Me. 2009), *affirmed in part, reversed in part, on other grounds*, *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151 (1st Cir. 2011)("[T]here is no way to value and recompense the time and effort that consumers spent in reconstituting their bill-paying arrangements or talking to bank representatives to explain what charges were fraudulent. Those are ordinary frustrations and inconveniences that everyone confronts in daily life with or without fraud or negligence.")

The Ninth Circuit has also consistently held that "alleged injuries that stem from the danger of future harm are insufficient to support a negligence action."[31] Instead, "tangible, out-of-pocket expenses are required in order for lost time spent monitoring credit to be cognizable as damages."[32]

Plaintiffs fail to allege specifically that each Class Member experienced any fraud, theft, or out-of-pocket losses. As a result thereof, this allegation is too conclusory to be given any weight.[33] Plaintiffs must allege <u>facts</u> to support their claim that they experienced "loss of money or property" and "monetary and non-monetary damages." Plaintiff has failed to do so. As a result thereof, her claims are subject to dismissal, which makes the amendment futile.

### C. PLAINTIFFS' PROFESSIONAL NEGLIGENCE CLAIM WOULD BE SUBJECT TO DISMISSAL.

Even if denying leave to amend on this ground is rare, Defendant submits this is an appropriate case to consider futility. The amendment seeks to add a claim for professional negligence due to the newly adopted test in *Limprasert v. PAM Specialty Hospital of Las Vegas*, LLC, 550 P.3d 825 (Nev. 2024). There, the Nevada Supreme Court held that the only inquiry required to determine if a claim lies in professional or ordinary negligence is "whether the claim involves a provider of health care rendering services in a way that causes injury, not whether an expert affidavit or expert testimony is needed for a jury to understand the allegations."[34]

To the extent that Plaintiffs seek to couch a data breach case into one of professional negligence, Plaintiffs' complaint would be subject to dismissal as the alleged injury was not caused by a medically-related action. Moreover, the statute of limitations may still be an issue for certain

---

[31] *Pruchnicki v. Envision Healthcare Corp.*, 439 F. Supp. 3d 1226, 1232 (D. Nev. 2020)(citing *Krottner*, 406 F.App'x. at 131)(affirmed by the Ninth Circuit in *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 614 (9th Cir. 2021)).

[32] *Id; see also Attias v. CareFirst, Inc.,* 365 F. Supp. 3d 1, 14 (D.D.C. 2019)("time and money spent protecting against future identity theft cannot constitute damage in their own right and purposes of plaintiffs' negligence and breach of fiduciary duty claims").

[33] *Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"); *see also Holly vb. Atlas Newport Hosp., Inc.,* No. 2-CV-07496-ODW-MRWX, 2020 WL 1853308, at *6 (C.D. Cal. Apr. 10, 2020)(granting motion to dismiss negligence and breach of contract claims because the plaintiff's "conclusory and vague allegations are insufficient to establish that she suffered actual damages as a result of the data breach").

[34] *Limprasert v. PAM Specialty Hosp. of Las Vegas LLC*, 140 Nev. Adv. Op. 45, 550 P.3d 825, 831 (2024)

1  class members' claims despite the Plaintiffs' contentions of certain claims relating back to the
2  original filing of the Complaint.
3      In the alternative, if professional negligence is maintained, Defendant will seek to dismiss
4  the negligence claim as it is duplicative of the negligence claim.[35]

## IV. **CONCLUSION.**

    As set forth in detail above, the proposed amendment is futile, and thus Defendant submits this Limited Opposition. Accordingly, if a Motion for Leave is granted, Defendant will assert its right to file its Motion to Dismiss.

    DATED this 21st day of October, 2024.

SCHNITZER JOHNSON & WATSON, CHTD.

  /s/ L. Renee Green, Esq.
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. DUNNING, ESQ.
Nevada Bar No. 14728
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
*Attorneys for Defendant,*
*HANKINS PLASTIC SURGERY*
*ASSOCIATES, P.C. dba HANKINS*
*& SOHN PLASTIC SURGERY ASSOCIATES*

---

[35] *M.M. v. Lafayette Sch. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) ("It is well established that a district court has broad discretion to control its own docket, and that includes the power to dismiss duplicative claims").

9

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21st day of October, 2024, I served a true and correct copy of the foregoing **DEFENDANT HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES' LIMITED OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND TO FILE A PORTION OF AN EXHIBIT UNDER SEAL PURSUANT TO LR IA 10-5(A)** was served via the United States District Court CM/ECF system to all parties or persons requiring notice.

MARK J. BOURASSA, ESQ.
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100
Las Vegas, NV 89102
mbourassa@blgwins.com

and

NICHOLAS A. COLELLA (pro hac vice)
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Attorneys for Plaintiff, Jennifer Tausinga

Ramzy Paul Ladah, Esq.
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
Attorneys for Plaintiff Alysia Wrenn

RAINA BORRELLI (pro hac vice)
RAINA BORRELLI
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
Attorneys for Plaintiff Olga Romashova

Clark Seegmiller, Esq.
Jonathan B. Lee, Esq.
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, NV 89101
jlee@richardharrislaw.com
T: 702.444.4444
F: 702.444-4455
Attorneys for Plaintiff Caroline Aurora

        */s/ Cynthia Lowe*
        An Employee of SCHNITZER
        JOHNSON & WATSON, CHTD.