1  GARY E. SCHNITZER, ESQ.
   Nevada Bar No. 395
2  L. RENEE GREEN, ESQ.
   Nevada Bar No. 12755
3  MARTA D. DUNNING, ESQ.
   Nevada Bar No. 14728
4  SCHNITZER JOHNSON & WATSON, CHTD.
   8985 So. Eastern Avenue, Suite 200
5  Las Vegas, Nevada  89123
   Telephone:     (702) 362-6666
6  Facsimile:     (702) 362-2203
   gschnitzer@sjwlawfirm.com
7  rgreen@sjwlawfirm.com
   mdunning@sjwlawfirm.com
8  AND
   ROBERT C. McBRIDE, ESQ.
9  Nevada Bar No.: 7082
   CHELSEA R. HUETH, ESQ.
10 Nevada Bar No.: 10904
   McBRIDE HALL
11 8329 W. Sunset Road, Suite 260
   Las Vegas, Nevada 89113
12 Telephone No. (702) 792-5855
   Facsimile No. (702) 796-5855
13 rcmcbride@mcbridehall.com
   crhueth@mcbridehall.com
14 *Attorneys for Defendant,*
   *HANKINS PLASTIC SURGERY*
15 *ASSOCIATES, P.C. dba HANKINS*
   *& SOHN PLASTIC SURGERY*
16 *ASSOCIATES*

17                    **UNITED STATES DISTRICT COURT**

18                          **DISTRICT OF NEVADA**

19
   IN RE HANKINS PLASTIC SURGERY          Master File No. 2:23-cv-00824-RFB-DJA
20 ASSOCIATES, P.C. dba HANKINS & SOHN
   PLASTIC SURGERY ASSOCIATES
21                                         **DEFENDANT HANKINS PLASTIC**
                                           **SURGERY ASSOCIATES, P.C. dba**
22 This Document Relates to:  All Actions  **HANKINS & SOHN PLASTIC**
                                           **SURGERY ASSOCIATES' MOTION**
23                                         **TO DISMISS SECOND AMENDED**
                                           **CONSOLIDATED CLASS ACTION**
24                                         **COMPLAINT**

25                                         **JURY TRIAL DEMANDED**

26

27        COMES NOW Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic

28 Surgery Associates ("Defendant" or "the Practice"), by and through its counsel of record, the law

*Sidebar (vertical text):* SCHNITZER JOHNSON & WATSON, CHTD. / 8985 S. Eastern Ave., Ste. 200 / Las Vegas, Nevada 89123 / (702) 362-6666

firm of SCHNITZER, JOHNSON & WATSON, CHTD. AND MCBRIDE HALL, and respectfully request that this Court dismiss the Second Amended Consolidated Class Action Complaint ("Second Amended Complaint") with prejudice and without leave to amend ("Motion").

This Motion is made based upon the attached Memorandum of Points and Authorities, all papers and pleadings on file herein, and any oral argument the Court will allow at the hearing of this matter.

DATED this 13th day of January, 2025.

SCHNITZER JOHNSON & WATSON, CHTD.

_/s/ L. Renee Green, Esq._
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. DUNNING, ESQ.
Nevada Bar No. 14728
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
_Attorneys for Defendant,_
_HANKINS PLASTIC SURGERY_
_ASSOCIATES, P.C. dba HANKINS_
_& SOHN PLASTIC SURGERY ASSOCIATES_

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

2

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants respectfully request that this Court dismiss Plaintiffs' Second Amended Complaint for failure to state a claim upon which relief can be granted for the following reasons.  Despite having three chances to rectify the errors with their Complaint, Plaintiffs' Second Amended Complaint still suffers from the same fallacies as the other two.

Specifically, Plaintiffs' Complaint fails for the following reasons: (1) Plaintiffs have failed to meet the legal requirements for class certification, including but not limited to a lack of conformity due to failure to assert that all class members have suffered the same injuries; (2) the Practice was not negligent in that it implemented reasonable security measures to safeguard Plaintiffs' personal identifiable information (PII) and privileged health information (PHI) and had no prior notice of the data breach, which was not foreseeable to the practice and, therefore, the negligence and negligent  misrepresentation causes of action asserted are without merit; (3) the Second Amended Complaint fails to assert sufficient facts to sustain Plaintiffs' breach of implied contract claim; (4) Plaintiffs' unjust enrichment cause of action fails as a matter of law; (5) Plaintiffs' Consumer Fraud Act claim fails as a matter of law because it does not meet the heightened pleading standard for fraud actions; and (6) the declaratory judgment claim cannot be maintained as a matter of law because the class members have not suffered the same injuries and, therefore, each would be entitled to different declaratory relief, nor does it apply when Plaintiffs seek monetary relief.

In February 2023, Defendant, Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates ("the Practice"), like so many companies and entities before it, was the victim of a criminal cyberattack.  These criminal actors preyed on the Practice and illegally gained access to the Practice's server and files. Immediately upon discovering the cyberattack, the Practice worked quickly and decisively to deactivate the impacted accounts and reset passwords. The Practice also informed their patients and reported the third party criminals activity to state and federal governmental entities.

/ / /

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

1    Despite the criminal conduct the third-party bad actors, Plaintiffs have filed this lawsuit
2  against the Practice on behalf of themselves and any other persons in the U.S. whose data was
3  compromised by this criminal cyberattack.  Plaintiffs did not bring this class action because each
4  of the purported class members experienced any damages.   In fact, many of the persons whom
5  Plaintiffs claim are class members have not experienced damages.  Instead of establishing the legal
6  requirements necessary to certify certain members as a class, Plaintiffs seek to define their class
7  members as "[a]ll individuals in the United States whose PII and/or PHI was compromised in the
8  Hankins Data Breach which occurred on or about February 23, 2023."

9    Moreover, Plaintiffs assert the conclusory allegation that they and the class members have
10  suffered "significant injuries and harm in several ways, including actual fraud as well as substantial
11  and imminent risk of identity theft and fraud."  Plaintiffs further allege that they and the class
12  members have "suffered and continue to suffer physical, emotional, and financial harm" as well
13  as the future risk of harm.  While alleged harm to the four Plaintiffs named has been pled in the
14  Second Amended Complaint, Plaintiffs seek to certify a class for members who have not
15  experienced those alleged injuries or damages. Under Nevada law, Plaintiffs must demonstrate
16  that class members have experienced the same injury.  Plaintiffs have completely failed to do that
17  and, therefore, they have not satisfied the "commonality" requirement to certify its class.  Since
18  Plaintiffs have failed to plead a cognizable form of damages common to all class members, the
19  class cannot be certified.  Therefore, the Second Amended Complaint should be dismissed on that
20  basis.

