GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. DUNNING, ESQ.
Nevada Bar No. 14728
SCHNITZER JOHNSON & WATSON, CHTD.
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
Telephone: (702) 362-6666
Facsimile: (702) 362-2203
gschnitzer@sjwlawfirm.com
rgreen@sjwlawfirm.com
mdunning@sjwlawfirm.com
AND
ROBERT C. McBRIDE, ESQ.
Nevada Bar No.: 7082
CHELSEA R. HUETH, ESQ.
Nevada Bar No.: 10904
McBRIDE HALL
8329 W. Sunset Road, Suite 260
Las Vegas, Nevada 89113
Telephone No. (702) 792-5855
Facsimile No. (702) 796-5855
rcmcbride@mcbridehall.com
crhueth@mcbridehall.com
*Attorneys for Defendant,*
*HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES*

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

IN RE HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES

This Document Relates to: All Actions

Master File No. 2:23-cv-00824-RFB-DJA

**DEFENDANT HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES' MOTION FOR PROTECTIVE ORDER**

**ORAL ARGUMENT REQUESTED**

COMES NOW Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates ("Defendant" or "the Practice"), by and through its counsel of record, the law firm of SCHNITZER, JOHNSON & WATSON, CHTD. AND MCBRIDE HALL, and respectfully

request that this Court enter a protective order related to the three subpoenas sent in violation of this Court's Scheduling Order ("Motion").

This Motion is made based upon the attached Memorandum of Points and Authorities, the declaration of L. Renee Green, Esq. ("Green Declaration"), in support of the Motion, all papers and pleadings on file herein, and any oral argument the Court will allow at the hearing of this matter.

DATED this 6th day of February, 2025.

SCHNITZER JOHNSON & WATSON, CHTD.

*/s/ L. Renee Green, Esq.*

GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. DUNNING, ESQ.
Nevada Bar No. 14728
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
*Attorneys for Defendant,*
*HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES*

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION.

Defendants filed this Motion to prevent Plaintiffs from seeking discovery that violates this Court's order. In May 2024, the Court approved the Parties' agreement to conduct discovery in two phases—Phase I for class-related pre-certification discovery and Phase II for merit-based discovery. Now, during Phase I, Plaintiffs have issued three subpoenas to third parties requesting documents vastly outside the scope of Phase I of discovery. For example, one of the categories Plaintiffs seek to have the third-parties provide are "[a]ll documents related to the Data Breach." These subpoenas violate the discovery order issued by this Court, are overbroad, and seek irrelevant information. For those reasons, as briefed in more detail below, the Court should enter a protective order limiting the scope of certain requests and prohibiting others entirely.

## II. STATEMENT OF RELEVANT FACTS.

In February 2023, Defendant, Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates ("the Practice"), like so many companies and entities before it, was the victim of a criminal cyberattack. These criminal actors preyed on the Practice, illegally accessing Hankins Plastic Surgery Associates, P.C.'s server and files. Immediately upon discovering the cyberattack, the Practice worked quickly and decisively to disable the impacted accounts, reset passwords, and thoroughly investigate the issue. The FBI also became involved in this investigation. Moreover, Plaintiffs and all other current and former patients of the Practice were notified of the cyberattack.

Plaintiffs have filed this lawsuit on behalf of themselves and any other persons in the U.S. who were affected by this criminal cyberattack. Plaintiffs filed their Second Amended Class Action Complaint on December 30, 2024. ECF No. 75. In the Second Amended Complaint, Plaintiffs allege that they are individuals whose information was exposed in the data breach. Plaintiffs allege that Defendant failed to implement reasonable data security measures to protect

/ / /

/ / /

/ / /

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

their information and retained Plaintiffs' information for longer than necessary. In this consolidated action, Plaintiffs seek to represent the following Class of persons defined as follows:

> All individuals in the United States whose PII and/or PHI was compromised in the Hankins Data Breach which occurred on or about February 23, 2023 (the "Class").

ECF No. 75 at ¶ 129.

On May 6, 2024, this Court entered a Stipulated Discovery Plan and Scheduling Order ("Discovery Order") designating specific phases of discovery. ECF No. 48. Phase I is limited to pre-certification discovery and is intended to illuminate class certification issues, including commonality, predominance, and typicality. *Id.* at 3-4. Phase II is limited to the merits of the actual claims and defenses. *Id.* Currently, only Phase I is open.

