# Exhibit 1

# SUBPOENA DUCES TECUM ISSUED TO AMON RA NETWORK CONSULTING AKA PHAROAH SHEPHERD

# Exhibit 1

JENNIFER A. FORNETTI, ESQ. (NBN 7644)
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
Telephone:   (702) 851-2180
Facsimile:    (702) 851-2189
Email:          *jfornetti@blgwins.com*

NICHOLAS A. COLELLA (*pro hac vice*)
**LYNCH CARPENTER LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Telephone:   (412) 322-9243
Email:          *nickc@lcllp.com*

*Co-Interim Counsel for Plaintiffs and the Class*

[additional counsel in signature block]

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE HANKINS PLASTIC SURGERY ASSOCIATES, P. C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES<br><br>This Document Relates to: All Actions | Case No.: 2:23-cv-00824-RFB-DJA<br><br>**PLAINTIFFS' NOTICE OF SUBPOENAS** |

TO:           ALL PARTIES AND THEIR ATTORNEYS OF RECORD

  PLEASE TAKEN NOTICE that, plaintiffs serve the attached subpoenas on Amon Ra Network Consulting aka Pharaoh Shepherd, I.T. Decisions dba LAN Systems and Patient Now.

  Dated: January 23, 2025

                              Respectfully submitted,

                              By: */s/Raina C. Borrelli*_____

                              **THE BOURASSA LAW GROUP**

-1-

Mark J. Bourassa, Esq. (NBN 7999)
Jennifer A. Fornetti, Esq. (NBN 7644)
Valerie S. Gray, Esq. (NBN 14716)
2350 W. Charleston Blvd., Suite 100
Las Vegas, Nevada 89102
jfornetti@blgwins.com
mbourassa@blgwins.com
vchristian@blgwins.com

**LYNCH CARPENTER LLP**
Nicholas A. Colella (*pro hac*)
1133 Penn Avenue, 5th Floor
Pittsburg, PA 15222
nickc@lcllp.com

**STRAUSS BORRELLI PLLC**
Raina C. Borrelli (*pro hac*)
980 N. Michigan Avenue, Suite 1610
Chicago, Illinois 60611
Tel. 872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com

**LADAH LAW FIRM**
Ramzy P. Ladah
517 S. Third Street
Las Vegas, NV 89101
Tel. 702-252-0055
Fax: 702-248-0055
litigation@ladahlaw.com

**RICHARD HARRIS LAW FIRM**
Clar Seegmiller
Jonathan B. Lee
801 S. Fourth Street
Las Vegas, NV 89101
clark@richardharrislaw.com
jlee@richardharrislaw.com

*Attorneys for Plaintiff and Proposed Class*

# **CERTIFICATE OF SERVICE**

      Pursuant to FRCP 5(b), I certify that I am an employee of Strauss Borrelli PLLC, and that on this date I caused to be served a true copy of **PLAINTIFFS' NOTICE OF SUBPOENAS** on all parties to this action by the method(s) indicated below:

    <u> X </u>    via email addressed to:

      Gary E. Schnitzer, Esq.
      L. Renee Green, Esq.
      KRAVITZ SCHNITZER JOHNSON & WATSON, CTD.
      Email:  gschnitzer@ksjattorneys.com
               rgreen@ksjattorneys.com

      Chelsea Hueth
      MCBRIDE HALL
      Email:  crhueth@mcbridehall.com

      Marta D. Kurshumova
      JONES LOVELOCK
      Email:  mdunning@sjwlawfirm.com

DATED:  This 23rd day of January, 2025.

                                                */s/ Raina C. Borrelli*
                                                Raina C. Borrelli

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| In re Hankins Plastic Surgery Associates, P.C. *Plaintiff* v. *Defendant* | Civil Action No. 2:23-cv-00824-RFB-DJA |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Amon Ra Network Consulting aka Pharaoh Shepherd, 840 Angeles Oaks Drive, Henderson, NV, 89011

*(Name of person to whom this subpoena is directed)*

☑ **Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See attached "Schedule A"

| Place: By email to the undersigned at raina@straussborrelli.com, or by other agreed on means. Please call (872) 263-1100 to confer. | Date and Time: 02/21/2025 10:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/23/2025

*CLERK OF COURT*

_____    OR    *Raina Borrelli*
*Signature of Clerk or Deputy Clerk*                *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiffs , who issues or requests this subpoena, are:

Raina Borrelli, 980 N. Michigan Ave., Suite 1610, Chicago, IL 60611, (872) 263-1100, raina@straussborrelli.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:23-cv-00824-RFB-DJA

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____
_____
_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

*In re Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates,*
2:23-cv-00824-RFB-DJA (D. Nev.)