21    The Ninth Circuit recently affirmed the dismissal of a data breach class action with facts
22  nearly identical to this matter due to the plaintiff's "fail[ure] to adequately allege damages
23  stemming from a data breach of [defendant] third parties." *Pruchnicki v. Envision Healthcare*
24  *Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021).  Specifically, the Ninth Circuit has held that "the
25  mere misappropriation of personal information does not establish compensable damages." *Id.*  The
26  same analysis should apply here. Because Plaintiffs' Second Amended Complaint does not
27  establish compensable damages for all class members, the class does not meet the certification
28  requirements.

Even if Plaintiffs alleged a form of cognizable injury on behalf of themselves and the class members (which they do not), their negligence claims should still be dismissed. Specifically, Plaintiffs' damages are purely economic in that they seek payment for lost opportunity costs, lost productivity, costs to mitigate actual and future harm cyber harm, and continued risk of that harm. As these alleged injuries are purely economic, the economic loss doctrine bars Plaintiffs' negligence claims.

In addition, Plaintiffs assert breach of implied contract and unjust enrichment claims that are wholly unsupported by specific facts and are duplicative causes of action are based on the Practice's alleged negligence. Therefore, those claims fail for the same reasons indicated above as it relates to Plaintiffs' failure to plead a cognizable form of damages.

Further, Plaintiffs' Consumer Fraud Act cause of action fails to meet the heightened pleading standard for fraud claims pursuant to Fed. R. Civ. P. 9(b), which requires a party to "state with particularity the circumstances constituting fraud." *Brandstorm, Inc. v. Global Sterlization and Fumigation, Inc.,* 2020 WL 1469687, at *2 (D. Nev. March 26, 2020). Hence, Plaintiffs' Consumer Fraud Act claim should be dismissed with prejudice.

Plaintiffs' declaratory judgment claim is unsustainable under Fed. R. Civ. P. 23(b)(2) and, thus, should be dismissed because Plaintiffs and their class members seek monetary relief. Hence, a single, indivisible remedy would not relieve each class member as they have not suffered the same injuries.

Finally, Plaintiffs' newly added claim for professional negligence may fail as a matter of law. The statute of limitations may also still be an issue for certain class members' claims despite the Plaintiffs' contentions of certain claims relating back to the original filing of the Complaint. Importantly, any negligence-related claims outside of Plaintiffs' First Cause of Action for Negligence are duplicative and must be dismissed.

Due to Plaintiffs' inability to satisfy the class certification requirements, Plaintiffs' assertion of only speculative and conclusory facts to support its causes of action, and Plaintiffs' failure to plead non-speculative, cognizable damages common to all class members, the Second

/ / /

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

1    Amended Complaint should be dismissed for failure to state a claim upon which relief can be

2    granted.

3    **II.    STATEMENT OF RELEVANT FACTS AND ALLEGATIONS.**

4        In 2023, Defendant, like many companies and entities before it, was the victim of a criminal

5    cyberattack.  These criminal actors preyed on Defendant, illegally gaining access to its server and

6    files.  Before the data breach, of which the Practice had no prior notice of an IT issue, the Practice

7    hired an IT professional to implement security measures throughout the Practice's computer

8    system to protect patients' healthcare data against unauthorized access.  Each patient of Defendant

9    signed various consent forms before any medical services being performed, including a Consent

10   for Surgery, a HIPAA Information and Consent Form, and a Mutual Privacy Agreement.

11       The Mutual Privacy Agreement includes a provision by which the patient exclusively

12   assigns all intellectual property rights, including copyrights, to the Practice for any written,

13   pictorial, and/or electronic commentary. Based on the foregoing, the Practice complied with its

14   duty of reasonable care to protect patients' personal data and, therefore, the criminal data breach

15   was not foreseeable to the Practice.

16       **A.    Plaintiffs' Negligence and Negligent Misrepresentation Claims.**

17       Plaintiffs' negligence and negligent misrepresentation claims are based on assertions that

18   the Practice owed a duty of care to Plaintiffs and that the data breach was foreseeable.  However,

19   those causes of action fail under the facts and the law.

20       Plaintiffs' claim that such an attack was foreseeable merely because of numerous other

21   cyberattacks occurring throughout the country lacks merit and defies credulity. *See* ECF No. 75 at

22   ¶¶39-45, ¶149, ¶184, ¶186.  In short, Plaintiffs' Second Amended Complaint does not contain any

23   factual allegations to plausibly support a conclusion that the Practice failed to implement

24   reasonable security measures, and that it had any reason to be on guard for this unexpected criminal

25   cyberattack, which occurred despite the practice's diligent efforts to prevent it.  Moreover,

26   Plaintiffs failed to plead their negligent misrepresentation claim with particularity, as required by

27   FRCP 9(b). Because Plaintiffs have failed to justify their conclusory allegation of foreseeability of

28   / / /

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

the data breach to support their negligence claims, those claims fail to establish the required elements and should be dismissed.

**B.    Plaintiffs' Breach of Implied Contract Claim.**

Plaintiffs also asserted a breach of implied contract claim based on an implied contract between Plaintiffs, all class members, and the Practice.  However, Plaintiffs failed to allege which part of the contract Hankins & Sohn allegedly breached.  *See id.* at ¶¶154-164.  As Plaintiffs cite no contractual agreement, implied or explicit, where Hankins and Sohn assumed obligation regarding data security, Plaintiffs' breach of implied contract claim fails.

**C.    Plaintiffs' Unjust Enrichment Claim.**

Plaintiffs alleged that the Practice was unjustly enriched when a third party committed a cyber-attack on its network.  However, Nevada law recognizes that an equitable claim, such as unjust enrichment, is not available where the plaintiff has a full and adequate remedy at law. Therefore, to sustain their unjust enrichment claim, Plaintiffs must plead that they lack an adequate remedy at law. However, Plaintiffs' Second Amended Complaint does not adequately demonstrate the inadequacy of a remedy at law. Therefore, Plaintiffs' unjust enrichment claim cannot survive and should be dismissed.

**D.    Plaintiffs' Consumer Fraud Act Claim.**

Any claim sounding in fraud, including one brought under Nevada's Consumer Fraud Act, must be pled with particularity. Pursuant to Fed. R. Civ. P. 9(b), a party is required to "state with particularity the circumstances constituting fraud or mistake." In support of this claim, however, Plaintiffs assert only conclusory and self-serving allegations that the Practice engaged in "unfair practices" and "conduct that is contrary to public policy" which caused injury to Plaintiffs and the class members. *See* ECF No. 75 at ¶188. Because the Second Amended Complaint fails to satisfy the heightened pleading standard relating to fraud, this cause of action should be dismissed.