On January 23, 2025, Plaintiffs issued three (3) subpoenas. The first subpoena is addressed to Amon Ra Network Consulting aka Pharoah Shepherd ("Amon Ra") ("Amon Ra Subpoena"). ECF No. 81-1. The Amon Ra Subpoena requests the production of the following documents for the entirety of the relationship between Amon Ra and Defendant:

> 1. All Documents related to the Data Breach.
> 2. All Documents related to, regarding, or referring to any investigation conducted by You or Your agents or assigns regarding the Data Breach.
> 3. All Documents related to, regarding, or referring to the sufficiency or efficacy of Hankin's cyber security systems, protocols and/or practices prior to the Data Breach.
> 4. All Documents related to, regarding, or referring to any recommendations You made to Hankins about its cyber security systems, protocols and/or practices prior to the Data Breach, including but not limited to whether Hankins took action on any of those recommendations.
> 5. All Documents related to, regarding, or referring to any recommendations You made to Hankins about its cyber security systems, protocols and/or practices after the Data Breach, including but not limited to whether Hankins took action on any of those recommendations.
> 6. All Documents related to, regarding, referring to, or discussing data compromised or accessed as part of the Data Breach and where such data was maintained by Hankins and how, including but not limited to personal or health data of Hankins's current and/or former patients and consults.
> 7. All Documents related to, regarding, referring to, or discussing the individual(s), entity or entities who carried out the attack resulting in the Data Breach.
> 8. Any contracts or scopes of work You have with Hankins related to or regarding services you provided to Hankins.

/ / /

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

> 9. All documents related to, regarding, or referring to any actions You took to remediate Hankin[s] network or to create a new network for Hankins.

*Id.* at 8-11.

The second subpoena is addressed to I.T. Decisions dba LAN Systems ("IT") ("IT Subpoena"). ECF No. 81-2. The IT Subpoena's document production requests are identical to those in the Amon Ra Subpoena. *Id.* at 8-11.

The third subpoena is addressed to Patient Now ("Patient Now") ("Patient Now Subpoena"). ECF No. 81-3. Eight of Patient Now Subpoena's document production requests are identical to those in the Amon Ra Subpoena and the IT Subpoena. The last one differs: "All documents related to, regarding, or referring to the safety and security of data contained within Your software and services that were provided to Hankins, including whether and how Hankins has the ability to adjust or alter those safety and security settings." *Id.* at 8-11.

Counsel for the Parties met and conferred on three (3) separate occasions. ECF No. 80 at 3; s*ee also* ECF No. 81-4.

## III. LEGAL STANDARD.

### A. RULE 26'S RELEVANCY AND PROPORTIONALITY REQUIREMENTS

Federal Rule of Civil Procedure 26(b)(1) provides the parameters for the scope of discovery. Before this Rule was amended in 2015, the main threshold a party must meet to obtain discovery was if the information sought was relevant to any party's claim or defenses. However, the 2015 amendments to Rule 26(b)(1) emphasize the need to impose "reasonable limits on discovery through increased reliance on the common-sense concept of proportionality."" *Roberts v. Clark Cnty. Sch. Dist.*, 312 F.R.D. 594, 603 (D. Nev. 2016). "The fundamental principle of amended Rule 26(b)(1) is "that lawyers must size and shape their discovery requests to the requisites of a case." *Id.*

Courts consider the following factors for the proportionality analysis: the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ.

P. 26. The court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive ... [or] the proposed discovery is outside the scope permitted by Rule 26(b). *Id*.

**B. MOTION FOR PROTECTIVE ORDER**

Further, courts may limit discovery via Rule 26(c), which permits the court to issue a protective order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense when the party establishes good cause. For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted. *See Beckman Indus., Inc., v. Int'l. Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992). Rule 26(c) requires more than "broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id.*; *see also Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *San Jose Mercury News, Inc., v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999) (holding that the party must make a particularized showing of good cause)).

The United States Supreme Court has interpreted the language of Rule 26(c) as conferring "broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984). Additionally, the Supreme Court has acknowledged that the "trial court is in the best position to weigh fairly the competing needs and interests of the parties affected by discovery. The unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Id.*

When the discovery at issue is a subpoena on a nonparty, Rule 45 governs. "[A] party lacks standing under Fed. R. Civ. P. 45[(d)(3)(A)] to challenge a subpoena issued to a non-party unless the party claims a personal right or privilege with respect to the documents requested in the subpoena." *G.K. Las Vegas Ltd. Partnership v. Simon Property Group, Inc.*, 2007 WL 119148 at* 4 (D. Nev. Jan. 9, 2007); compare *In re Rhodes Companies, LLC*, 475 B.R. 733, 740 (D. Nev. Apr. 30, 2012) (declining to adopt the "personal right or privilege" standing rule for motion to quash subpoenas). "A party's objection that the subpoena issued to the non-party seeks irrelevant information or imposes an undue burden on the non-party are not grounds on which a party has



SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

standing to move to quash a subpoenas issued to a non-party, especially where the non-party, itself, has not objected." *G.K. Las Vegas Ltd. Partnership*, 2007 WL 119148 at* 4.