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR
OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL
ACTION TO AMON RA NETWORK CONSULTING aka PHAROAH SHEPHERD**

**EXHIBIT A**

**A.     Definitions**

The following terms shall have the following meanings for the purpose of this Subpoena:

1.     "Data Breach" means and refers to the data security incident that affected Hankins Plastic Surgery Associates, P.C. in or about March 2023, which is the subject of this action.

2.     "Document" has the same meaning as when this term is used in Federal Rule of Civil Procedure 34(a)(1)(A), except that Document also includes "Electronically Stored Information" as that term is used in Federal Rule of Procedure 34(a)(1)(A). The term Document also includes Communication.

3.     "Hankins," "Defendant," collectively mean Hankins Plastic Surgery Associates P.C. dba Hankins & Sohn Plastic Surgery Associates, and any of its directors, officers, employees, partners, members, representatives, agents (including attorneys, accountants, consultants, or vendors), and any other person purporting to act on its behalf.

4.     "You" or "Your" means and refers to Amon Ra Network Consulting aka Pharaoh Shepherd, 840 Angeles Oaks Drive, Henderson, NV, 89011, and all its subsidiaries, affiliates, officers, directors, employees, representatives, contractors, vendors, divisions, predecessors, successors, and any other persons or entities purporting to act on its behalf or within its control.

**B.     Instructions.**

1.     The singular and plural forms of words are used interchangeably, as are the masculine and feminine forms and the present and past tenses of verbs.

1

2. Your response should include all documents and information within your possession, custody, or control or which are otherwise available to you, regardless of whether such documents are possessed by you or your employees, agents, parent companies, subsidiaries, affiliates, investigators, predecessors, successors, representatives, or by your attorneys or their employees or investigators.

3. If you claim that the document request calls for information that you contend is privileged, please set forth the privilege claimed, the facts upon which you rely to support the claim of privilege, and furnish a list identifying each communication or document for which the privilege is claimed, together with the following information:

(a) a brief description of the nature and subject matter of the document or tangible thing, including the title and type of document (i.e., whether it is a letter, memorandum, drawing, etc.) or tangible thing;

(b) the document's or tangible thing's date of creation;

(c) the identity of the author(s) or creator(s);

(d) the identity of the person(s) to whom the document is addressed or to whom the tangible thing has been provided, including all person(s) who received copies, reproductions, or other representations of the document or tangible thing;

(e) the identity of the person(s) to whom the document or tangible thing was sent; and

(f) the total number of pages for the document.

4. If you cannot comply in full with any of the following document requests or with any of these instructions, you must comply to the extent possible and provide a detailed explanation as to why full compliance is not possible.

  5. If you object to production on any basis other than privilege, state your objection(s) and indicate whether you are complying with the request in whole or in part.

  6. If any document request is objected to on grounds of over-breadth, specifically state the manner in which it is overly broad and respond to the Requests as narrowed to conform to such objection. If you cannot fully respond, or if you object in part, to any of these Requests, you are nevertheless required to respond to the remaining portions.

  7. Documents or information requested on a sufficient to show or sufficient to identify basis shall be provided in the format requiring the least number of documents needed to efficiently respond to the request.

  8. If you elect to provide a sample of data, instead of all data, please provide documents sufficient to enable replication of the sample.

**C.** **Relevant Time Period**

Unless otherwise indicated, the relevant time period for the Documents requested below is from the first date of your relationship with Hankins until present.

**D.** **Documents to be Produced**

  1. All Documents related to the Data Breach.

  2. All Documents related to, regarding, or referring to any investigation conducted by You or Your agents or assigns regarding the Data Breach.

  3. All Documents related to, regarding, or referring to the sufficiency or efficacy of Hankin's cyber security systems, protocols and/or practices prior to the Data Breach.

  4. All Documents related to, regarding, or referring to any recommendations You made to Hankins about its cyber security systems, protocols and/or practices prior to the Data

Breach, including but not limited to whether Hankins took action on any of those recommendations.

5. All Documents related to, regarding, or referring to any recommendations You made to Hankins about its cyber security systems, protocols and/or practices after the Data Breach, including but not limited to whether Hankins took action on any of those recommendations.

6. All Documents related to, regarding, referring to, or discussing data compromised or accessed as part of the Data Breach and where such data was maintained by Hankins and how, including but not limited to personal or health data of Hankins's current and/or former patients and consults.

7. All Documents related to, regarding, referring to, or discussing the individual(s), entity or entities who carried out the attack resulting in the Data Breach.

8. Any contracts or scopes of work You have with Hankins related to or regarding services you provided to Hankins.

9. All documents related to, regarding, or referring to any actions You took to remediate Hankin's network or to create a new network for Hankins.