**E.    Plaintiffs' Declaratory Judgment Claim.**

Plaintiffs' declaratory judgment cause of action fails as a matter of law for two reasons. First, pursuant to Fed. R. Civ. P. 23(b)(2), this claim may not be maintained because Plaintiffs' class members have not suffered the same injuries and, therefore, each would be entitled to

7

different declaratory relief. Second, this cause of action does not apply when Plaintiffs primarily seek monetary relief, as in this case. Accordingly, Plaintiffs' declaratory judgment claim is unsustainable under the law and must be dismissed.

### F.    Plaintiffs' Professional Negligence Claim.

Plaintiffs allege that Defendants breached their professional obligations pertaining to health care providers as enumerated in NRS 41A.015.   Specifically, Plaintiffs allege that Defendants failed to use reasonable care in taking and storing photographs of Plaintiffs, obtain their informed consent to the taking and storing of those photographs, and to properly store Plaintiffs' PHI and PII.  *See* ECF No. 75 at ¶¶232-234.  To the extent that Plaintiffs seek to turn a data breach case into one of professional negligence, this claim may be subject to dismissal. Moreover, the statute of limitations may still be an issue for certain class members' claims despite Plaintiffs' contentions of certain claims relating back to the original filing of the Complaint.

### III.    LEGAL STANDARD.

### A.    Federal Rule of Civil Procedure 12(b)(6).

A complaint is subject to dismissal if there are insufficient facts alleged under a cognizable legal theory. *See Balistreri v. Pacifica Police Dept.,* 901 F.2d 696, 699 (9thCir. 1990). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, except that is true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)(quoting *Bell Atlantic Corp. v. Twombly,* 55 U.S. 544, 570 (2007). "Facial plausibility" requires factual allegations "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 556 (2007)). Although a complaint does not need detailed factual allegations, the "factual allegations must be enough to raise the right to relief above the speculative relief." *Twombly,* 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' *Iqbal,* 556 U.S. at 678 (internal quotation omitted). The Court need not accept a legal conclusion that is "couched as a factual allegation" or allegations that are merely / / /

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

"unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9thCir. 2008) (citations omitted).

"Threadbare recitals of elements of a cause of action, support of a mere conclusory statement, do not suffice." *Iqbal,* 556 U.S. at 578 (citing *Twombly,* 550 U.S. at 555) *see also Paredo v. F.D.I.C.,* 139 F.3d 696, 699 (9thCir. 1998). "[P]lausibility pleading standards are especially important in cases like this one, where the Defendant faces the 'potentially enormous expense of discovery; if the Court denies this motion to dismiss." *Razuki v. Caliber Home Loans,* Inc., 2018 WL 6018361, at *1 (S.D. Cal. Nov. 15, 2018). Finally, "[a] pleading must give fair notice of a legally cognizable claim and the grounds on which it rests, and although a court must take all factual allegations as true, legal conclusions couched as factual allegations are insufficient." *Smallman v. MGM Resorts Int'l*, 638 F.Supp.3d 1175, 1186 (D. Nev. 2022) (*citing Twombly,* 550 U.S. at 55).

Here, Plaintiffs' Second Amended Complaint fails to include sufficient facts to support the causes of action asserted and, instead, offers legal conclusions couched as factual allegations. As discussed in further detail below, the Second Amended Complaint fails to state a claim upon which relief can be granted and should be dismissed.

## B.    Federal Rule of Civil Procedure 23(a)

Rule 23(a) sets forth the four prerequisites to certification of a class action by the Court and states as follows:

> (a) **Prerequisites to a Class Action.** One or more members of a class may sue or be sued as representative parties on behalf of all only if:
> (1) the class is so numerous that joinder of all members is impracticable;
> (2) there are questions of law or fact common to the class;
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
> (4) the representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).

Plaintiffs' Second Amended Complaint summarizes the class certification requirements but then offers factually unsupported conclusions that each element has been satisfied. As discussed in detail below, Plaintiffs have failed to satisfy each element required for class

1  certification. Accordingly, because the class cannot be certified, Plaintiffs' Second Amended

2  Complaint should be dismissed.

3  **IV.    LEGAL ARGUMENT.**

4       **A.    Requisite Legal Requirements for Class Certification**

5       Class certification is proper only if the trial court is satisfied, after a rigorous analysis, that

6  the four prerequisites in Rule 23(a), numerosity, commonality, typicality, and adequacy of

7  representation, have been satisfied. *Tyrus v. Wendy's of Las Vegas, Inc.*, 407 F.Supp.3d 1088,

8  1096 (D. Nev. 2019) (citation omitted).  After satisfying "Rule 23(a)'s prerequisites, parties

9  seeking class certification must show that the action is maintainable under Rule 23(b)(1), (2), or

10 (3)." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614, 117 S.Ct. 2231, 1378 L.Ed.2d 689

11 (1997).  Two additional requirements must be met beyond the Rule 23(a) prerequisites: (1)

12 common questions must "predominate over any questions affecting only individual members,''

13 (*Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998) (internal quotation omitted)), and

14 (2) "class resolution must be 'superior to other available methods for the fair and efficient

15 adjudication of the controversy.'" *Hanlon*, 150 F.3d. at 1022 (quoting Fed. R. Civ. P. 23(b)(3)).

16       **1.    Numerosity:**

17       Rule 23(a)(1) requires that a class be so numerous that the joinder of all members is

18 impracticable.  Fed. R. Civ. P. 23(a)(1).  Generally, courts have held that numerosity is satisfied

19 when the class size exceeds 40 members.  See, e.g., *Slaven v. BP Am., Inc.,* 180 F.R.D. 649, 654-

20 56 (C.D. Cal. 2000); *In re Cooper Cos. Inc. Secs. Litig.*, 254 F.R.D. 628, 634 (C.D. Cal. 2009).

21       Here, Defendants acknowledge that the potential class size will exceed 40 members.

22 However, the class cannot be certified because it fails the "commonality" requirement set forth

23 below.

24       **2.    Commonality:**

25       "A class has sufficient commonality 'if there are questions of fact and law which are

26 common to the class.'" *Id.* at 1019.  However, a plaintiff must demonstrate that the class members

27 "have suffered the same injury" and that their claims "depend upon a common contention . . . of

28 such a nature that it is capable of classwide resolution—which means that determination of its truth

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart v. Dukes*, 564 U.S. 328, 350, 131 S.Ct. 2541, 2544 (2011).

Here, the Second Amended Complaint specifies the class Plaintiffs seek to certify, as follows:

"All individuals in the United States whose PII and/or PHI was compromised in the Hankins Data Breach which occurred on or about February 23, 2023 (the "Class")."