"A party can, however, move for a protective order in regard to a subpoena issued to a non-party if it believes its own interest is jeopardized by discovery sought from a third party and has standing under Rule 26(c) to seek a protective order regarding subpoenas issued to non-parties which seek irrelevant information." Fed.R.Civ.P. 26(c)(1); *see also First Am. Title Ins. Co. v. Commerce Assocs., LLC*, 2017 WL 53704, at *1 (D. Nev. Jan. 3, 2017). In fact, courts have consistently granted a party's motions for a protective order when a subpoena on a third party fails to comply with the court's order or the Federal Rules of Civil Procedure. *G.K. Las Vegas Ltd. P'ship v. Simon Prop. Grp., Inc.*, No. 2:04-CV-01199-DAE, 2007 WL 119148, at *3 (D. Nev. Jan. 9, 2007)(temporarily granting the defendant's motion for protective order when the plaintiff served subpoenas on third parties despite the third parties not yet objecting or moving to quash); *Washington v. Thurgood Marshall Acad.*, 230 F.R.D. 18, 22 (D.D.C.2005) (deeming a party's motion to quash subpoenas issued to non-parties as a motion for protective order under Rule 26(c)); *Monte H. Greenawalt Revocable Tr. v. Brown*, No. 2:12-CV-01983-LRH, 2013 WL 6844760, at *2 (D. Nev. Dec. 19, 2013)(granting the defendant's motion for protective order regarding subpoenas that the plaintiffs' issued to third-parties). In fact, this Court has held that a "[d]efendants challenge to the third-party subpoena via the instant Motion for Protective Order rather than through a motion to quash is proper." *Bd. of Trustees of S. Nevada Joint Mgmt. & Culinary & Bartenders Training Fund v. Fava*, No. 218CV00036JCMDJA, 2019 WL 11093817, at *2 (D. Nev. Oct. 31, 2019)

"It is well established that the scope of discovery under a subpoena issued pursuant to Rule 45 is the same as the scope of discovery allowed under Rule 26(b)(1)." *Painters Joint Committee v. Employee Painters Trust Health & Welfare Fund*, 2011 WL 4573349 at *5 (D. Nev. Sept. 29, 2011). Thus, courts must examine whether a request contained in a subpoena is overly broad or seeks irrelevant information under the same standards as outlined in Rule 26(b) and as applied to Rule 34 requests for production.

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

In this matter, although Plaintiffs served the subpoenas on nonparties, the Practice has standing to seek a protective order, especially if the information that Plaintiffs seek from third parties violates the Federal Rules of Civil Procedure and this Court's orders. Fed. R. Civ. P. 26; *see also G.K. Las Vegas Ltd. P'ship* , No. 2:04-CV-01199-DAE, 2007 WL 119148, at *3. To hold otherwise would result in parties having no consequences when they circumvent the opposing party to obtain information that violates the Federal Rules of Civil Procedure and this Court's orders.

## IV. LEGAL ARGUMENT.

### A. PHASE I OF DISCOVERY IS LIMITED TO CLASS CERTIFICATION.

The Discovery Order governs the scope of discovery to be conducted under each Phase. Currently, the Parties are within Phase I of discovery, the parameters of which are expressly limited to pre-certification discovery. The Discovery Order defined the scope of Phase I as follows:

> (i) Whether, and if so, to what extent, Plaintiffs' and the putative Class members' personal information was accessed by cyber criminals during the attack on Defendant's computer systems;
>
> (ii) How Plaintiffs and putative class members were affected by the data breach;
>
> (iii) Information Defendant provided to Plaintiffs and putative class members about the data breach;
>
> (iv) The nature and extent of each Plaintiff's and putative class member's relationship with Defendant.
>
> (v) Defendant's discovery of and response to the data breach for the purpose and with the limitation of determining commonality, predominance and typicality as it relates to Plaintiffs and putative class members;
>
> (vi) The extent of the data breach for the purpose and with the limitation of determining commonality, predominance and typicality as it relates to Plaintiffs and putative class members and how they were affected by the data breach; and
>
> (vii) Defendant's post-breach investigation and remediation for the purpose and with the limitation of determining commonality, predominance and typicality as it relates to Plaintiffs and putative class members.