*See* ECF No. 75, ¶ 129.

However, the class Plaintiffs seek to certify  have not experienced any cognizable injuries.

Moreover, this proposed class has not experienced the same injury, nor does Plaintiffs' Second Amended Complaint contend that they have.   Instead, the Second Amended Complaint makes a blanket statement that "Plaintiffs and Class Members have suffered damages."  *See Id.* at ¶¶114 - 115.  The U.S. Supreme Court has repeatedly held that a class representative must be part of the class and must suffer the same injury as the other class members.  *See Wal-Mart v. Dukes,* 564 U.S. at 350, 131 S.Ct. at 2541.  *See also Gen'l Telephone Co. of the Southwest v. Falcon*, 457 U.S. 147, 156, 102 S.Ct. 2364, 2370 (1982) (class members must possess the same interests and suffer the same injuries); *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 403, 97 S.Ct. 1891, 1896, 52 L.Ed.2d 453 (1977) (named plaintiffs could not have suffered the same injury as other class members, who could have suffered no injury); *Schlesinger v. Reservists Committee to Stop the War*, 418 U.S. 208, 216, 94 S.Ct. 2925, 2929–2930, 41 L.Ed.2d 706 (1974) (class action plaintiffs must possess the same interest and suffer the same injury shared by all members of the class she represents).  Because Plaintiffs have failed to demonstrate, nor are they capable of, demonstrating that every proposed class member has suffered the same and cognizable injuries, the commonality requirement has not been satisfied.

### 3.    Typicality:

To satisfy the typicality requirement, a plaintiff must show that her claims are typical of that class.  *Tyrus*, 407 F.Supp. at 1098 (citing Fed. R. Civ. P. 23(a)(3)).   "[T]he typicality inquiry involves comparing the injury asserted in the claims raised by the named plaintiffs with those of the rest of the class."  *Armstrong v. Davis*, 275 F.3d 849 (9th Cir. 2001).   In other words, "[t]he

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

test of typicality 'is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct.'" *Tyrus*, 407 F.Supp. 1098 (quoting *Hanon v. Dataproducts Corp*., 976 F.2d 497, 508 (9th Cir. 1992)).

However, the injuries sustained by the named plaintiffs need not be "identically positioned" with those of the class to satisfy the typicality requirement. *Parsons v. Ryan*, 754 F.3d 657, 686 (9th Cir. 2014). Instead, the typicality requirement's purpose is to ensure that (1) the unnamed class members have similar injuries to those of the named plaintiffs, and (2) that those injuries resulted from the same course of conduct. Id. at 685 (citation omitted).

Again, the Second Amended Complaint fails to establish that the unnamed class members have the same injuries as those of the named Plaintiffs. *See, e.g., Wal-Mart v. Dukes,* 564 U.S. 328, 350, 131 S.Ct. 2541, 2544 (2011). Therefore, the typicality requirement of class certification has not been met.

### 4.    Adequacy of Representation:

To satisfy constitutional due process concerns, unnamed class members must be afforded adequate representation before entering a binding judgment on their behalf. *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42-42, 61 S.Ct. 115, 85 L.Ed. 22 (1940)). The Ninth Circuit in *Hanlon* identified two issues for determining adequacy of representation: "(1) whether the named plaintiffs and their counsel have any conflicts of interests with other class members, and (2) whether the named plaintiffs and their counsel will 'prosecute the action vigorously on behalf of the class.'" *Tyrus*, 407 F.Supp.3d at 1099 (quoting *Hanlon*, 150 F.3d at 1020. However, only one class representative needs to be found adequate. *Local Joint Exec. Bd. of Culinary/Bartender Tr. Fund. v. Las Vegas Sands, Inc.*, 244 F.3d 1152, 1162.

Plaintiffs have failed to demonstrate that this requirement has been satisfied adequately. There is absolutely no factual basis in the Second Amended Complaint to support Plaintiffs' claims that the named Plaintiffs' "have no interests antagonistic to the Class Members" or that "[t]he claims of Plaintiffs and the Class Members are substantially identical. . . ." *See* ECF No. 75, ¶ 135. Therefore, this prerequisite to class certification has not been satisfied.

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

**5.    Predominance:**

Rule 23(b)(3) permits class certification "where the court finds that questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy" in light of, among other things, "the difficulties likely to be encountered in the management of a class action."  Fed. R. C. P. 23(b)(3).  It is implicit in the definition of a class that its members are persons who claim to have been, or to be, wronged.  *Tyrus*, 407 F. Supp.3d at 1100 (citing *Vizcaino v. U.S. Dist. Court for W. Dist. of Washington*, 173 F.3d 713, 722 (9th Cir. 1999)).

In order to satisfy the predominance element, courts focus on "the legal or factual questions that qualify each class member's case as a genuine controversy" to determine "whether proposed classes are sufficiently cohesive to warrant adjudication by representation."  *Anchem Prods, Inc. v. Windsor*, 521 U.S. 591, 623, 117 S.Ct. 2231, 138 L.Ed.2d 689 (1997).  Therefore, '[w]hen common questions present a significant aspect of the case and they can be resolved for all members of a class in a single adjudication, there is a clear justification for handling the dispute on a representative rather than on an individual basis."  *Cruz v. MM 879, Inc*., 329 F.R.D. 639, 648 (E.D. Cal. 2018) (quotation omitted).

**6.    Superiority:**

Finally, Rule 23(b)(3) requires that the class action format be "superior to other available methods for fairly and efficiently adjudicating the controversy."  Fed. R. Civ.P. 23(b)(3).  To determine superiority, Rule 23(b)(3) sets for a non-exhaustive list of factors for courts to consider:

> (A) the interest of members of the class in individually controlling the prosecution or defense of separate actions; (B) the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; [and] (D) the difficulties likely to be encountered in the management of a class action.

Fed. R. Civ. P. 23(b)(3).