ECF No. 48, Discovery Order at 4:1-19.

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

The scope of Phase I, as defined above, governs what discovery the Parties are allowed to conduct pursuant to FRCP 26 at the moment. And that scope is clearly limited to classification issues, namely ascertaining who falls within the class. After the Court ordered the bifurcation of discovery, the Parties expressly agreed to limit their discovery in each Phase to the particular aims and subject matter of each respective to that Phase. *Id.* at 4:27, 5:1; ECF No. 44. As such, any and all discovery conducted to date and until the end of Phase I may not exceed this scope.

**B. THE COURT SHOULD ENTER A PROTECTIVE ORDER BECAUSE THE SUBPOENAS EXCEED THE DISCOVERY SCOPE OF PHASE I, MAKING THEM OVERBROAD AND SEEKING IRRELEVANT INFORMATION.**

All three subpoenas exceed the discovery scope of Phase I, which is class-based.

- **Category No. 1** demands all documents related to the Data Breach. This request is not narrowly tailored to the permitted scope of discovery and is overbroad and vague. As a result, this category should be stricken.
- **Category No. 2** demands all documents related to any investigation Amon Ra, IT, or Patient Now conducted regarding the Data Breach. This request is not limited to information assessing which patient accounts were accessed to determine any commonality, predominance, or typicality. This request must be limited by a protective order to the tenets of Phase I as outlined in the Discovery Order.
- **Category No. 3** demands all documents related to the sufficiency of cyber security systems, protocols and practices ***prior to*** the Data Breach. This request falls entirely outside the scope of Phase I because the sufficiency of Defendant's security systems goes toward merits (Phase II). *See, In re Rutter's Data Sec. Breach Litig.*, 2020 U.S. Dist. LEXIS 196132, *5 ("When engaging in discovery at the class certification stage, "merits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied"((internal citations omitted). The technical side of Defendants' security systems would not reveal any information about whose patients' accounts were accessed. This request must be stricken from the subpoenas.
- **Category No. 4** demands all documents related to recommendations Amon Ra, IT, or Patient Now made to Defendant about its cyber security systems, protocols, and practices ***prior to*** the Data Breach. This request falls entirely outside the scope of Phase I because the third-parties' recommendations to Defendant about its security systems and whether Defendant implemented them goes toward merits (Phase II). The technical side of Defendants' security systems would not reveal any information about whose patients' accounts were accessed. This request must be stricken from the subpoenas.
- **Category No. 5** demands all documents related to recommendations Amon Ra, IT, or Patient Now made to Defendant about its cyber security systems, protocols, and practices ***after*** the Data Breach. As with Request No. 4, this request falls entirely outside the scope of Phase I because the third parties' recommendations to Defendant about its security systems and whether Defendant implemented them go



SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

toward merits (Phase II). *See*, *In re Rutter's Data Sec. Breach Litig*., 2020 U.S. Dist. LEXIS 196132, *16 (striking discovery at the class certification phase that sought post-breach policy changes recognizing that "changes to policy following the data breach bear no relevance to how the individual class members were affected"). The technical side of Defendants' security systems, especially after the Data Breach, would not reveal any information about whose patients' accounts were accessed. This request must be stricken from the subpoenas.

- **Category No. 6** demands all documents related to or discussing the data that was compromised or accessed, where that data was maintained, and how. This request is not limited to information that would enable the identification and certification of class members. The request is so overbroad as to include information that goes towards the merits—how Defendants maintained data and where it was maintained. It also impermissibly includes any discussions about the compromised data, which would far exceed discussions about the identities of the patients whose data was accessed and the timing of such access. Finally, all documents relating to the breached data, without limitation, would include all documents concerning this litigation, including its merits. This request must be limited by a protective order to the tenets of Phase I as outlined in the Discovery Order.
- **Category No. 7** demands all documents related to the persons who carried out the attack resulting in the Data Breach. The identities of the third-party criminals contribute nothing to the certification of the class. The entire request asks for documents that concern the merits of the claims and defenses and, therefore, belongs in Phase II. This request must be stricken from the subpoenas.
- **Category No. 8** demands any contracts or scopes of work between Defendant and Amon Ra, IT, and Patient Now, respectively. The nature of Defendant's relationship with those entities contributes nothing to the certification of the class. The entire request asks for documents that concern the merits of the claims and, therefore, belongs in Phase II. This request must be stricken from the subpoenas.
- **Category No. 9 in Amon Ra's and IT's subpoenas** demands all documents related to remedial actions those respective entities took. Remedial actions do not have any bearing on class discovery. They are entirely merit-based. This request must be stricken from the subpoenas. *See, Kastroll v. Wynn Resorts*, Ltd., 2011 U.S. Dist. LEXIS 120124, *12 (D. Nev. 2011) (determining that subsequent "steps taken to improve the air quality in the casino in no way relate to the identity of the class, the commonality or typicality of the members, or the plaintiff's ability to represent the class").
- **Category No. 9 in the Patient Now Subpoena** demands all documents related to the safety and security of data in the Patient Now software, services that were provided to Defendant, and whether and how Defendant had the ability to adjust or alter those settings. Once again, any specifications about data security and whether Defendant had access to those settings is not related to class discovery. It is only related to the merits of the claims and defenses. This request must be stricken from the subpoenas.