/ / /

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

**B.    Plaintiffs Have Failed to Satisfy the Requisite Class Certification Elements.**

Plaintiffs' Second Amended Complaint states in a conclusory fashion that all the legal requirements to certify a class in this action have been met.  However, before certifying a class, the trial court must conduct a "rigorous analysis" to determine whether the party seeking certification has met the prerequisites of Rule 23.  *Zinser v. Accufix Research Inst., Inc.*, 253 F.3d 1180, 1196 (9th Cir. 2001).  The party seeking class certification bears the burden of demonstrating that the Rule 23 requirements have actually been met.  *Id.*

Moreover, "Rule 23 allows a preemptive motion by a defendant to deny class certification." *Lawson v. Grubhub, Inc.*, 13 F.4th 908, 913 (9th Cir. 2021). In *Copper Sands Homeowners Ass'n, Inc. v. Copper Sands Realty, Inc.*, 2012 WL 845547 (D. Nev. March 9, 2012), the Court noted "Rule 23 does not preclude Defendants from bringing a preemptive motion to deny certification before plaintiffs have filed a motion for class certification." *Id.* at *2 (citing *Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 923, 939 (9th Cir. 2009)).  In *Copper Sands*, the defendants' motion was not quite a motion to deny class certification but "[was] actually stylized as a motion to dismiss noting that class certification [could not] be established." *Copper Sands Homeowners Ass'n, Inc.,* 2012 WL 845547 at *2.  *In Copper Sands*, the Court found that all the Rule 23 requirements had not been met because Plaintiffs "do not cite to any specific facts that would help the Court determine if [class] certification is proper." *Id.* at *3.

Here, because Plaintiffs have not cited to specific facts proving that the class members "have suffered the same injury" as required to satisfy the commonality requirement. *Dukes*, 546 U.S. at 350. Moreover, Plaintiffs fail to adequately allege elements of superiority and adequacy of representation.  Instead Plaintiffs merely offer general, conclusory assertions that "Plaintiffs and the Class Members have suffered damages" and that "class proceedings are superior to other available methods for fair and efficient adjudication of this controversy . . . ." *See* ECF No. 75, ¶¶ 105 and 136.  Conclusory statements without supporting facts are legally insufficient to satisfy the class certification elements because parties seeking class certification must <u>affirmatively demonstrate</u> their compliance with Rule 23.  *See Roadhouse v. Las Vegas Metropolitan Police Dept.*, 290 F.R.D. 535, 544-45 (D. Nev. 2013).

The *Roadhouse* court analyzed four factors in determining superiority, one of which was manageability. *Id.* at 547. This factor requires a court to consider "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(D). Specifically, "'[w]hen the complexities of class action treatment outweigh the benefits of considering common issues in one trial, class action treatment is not the superior method of adjudication.'" *Id.* at 548 (quoting *Zinser v. Accufix Research Institute, Inc*., 253 F.3d 1180, 1192 (9th Cir. 2001)).

The *Roadhouse* court found that plaintiff's class action on behalf of inmates who had been subject to group strip searches was not the superior method of managing their lawsuits and, therefore, the Court declined to certify the class. *Roadhouse*, 290 F.R.D. at 549. Similarly, because the class members Plaintiffs have chosen are so widespread and their injuries are diverse, Plaintiffs have failed to prove that a class action is the superior method of managing the class members' lawsuits. Accordingly, because the class cannot be certified, Plaintiffs' Second Amended Complaint should be dismissed.

### C.    Plaintiffs' Negligence Claim Should be Dismissed for Failure to State a Claim.

#### 1.    Plaintiffs' Negligence Claim Should be Dismissed Against the Practice for Failure to Establish a Breach of Duty of Care and Foreseeability.

To state a claim for negligence, a Nevada plaintiff must establish that (1) the defendant owed a duty to the plaintiff, (2) the defendant breached that duty causing injury to plaintiff, (3) the breach was the actual cause of the plaintiff's injury, and (4) the injury was a foreseeable consequence of defendant's breach. *See Hammerstein v. Jean Dev. W.,* 907 P.2d 975, 977 (Nev. 1995); *Smallman v. MGM Resorts Int'l*, 638 F.Supp.3d 1175, 1188 (D. Nev. 2022) (citation omitted). Further, negligence damages "'must be actual and appreciable, non-speculative, and more than merely the threat of future harm.'" *Griffey v. Magellan Health Inc.,* 562 F.Supp.3d 34, 45 (D. Ariz. 2021) (*quoting CDT, Inc. v. Addison, Roberts & Ludwig, C.P.A., P.C.*, 198 Ariz. 173, 176-77 (App. 2000)).

Plaintiffs' negligence claim should be dismissed for failure to satisfy the elements of negligence- specifically as it relates to the alleged breach. Instead, Plaintiff conclusory allege that Defendant failed to "exercise reasonable care and implement adequate security systems." ECF No.

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

15

75, ¶ 150.   However, these type of "formulaic recitation of the elements of a cause of action will not do" and is subject to dismissal. *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. Moreover, plaintiffs' allegations of lost time addressing the data breach, a continued risk to their personal identifying information and protected health information, and the danger of future harm "are not cognizable injuries for negligence claims." *Griffey*, *supra* at 46.   Courts have held that in order to survive a motion to dismiss, a data breach plaintiff "must establish both the existence of a market for her personal information and an impairment of her ability to participate in that market." *Pruchnicki v. Envision Healthcare Corp., 439 F. Supp. 3d 1226, 1234* (D. Nev. 2020) (citing *Svenson v. Google Inc.*, 2016 WL 8943301, at *9 (N.D. Cal. Dec. 21, 2016) (internal quotation omitted)).

In Nevada, the duty to implement reasonable data security measures is codified in N.R.S. § 603A.210 as follows: "A data collector that maintains records which contain personal information of a resident of this State shall implement and maintain reasonable security measures to protect those records from unauthorized access, acquisition, destruction, use, modification or disclosure." N.R.S. § 603A.210(1).   Recent decisions in Nevada and other states confirm the requirement of implementing reasonable security measures to protect against data breaches.  *See Bryant v. MX Holdings US, Inc.,* 2022 WL 17852757 (U.S. Dist. Ct., D. Nev. Dec. 22, 2022) (complaint against construction company for failure to reasonably maintain safety and security measures prior to data breach dismissed for lack of federal jurisdiction); *Stallone v. Farmers Group, Inc.,* 2022 WL 10091489 (U.S. Dist. Ct. D. Nev. Oct. 15, 2022) (insurance company liable for data breach caused by failure to reasonably maintain safety and security measures to prevent breach); *Purvis v. Aveanna Healthcare, LLC*, 563 F.Supp.3d 1360 (N.D. Georgia 2021) (healthcare provider owed its patients duty to implement reasonable security measures to protect sensitive personal information); *see also Charlie v. Rehoboth McKinley Christian Health Care Svcs.,* 598 F.Supp.3d 1145 (D. New Mexico 2022) (healthcare provider owed duty of <u>ordinary care</u> to patients regarding storage of their private information).