Discovery in the entire case is governed by Rule 26 and this Court's Discovery Orders, which expressly outlines the scope of discovery for each Phase. ECF Nos. 44, 48. Each category within the subpoenas exceed the permitted scope of Phase I discovery. Several of them entirely fall within

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

the merit-based scope of Phase II discovery. As such, the subpoenas violate the Discovery Order. As such, the subpoenas are overbroad and seek information irrelevant to Phase I of discovery.

Moreover, Plaintiff's circumvention of seeking documents from third parties that violate the Court's discovery order prejudices the Practice. Specifically, seeking this unrelated information oppresses and burdens the Practice and the third parties when there is still a pending Motion to Dismiss before the Court that addresses the fallacies of the class the Plaintiffs seek to represent. Engaging in this merit-based discovery when the Court ordered otherwise would require the Practice and third-parties to provide information that is neither relevant nor proportional to the needs of the case at this stage. If this information is provided, it would severely prejudice the Practice because it would place the Practice in the position of engaging in merit-based discovery that Plaintiffs would follow up on the Practice based on the documents that the third parties would provide. As such, the Court should enter a protective order removing Request Nos. 1, 3, 4, 5, 7, 8, and 9 (as to all subpoenas) and limiting Request Nos. 2 and 6 to the tenets of Phase I as outlined in the Discovery Order.

Plaintiffs cannot be allowed to seek the entire scope of discovery in violation of the Discovery Order to the detriment of Defendant. Seeking merit-based discovery before ascertaining all class members and achieving certification defeats the very purpose of phased discovery. Given the importance of the issues in this litigation and the amount in controversy, completing Phase I of discovery in accordance with the Court's Discovery Order before continuing to discovery on the merits is crucial. There is no reason why third parties subject to the subpoenas (and none has yet been articulated by them) would not be able to comply with limited document requests before producing responsive documents as to all issues. For those reasons, good cause exists for this Court to enter a protective order regarding those three subpoenas.

## V. CONCLUSION.

As set forth in detail above, Plaintiffs violated the Discovery Order by issuing subpoenas that exceed the scope of Phase I of discovery. As such, the subpoenas are overly broad and seek the discovery of irrelevant information. Accordingly, for the foregoing reasons, Defendant respectfully requests that the Court grant its Motion and issue a protective order removing Request

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

Nos. 1, 3, 4, 5, 7, 8, and 9 (as to all subpoenas) and limiting Request Nos. 2 and 6 to the tenets of Phase I as outlined in the Discovery Order.

DATED this 6th day of February, 2025.

SCHNITZER JOHNSON & WATSON, CHTD.

*/s/ L. Renee Green, Esq.*

GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. DUNNING, ESQ.
Nevada Bar No. 14728
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123
*Attorneys for Defendant,*
*HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES*

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 6th day of February, 2025, I served a true and correct copy of the foregoing **DEFENDANT HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES' MOTION FOR PROTECTIVE ORDER** was served via the United States District Court CM/ECF system to all parties or persons requiring notice.

MARK J. BOURASSA, ESQ.
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100

Las Vegas, NV 89102
mbourassa@blgwins.com

and

NICHOLAS A. COLELLA (pro hac vice)
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Attorneys for Plaintiff, Jennifer Tausinga

Ramzy Paul Ladah, Esq.
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
Attorneys for Plaintiff Alysia Wrenn

RAINA BORRELLI (pro hac vice)
RAINA BORRELLI
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
Attorneys for Plaintiff Olga Romashova

Clark Seegmiller, Esq.
Jonathan B. Lee, Esq.
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, NV 89101
jlee@richardharrislaw.com
T: 702.444.4444
F: 702.444-4455
Attorneys for Plaintiff Caroline Aurora

*/s/ Cynthia Lowe*
An Employee of SCHNITZER JOHNSON & WATSON, CHTD.