Here, Plaintiffs are attempting to impute negligence on Defendant with the distorting effects of hindsight. However, "foresight, not hindsight, is [the] standard of negligence." *Klisch v.*

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

*Meritcare Med. Grp., Inc* ., 134 F.3d 1356, 1359 (8th Cir. 1998). Plaintiffs do not allege, and the evidence does not suggest, that the Practice had prior notice that a criminal cyberattack would occur at its office. Plaintiffs' claim that such an attack was foreseeable merely because of numerous other cyberattacks occurring throughout the country lacks merit and defies credulity. The criminal cyberattack occurred unexpectedly and without prior notice. Despite these reasonable safety and security measures, a third-party criminal was able to hack into the Practice's computer system.

In short, Plaintiffs' Second Amended Complaint does not contain any factual allegations to plausibly support their conclusion that the Practice failed to implement reasonable security measures, and that it had any reason to be on guard for this unexpected criminal cyberattack, which occurred despite the practice's diligent efforts to prevent it. Under the circumstances explained herein, the criminal cyberattack by third parties was not foreseeable to the Practice. Therefore, Plaintiffs have failed to justify their conclusory allegation of foreseeability of the data breach to support their allegation of negligent breach of the practice's duty of reasonable care. For these reasons, Plaintiffs' negligence claim fails to establish the required elements and should be dismissed.

**2.    Plaintiffs Failed to Allege Cognizable Damages Sufficiently..**

As conclusory allegations are insufficient to survive a motion to dismiss, these causes of action should be dismissed. *Iqbal*, 556 U.S. at 578. Moreover, any allegations of any increased future risk, such as the risk of identity theft, without more, is insufficient to state a claim. *See Corona v. Sony Pictures Entm't, Inc.,* No. 14-CV-09600-RGK-EX, 2015 WL, 3916744, at *4 (C.D. Cal. June 15, 2015)("the [g]eneral allegations of loss are too speculative to constitute cognizable injury"); *see also Shafran v. Harley Davidson, Inc.*, No. 07-Civ. 01365 (GBD) 2008 WL 763177, at *3 (S.D. N.Y. Mar. 20, 2008)("courts have uniformly ruled that the time and expense of credit monitoring to combat an increased risk of future identity theft is not, in itself, an injury that the law is prepared to remedy."); *In Re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 613 F. Supp. 2d 108, 134, (D. Me. 2009), *affirmed in part, reversed in part, on other grounds*, *Anderson v. Hannaford Bros. Co*., 659 F.3d 151 (1st Cir. 2011)("[T]here is no way to value and recompensate the time and effort that consumers spent in reconstituting their bill-paying

17

1    arrangements or talking to bank representatives to explain what charges were fraudulent. Those

2    are ordinary frustrations and inconveniences that everyone confronts in daily life with or without

3    fraud or negligence").

4         The Ninth Circuit has also consistently held that "alleged injuries that stem from the danger

5    of future harm are insufficient to support a negligence action." *Pruchnicki v. Envision Healthcare*

6    *Corp.,* 439 F. Supp. 3d 1226, 1232 (D. Nev. 2020)(citing *Krottner,* 406 F.App'x. at 131)(affirmed

7    by the Ninth Circuit in *Pruchnicki v. Envision Healthcare Corp*., 845 F. App'x 613, 614 (9th Cir.

8    2021). Instead, "tangible, out-of-pocket expenses are required in order for lost time spent

9    monitoring credit to be cognizable as damages." *Id; see also Attias v. CareFirst, Inc.,* 365 F. Supp.

10    3d 1, 14 (D.D.C. 2019)("time and money spent protecting against future identity theft cannot

11    constitute damage in their own right and purposes of plaintiffs' negligence and breach of fiduciary

12    duty claims"). Plaintiffs have failed to sufficiently plead this allegation in their Second Amended

13    Complaint.

14         Moreover, Plaintiffs allege, without offering any fact in support, that the data breach

15    "caused Plaintiffs and Class Members significant injuries in harm in several ways, including actual

16    fraud as well as substantial and imminent risk of identity theft and fraud." *See* ECF No. 75, ¶ 115.

17    This allegation is too conclusory to be given any weight. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare

18    recitals of the elements of a cause of action, supported by mere conclusory statements, do not

19    suffice"); *see also Holly vb. Atlas Newport Hosp., Inc.,* 2020 WL 1853308, at *6 (C.D. Cal. Apr.

20    10, 2020) (granting motion to dismiss negligence and breach of contract claims because the

21    plaintiff's "conclusory and vague allegations are insufficient to establish that she suffered actual

22    damages as a result of the data breach"). Plaintiffs must allege *facts* to support their claim that

23    they "must immediately devote time, energy, and money" to closely monitor their bills and credit

24    accounts, change login and password information, more carefully screen photo calls and emails,

25    and search for suitable identity theft protection and credit monitoring services. *See* ECF No. 75,

26    ¶ 115. Plaintiffs have failed to do so. As a result thereof, their negligence claims must be

27    dismissed.

28    / / /

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

**D.       Plaintiffs' Negligent Misrepresentation Claim is Not Pled with Particularity and Fails as a Matter of Law**

In alleging negligent misrepresentation, Plaintiffs must sufficiently plead the following elements; 1) defendant, in the course of an action in which he had a *pecuniary interest*, failed to exercise reasonable care or competence in obtaining or communicating information to plaintiff; 2) plaintiff justifiably relied on this information; and 3) plaintiff suffered damage as a result. *Barmettler v. Reno Air, Inc.*, 114 Nev. 441, 956 P.2d 1382 (1998) (citation omitted).   Moreover, a cognizable negligent misrepresentation claim under Nevada law requires an affirmative false statement or, in the case of an omission, a special relationship between the parties.  *See Smallman*, 638 F.Supp.3d at 1193.

Pursuant to FRCP 9, plaintiffs must plead this claim with the requisite particularity as "misrepresentation is a form of fraud where a false representation is relied upon in fact." *Larson v. Homecomings Fin., LLC*, 680 F. Supp. 2d 1230, 1234 (D. Nev. 2009)(citing *Pacific Maxon, Inc. v. Wilson*, 96 Nev. 867, 871, 619 P.2d 816 (Nev.1980)). "Pleading fraud with particularity requires "an account of the time, place, and specific content of the false representations, as well as the identities of the parties to the misrepresentations." *Id*.

In their Second Amended Complaint, Plaintiffs assert the wide-sweeping, conclusory statement that the Practice has a special relationship with Plaintiffs and the class members.  The lack of further elaboration and any facts to support that statement reveals that this cause of action is not pled with particularity as required under Nevada law. *Id*.  Specifically, Plaintiffs fail to identify exactly where the negligent misrepresentations were made, the time these misrepresentations were made,  and who made these misrepresentations.  Accordingly, Plaintiffs' negligent misrepresentation claim fails to state a claim upon which relief may be granted and should be dismissed.

**E.       Plaintiffs' Unjust Enrichment Claim Fails as a Matter of Law.**

In Nevada, the elements of an unjust enrichment claim are: "(1) a benefit conferred on the defendant by the plaintiff; (2) appreciation of the benefit by the defendant; and (3) acceptance and retention of the benefit by the defendant; (4) in circumstances where it would be inequitable to

1    retain the benefit without payment.'" *Smallman v. MGM Resorts Int'l*, 638 F.Supp.3d 1175, 1195

2    2022), quoting *Ames v. Caesars Ent. Corp.,* 2019 WL 144613 (D. Nev. April 1, 2019), at *5.

3    However, "Nevada recognizes that an equitable claim, like unjust enrichment, is not available

4    where the plaintiff has a full and adequate remedy at law." *Sunlighten, Inc. v. Finnmark Designs,*

5    *LLC,* 595 F.Supp.3d 957, 972 (D. Nev. 2022) (emphasis added).  Therefore, plaintiffs must show

6    that they lack an adequate remedy at law for their unjust enrichment claim to proceed.  *Smallman,*

7    *supra* at 1197 (citation omitted).

8         Although, plaintiffs may plead unjust enrichment in the alternative to legal claims, this

9    cause of action fails if the pleading does not demonstrate the inadequacy of a remedy at law.

10   *Smallman, supra* at 1197-1198.   The plaintiffs in *Smallman* argued they do not have an adequate

11   remedy at law because MGM "continues to retain [Plaintiffs'] PII while exposing the PII to a risk

12   of future data breaches while in [Defendant] MGM's possession." *Smallman, supra* at 1198.  The

13   plaintiffs also contended that MGM should not be permitted to retain the monetary benefits it

14   derived from its transactions with the plaintiffs and that MGM should be forced to disgorge any

15   profits it received from Plaintiffs.  *Id.*  The court found that the remedy that the plaintiffs ultimately

16   sought was money damages and, therefore, the court could not to conclude that Plaintiffs' alleged

17   injuries "cannot be remedied by money damages when that is the precise remedy requested."  *Id.*

18   Accordingly, the court dismissed the plaintiffs' unjust enrichment claims because they "ha[d] not

19   alleged, even in the alternative, that they do not have adequate legal remedies."  *Id.*

20        As was the case in *Smallman*, the remedy Plaintiffs and the class members seek in the

21   Second  Amended  Complaint  are  money  damages,  and  Plaintiffs  have  not  alleged,  even

22   alternatively, that they lack adequate legal remedies. Instead, they conclusory state that they "have

23   no adequate remedy at law." ECF No. 75, ¶176.  However, these threadbare recitals are not enough

24   to survive a motion to dismiss. *Iqbal,* 556 U.S. at 678. Therefore, Plaintiffs' unjust enrichment

25   claim fails as a matter of law and should be dismissed.

26   / / /

27   / / /

28   / / /

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

20

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

**F.  Plaintiffs' Breach of Implied Contract Claim Fails to Establish the Required Elements and Should Be Dismissed as a Matter of Law.**

To establish a breach of contract claim, Nevada requires plaintiffs to show: "(1) the existence of a valid contract; (2) a breach by the defendant; and (3) damage as a result of the breach." *Saini v. Int'l Game Tech.*, 434 F. Supp 2d 913, 919-20 (D. Nev. 2006). To create an enforceable contract there must be an "offer and acceptance, meeting of the minds, and consideration*." May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005). "Express and implied contracts differ in the manner that sets forth the terms of the agreement—the terms of an express contract are stated in words while those of an implied contract are manifested by conduct." *Mizrahi v. Wells Fargo Home Mortg.*, No. 2:09-cv-01387-RLH-LRL, 2010 U.S. Dist. LEXIS 59893, at *7 (D. Nev. June 11, 2010).

"Although the terms of an implied contract are manifested by conduct rather than written words as in an express contract, both 'are founded upon an ascertainable agreement.'" *Smallman*, 638 F.Supp.3d at 1195 (*citing Smith v. Recrion Corp.*, 91 Nev. 666, 541 P.2d 663, 664-65 (1975)). To pursue an implied contract theory, however, the plaintiff "must elaborate upon the nature and scope of the implied contract in the pleadings[.]" *In re Anthem, Inc. Data Breach Litig.*, 162 F.Supp.3d 953, 982–83 (N.D. Cal. 2016). Specifically, the plaintiff must allege facts sufficient to support a finding that "the parties intended to contract and promises were exchanged, the general obligations for which must be sufficiently clear." *Risinger v. SOC LLC*, 936 F.Supp.2d 1235, 1247 (D. Nev. 2013).

Plaintiffs have not sufficiently pled the nature and scope of the implied contract claim to survive dismissal.  Plaintiffs' conclusory allegations that they entered into implied contracts when they provided their PII and PHI to the Practice do not "elaborate upon the nature and scope of the implied contract." *See In re Anthem, Inc. Data Breach Litig.*, 162 F. Supp. 3d at 982-83. Moreover, the mere fact that Plaintiffs pled that they and the class members were victims of a data breach does not bring into existence an implied contract.  This cause of action cannot survive a motion to dismiss by alleging that the Practice was supposed to take some undefined action based on an undefined term, coupled with the fact that Plaintiffs' and the class members' damages are

not cognizable under the law.  Therefore, Plaintiffs' cause of action for breach of implied contract should be dismissed.

### G.    Plaintiffs' Consumer Fraud Act Claim Does Not Meet the Heightened Pleading Standard for Fraud Claims Under Nevada Law.

All claims brought under the Nevada Consumer Fraud Act, § 41.600, must meet a heightened pleading standard pursuant to Fed. R. Civ. P. 9(b), which requires a party to "state with particularity the circumstances constituting fraud."   *Smallman, supra* at 1199 (citation omitted). Specifically, a claim under NRS 41.600 "requires a 'victim of consumer fraud to prove that (1) an act of consumer fraud by defendant (2) caused (3) damage to the plaintiff.'" *Withum v. Acceptance Now*, 2019 WL 4781846, (D. Nev. Sept. 30, 2019), at *3 (quoting *Sattari v. Wash. Mut.,* 475 Fed. App'x 648, 648 (9th Cir. 2011)).

"Consumer fraud" is defined as "a deceptive practice as defined in NRS § 598.0915 to 598.025, inclusive. *Smallman*, 639 F.Supp.3d at 1199.  In turn, § 598.0923(1)(b) provides that, "a person engages in a 'deceptive trade practice' when in the course of his or her business or occupation he or she knowingly . . . [f]ails to disclose a material fact in connection with the sale or lease of goods or services." § 598.0923(1)(b).  The Nevada Court of Appeals has explained that a "knowing act omission . . . does not require that the defendant intend to deceive with the act or omission, or even know of the prohibition against the act or commission, but simply that the defendant is aware that the facts exist that constitute the act or omission." *Poole v. Nevada Auto Dealership Invs., LLC*, 135 Nev. 280, 449 P.3d 479, 483 (Ct. App. Nev. 2019) (emphasis added).

Here, Plaintiffs have failed to plead their consumer fraud claim with sufficient particularity under the heightened pleading standard of Rule 9(b). Rule 9(b) requires Plaintiffs to "state with particularity the circumstances constituting fraud [or mistake]." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009).  Plaintiffs do not dispute--nor could they--that Rule 9(b)'s heightened requirements applies to claims of fraudulent omissions just as it does to alleged misrepresentations.  Plaintiffs have not provided meaningful specificity about the "when" and "where" of the alleged misrepresentations or omissions.  Instead, Plaintiffs claim that the Practice violated the Consumer Fraud Act because they "[were] aware that the healthcare sector is a

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

22

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

frequent target of cyberattacks such as the Data Breach" and they "knew or should have known" that their data security measures were insufficient to guard against such attacks. *See* ECF No. 75, ¶184. These generalized statements flunk Rule 9(b), which requires specificity about "the *times, dates, places*, benefits received, and other details of the alleged fraudulent activity." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993).

Instead of pleading their consumer fraud claim with particularity, Plaintiffs merely assert self-serving, factually unsupported conclusions such as that the Practice breached its duty to maintain reasonable security measures, that it knew or should have known its data security measures were inadequate, and that it "engaged in conduct that is contrary to public policy, unscrupulous, and caused injury to Plaintiffs and Class Members." *See* ECF No. 75, ¶¶ 186 – 188. These bare assertions do not satisfy Nevada's heightened pleading standard for fraud claims. Hence, Plaintiffs' Consumer Fraud Claim fails as a matter of law and should be dismissed.

### H.   Plaintiffs' Declaratory Judgment Claim Fails as a Matter of Law.

Fed. R. Civ. P. 23(c) states that a class action is sustainable if the prerequisites of Rule 23(a) are satisfied <u>and</u>, among other things, the prosecution of separate actions by the individual class members would be at risk if the party opposing the class "has acted or refused to act on grounds generally applicable to the class, thereby making declaratory relief appropriate with respect to the class as a whole." Fed. R. Civ. P. 23(c)(2). However, this rule does not apply when each individual class member would be entitled to a different declaratory judgment against the defendant. *Roadhouse v. Las Vegas Metropolitan Police Dept.*, 290 F.R.D. 535, 544 (D. Nev. 2013). Specifically, this rule "does not authorize class certification when each class member would be entitled to a *different* injunction or declaratory judgment against the defendant." *Roadhouse*, 290 F.R.D. at 544 (<u>citing</u> *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 328, 359, 131 S.Ct. 2541, 2557 (2011)) (emphasis in the original).

Moreover, "[c]laims for monetary relief may not be certified under Rule 23(b)(2), at least where monetary relief is not incidental to the requested injunctive or declaratory relief." *Dukes*, 564 U.S. 338, 131 S.Ct. at 2545. More specifically, "Rule 23(b)(2) applies only when a single, indivisible remedy would provide relief to each class member." *Id.* Here, the proposed class

members have not experienced the same injuries from the data breach and, therefore, commonality has not been established because no single indivisible remedy would provide relief to each member of the class.  Accordingly, Plaintiffs' cause of action under the Declaratory Judgment Act is invalid and should be dismissed.

I.    **Plaintiffs' Professional Negligence Claim May Be Subject to Dismissal.**

Plaintiffs' Second Amended Complaint asserts a claim for professional negligence due to the newly adopted test in *Limprasert v. PAM Specialty Hospital of Las Vegas*, LLC, 550 P.3d 825 (Nev. 2024).  There, the Nevada Supreme Court held that the only inquiry required to determine if a claim lies in professional or ordinary negligence is "whether the claim involves a provider of health care rendering services in a way that causes injury, not whether an expert affidavit or expert testimony is needed for a jury to understand the allegations." *Limprasert v. PAM Specialty Hosp. of Las Vegas LLC*, 140 Nev. Adv. Op. 45, 550 P.3d 825, 831 (2024).

To the extent Plaintiffs improperly seek to couch a negligence case into one of professional negligence, these claims may be duplicative of Plaintiffs' negligence claim.  Moreover, the statute of limitations may still be an issue for certain class members' claims despite the Plaintiffs' contentions of certain claims relating back to the original filing of the Complaint.  However, Defendant concedes at this time that discovery may have to done in order to flush out these issues for this cause of action.

V.    **CONCLUSION.**

As set forth in detail above, Plaintiffs have failed to satisfy all the requisite elements for class certification and, therefore, the proposed class cannot be certified.  In addition, the causes of actions asserted in the Second Amended Complaint are supported only by conclusory and factually unsupported statements that fail to meet the elements of those claims.

/ / /

/ / /

/ / /

/ / /

/ / /

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

Accordingly, for the foregoing reasons, Defendant respectfully requests that the Court grant its Motion to Dismiss Plaintiffs' Second Consolidated Amended Class Action Complaint in its entirety.

DATED this 13th day of January, 2025.

SCHNITZER JOHNSON & WATSON, CHTD.


_/s/ L. Renee Green, Esq._
GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. DUNNING, ESQ.
Nevada Bar No. 14728
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123
*Attorneys for Defendant,*
*HANKINS PLASTIC SURGERY*
*ASSOCIATES, P.C. dba HANKINS*
*& SOHN PLASTIC SURGERY ASSOCIATES*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on the 13th day of January, 2025, I served a true and correct copy of the foregoing **DEFENDANT HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES' MOTION TO DISMISS SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT** was served via the United States District Court CM/ECF system to all parties or persons requiring notice.

MARK J. BOURASSA, ESQ.
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100

Las Vegas, NV 89102
mbourassa@blgwins.com

and

NICHOLAS A. COLELLA (pro hac vice)
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Attorneys for Plaintiff, Jennifer Tausinga

Ramzy Paul Ladah, Esq.
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
Attorneys for Plaintiff Alysia Wrenn

RAINA BORRELLI (pro hac vice)
RAINA BORRELLI
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
Attorneys for Plaintiff Olga Romashova

Clark Seegmiller, Esq.
Jonathan B. Lee, Esq.
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, NV 89101
jlee@richardharrislaw.com
T: 702.444.4444
F: 702.444.4455
Attorneys for Plaintiff Caroline Aurora

 _/s/ Cynthia Lowe_
An Employee of SCHNITZER
JOHNSON & WATSON, CHTD.