# Exhibit 4

# E-MAIL COMMUNICATION BETWEEN COUNSEL

# Exhibit 4

**Marta Dunning**

| | |
|---|---|
| **From:** | Raina Borrelli <raina@straussborrelli.com> |
| **Sent:** | Monday, February 3, 2025 11:50 AM |
| **To:** | Renee Green; Brittany Resch; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com |
| **Cc:** | Gary Schnitzer; crhueth@mcbridehall.com; Marta Dunning; Robert McBride; Cyndee Lowe; Lauren Smith; Frank Rossier; Tawnya Palma |
| **Subject:** | RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas |

Hi Renee,

Thanks for the call.

I reiterated our position that Topic 1 is within the scope of the Court's discovery order but that we were willing to withdraw it as a compromise position. I also clarified that we did not want to withdraw the subpoenas fully to do so and restart the clock on response deadlines, but that we would inform the third parties as soon as we hear from them that Topic 1 is withdrawn. You confirmed your position that Topic 1 is not within the scope of discovery at this stage and that you would seek relief from the Court.

I also confirmed our position, stated in detail in my 2/2 email, that each of the remaining topics are also within the scope of this stage of discovery and relevant to class certification. You asked whether we would agree to narrow them in any way at this time and I said we would not. You indicated that you will seek relief from the Court.

Thank you,
Raina

**From:** Renee Green <rgreen@sjwlawfirm.com>
**Sent:** Monday, February 3, 2025 1:28 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Brittany Resch <bresch@straussborrelli.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Hello Raina,

      At least two meet-and-confer meetings have occurred where Plaintiffs have changed their position. Plaintiffs now continue to change their position while refusing to withdraw the subpoenas to the detriment of the Practice.  Moreover, claiming that "the subpoenaed entity could raise" an issue of the "scope in terms of burden" fails to account for Plaintiffs' actions of issuing subpoenas that do not comply with the Court's orders.

In addition, before our meeting and confer last Friday, you asked in the e-mail below for me to be ready to discuss Defendant's position, and I made the same request for Plaintiffs as it related to each topic in the subpoenas. However, the topics were never discussed because you indicated that you needed to look at how each topic relates to the topics for discovery found in the Discovery Plan. To compromise, I requested another meet and confer to discuss these topics. Now, to make an accusation that I told you that you were unprepared completely misrepresents our conversation. Plaintiffs continue to make misrepresentations of Defendant "feigning ignorance" or "disclaiming knowledge" on specific topics when the topics in the subpoena exceed the scope of the Court's order and Defendant has objected to producing such information.

As such, I have no problem informing the Court of the conversations under the penalty of perjury. I hope that you will be able to do the same. I can also set up this call via Zoom and record it to ensure nothing is taken out of context.

In response to your e-mail below, our meet and confer will discuss (1) Plaintiffs' stance regarding each topic and (2) Plaintiffs' refusal to withdraw the subpoenas and speak to the "subpoenaed entity" regarding the scope of the subpoenas rather than Defendant.

Sincerely,

*L. Renee Green, Esq.*
PARTNER
SCHNITZER JOHNSON & WATSON, CHTD.
CHRISTIAN JOHNSON SLUGA & MUSHMECHE, LLC
8985 S. EASTERN AVE., SUITE 200
LAS VEGAS, NV 89123
702.222.4148- PH
702.362.2203- FX

NOTE: The information in this communication and any attached documents containing information from the above law firm may be confidential and/ or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete all electronic copies and destroy any hard copies. This firm collects debt for creditors. Any information obtained from you as a result of this correspondence or subsequently written and/or oral communication will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Monday, February 3, 2025 10:58 AM
**To:** Renee Green <rgreen@sjwlawfirm.com>; Brittany Resch <bresch@straussborrelli.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Hi Renee,

I'm happy to speak to you, but your email misrepresents my position on our call last week and the explicit language of my email below. By agreeing to withdraw topic 1, as a compromise and in hopes of resolving the parties' dispute, we are **not** conceding that this topic "does not comply with FRCP 26 or the Discovery Plan the Court entered." In fact, my position is the exact opposite. Topic 1 inherently includes all of the items listed in the Court's discovery order as they each relate to the Data Breach. If there was an issue with scope in terms of burden, that would be something the subpoenaed entity could raise and we would meet and confer with them about.

If you persist in misrepresenting our position, particularly if you do so to the Court, we will need to notify the Court of this behavior.

Please let me know what specifically you would like to discuss today to avoid any unfounded accusations from you that I am unprepared for our call as you did last week.

Thank you,
Raina

---

**From:** Renee Green <rgreen@sjwlawfirm.com>
**Sent:** Monday, February 3, 2025 12:47 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Brittany Resch <bresch@straussborrelli.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Hello Raina,

    Let's move forward with the teleconference today at 11:30 a.m. PST.  Your e-mail below concedes that at least one of the topics in the subpoenas does not comply with FRCP 26 or the Discovery Plan the Court entered.  Despite this noncompliance, Plaintiffs still seek to enforce the noncompliant subpoenas when they do not comply with the Court's orders.  Seeking to circumvent Defendant and the Court's orders by subpoenaing third parties for this information is severely burdensome, oppressive, and prejudicial to the Practice.

    Moreover, Plaintiffs' continued representations of Defendant "disclaiming knowledge" on these topics misrepresent Defendant's responses. Specifically, Plaintiffs ignore the fact that Defendant duly objected to Plaintiffs' numerous interrogatories and production by indicating that the propounded discovery exceeded Phase I's scope.  As a result, those objections still stand.

Sincerely,

*L. Renee Green, Esq.*
**PARTNER**
SCHNITZER JOHNSON & WATSON, CHTD.
CHRISTIAN JOHNSON SLUGA & MUSHMECHE, LLC
8985 S. EASTERN AVE., SUITE 200
LAS VEGAS, NV 89123
702.222.4148- PH
702.362.2203- FX

NOTE: The information in this communication and any attached documents containing information from the above law firm may be confidential and/ or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete all electronic copies and destroy any hard copies. This firm collects debt for creditors. Any information obtained from you as a result of this correspondence or subsequently written and/or oral communication will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Sunday, February 2, 2025 11:14 AM
**To:** Renee Green <rgreen@sjwlawfirm.com>; Brittany Resch <bresch@straussborrelli.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Hi Renee,

In follow up to our meet and confer from Friday afternoon, Plaintiffs' position on each of the topics in the subpoenas to Amon Ra, IT Decision, and Patient Now are below.

To be clear, we disagree that these subpoenas "violate the Court's orders" with respect to discovery in any way and take issue with your accusation that they do. To reiterate, we believe that these subpoenas were appropriately issued considering Defendant's discovery responses disclaiming knowledge and documents for a number of requests and instead identifying Amon Ra, IT Decisions, and Patient Now as the parties with responsive information. It is prejudicial to Plaintiffs to disclaim knowledge and then block them from obtaining that discovery from the party that Defendant admits has the information.

Moreover, it would be burdensome to these third parties to potentially respond to two rounds of subpoenas. Rule 45 requires parties to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Both parties are obligated to comply with this rule, and we believe your position is contrary to this mandate.

Responses on specific topics:

- #1- Plaintiffs will agree to withdraw this topic. We do not agree to re-serve the subpoenas but instead will meet and confer with the third parties to confirm this topic has been withdrawn. This withdrawal is being done in the spirit of a good faith meet and confer. We do not waive any of our positions with respect to this topic and reserve all rights.
- #2- This topic relates to the following Areas of Discovery identified as Phase I in Dkt. 48: i, ii, v, vi, vii. Additionally, and as I will not repeat below for each topic but is equally applicable, this list is not exhaustive. This section of Dkt. 48 goes on to recognize that class discovery often overlaps with the merits of plaintiffs' claims. Topic 2 goes directly to, at least, Plaintiffs' negligence claim and whether

Defendant breached its duty to provide adequate cybersecurity in a way that is common to all class members.

- #3- This topic relates to the following Areas of Discovery identified as Phase I in Dkt. 48: ii, vi. Additionally, this list is not exhaustive. This section of Dkt. 48 goes on to recognize that class discovery often overlaps with the merits of plaintiffs' claims. Topic 3 goes directly to, at least, Plaintiffs' negligence claim and whether Defendant breached its duty to provide adequate cybersecurity in a way that is common to all class members.
- #4- This topic relates to the following Areas of Discovery identified as Phase I in Dkt. 48: ii, vi. Additionally, this list is not exhaustive. This section of Dkt. 48 goes on to recognize that class discovery often overlaps with the merits of plaintiffs' claims. Topic 4 goes directly to, at least, Plaintiffs' negligence claim and whether Defendant breached its duty to provide adequate cybersecurity in a way that is common to all class members.
- #5- This topic relates to the following Areas of Discovery identified as Phase I in Dkt. 48: vii
- #6- This topic relates to the following Areas of Discovery identified as Phase I in Dkt. 48: i, ii, iv, v, vi, vii
- #7- This topic relates to the following Areas of Discovery identified as Phase I in Dkt. 48: i, ii, v, vi, vii
- #8- This topic relates to the following Areas of Discovery identified as Phase I in Dkt. 48: i, ii, iv, v, vi, vii. To be clear, this topic is necessary in the event that Hankins claims privilege over any of the third party entity's responsive documents. If the purpose of the relationship was not to provide legal advice, the documents would not be privileged. Without such contracts or statements of work, it would be difficult to assess any claim of privilege.
- #9- This topic relates to the following Areas of Discovery identified as Phase I in Dkt. 48: ii, vi. Additionally, this list is not exhaustive. This section of Dkt. 48 goes on to recognize that class discovery often overlaps with the merits of plaintiffs' claims. Topic 9 goes directly to, at least, Plaintiffs' negligence claim and whether Defendant breached its duty to provide adequate cybersecurity in a way that is common to all class members.
- #10- This topic relates to the following Areas of Discovery identified as Phase I in Dkt. 48: ii, vi. Additionally, this list is not exhaustive. This section of Dkt. 48 goes on to recognize that class discovery often overlaps with the merits of plaintiffs' claims. Topic 10 goes directly to, at least, Plaintiffs' negligence claim and whether Defendant breached its duty to provide adequate cybersecurity in a way that is common to all class members.

Please let me know if our further meet and confer on Monday at 11:30PST/1:30CST is necessary in light of these points.

Thank you,
Raina

**From:** Renee Green <rgreen@sjwlawfirm.com>
**Sent:** Friday, January 31, 2025 3:02 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Brittany Resch <bresch@straussborrelli.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

5

Thank you, Raina. Please also be ready to identify how each topic identified by the subpoenas complies with FRCP 26 and the Court's orders.

Thank you,

*L. Renee Green, Esq.*

**PARTNER**
SCHNITZER JOHNSON & WATSON, CHTD.
CHRISTIAN JOHNSON SLUGA & MUSHMECHE, LLC
8985 S. EASTERN AVE., SUITE 200
LAS VEGAS, NV 89123
702.222.4148- PH
702.362.2203- FX

NOTE: The information in this communication and any attached documents containing information from the above law firm may be confidential and/ or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete all electronic copies and destroy any hard copies. This firm collects debt for creditors. Any information obtained from you as a result of this correspondence or subsequently written and/or oral communication will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien. This is an attempt to collect a debt and any information obtained will be used for that purpose.

---

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Friday, January 31, 2025 12:51 PM
**To:** Renee Green <rgreen@sjwlawfirm.com>; Brittany Resch <bresch@straussborrelli.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

That works. Please be prepared to identify, with specificity, what narrowing you would like to see to avoid motion practice. I will reiterate our position that it's inefficient and burdensome on these third parties for us to issue multiple subpoenas throughout this litigation, so please consider that point before we speak.

Raina

---

**From:** Renee Green <rgreen@sjwlawfirm.com>
**Sent:** Friday, January 31, 2025 10:53 AM
**To:** Raina Borrelli <raina@straussborrelli.com>; Brittany Resch <bresch@straussborrelli.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Hello Raina,

    I agree that there is a dispute regarding whether demanding documents encompassing "[a]ll documents related to the Data Breach" falls within Phase I discovery. However, I do not believe you were on the conference call regarding the meet and confer on Wednesday. The representations Brittany made were memorialized in my e-mail and even corroborated through Brittany's e-mail regarding only seeking to confer about the topics with the "subpoenaed entities themselves" rather than with Defendant's counsel.

    I will give you a call at 2:30 p.m. PST today. Please let me know if that time does not work for you.

Thank you,

*L. Renee Green, Esq.*
**PARTNER**
SCHNITZER JOHNSON & WATSON, CHTD.
CHRISTIAN JOHNSON SLUGA & MUSHMECHE, LLC
8985 S. EASTERN AVE., SUITE 200
LAS VEGAS, NV 89123
702.222.4148- PH
702.362.2203- FX

NOTE: The information in this communication and any attached documents containing information from the above law firm may be confidential and/ or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete all electronic copies and destroy any hard copies. This firm collects debt for creditors. Any information obtained from you as a result of this correspondence or subsequently written and/or oral communication will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien. This is an attempt to collect a debt and any information obtained will be used for that purpose.

---

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Friday, January 31, 2025 6:56 AM
**To:** Renee Green <rgreen@sjwlawfirm.com>; Brittany Resch <bresch@straussborrelli.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Hi Renee,

There is a dispute about whether the subpoenas fall within the scope of Phase I discovery. I also don't think you are correctly relaying Brittany's statements, but, in any event, happy to meet. I'm available this afternoon after 3 central.

Raina

---

**From:** Renee Green <rgreen@sjwlawfirm.com>
**Sent:** Thursday, January 30, 2025 9:21 PM
**To:** Raina Borrelli <raina@straussborrelli.com>; Brittany Resch <bresch@straussborrelli.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; litigation@ladahlaw.com;

clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Hello Raina,

There is no dispute that asking a third party for "[a]ll documents related to the Data Breach" is overbroad and exceeds the scope of the discovery orders regarding bifurcation. Seeking to circumvent Defendant and the Court's orders by subpoenaing third parties for this information is severely burdensome, oppressive, and prejudicial to my client.

Moreover, Plaintiffs claiming that they are moving forward with the subpoenas because Defendant "cannot do anything about it" does not constitute conducting discovery in good faith pursuant to FRCP 1 and the Court's orders. Brittany indicated that she did not need to speak to me regarding the topics because Defendant lacked standing to do so. She then memorialized that position in writing. It now appears Plaintiffs are changing their position and seeking to meet and confer regarding the topics. Please let me know if that is the case. If so, please let me know your availability to discuss this further tomorrow, as time is of the essence.

Thank you,

*L. Renee Green, Esq.*
**PARTNER**
SCHNITZER JOHNSON & WATSON, CHTD.
CHRISTIAN JOHNSON SLUGA & MUSHMECHE, LLC
8985 S. EASTERN AVE., SUITE 200
LAS VEGAS, NV 89123
702.222.4148- PH
702.362.2203- FX

NOTE: The information in this communication and any attached documents containing information from the above law firm may be confidential and/ or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete all electronic copies and destroy any hard copies. This firm collects debt for creditors. Any information obtained from you as a result of this correspondence or subsequently written and/or oral communication will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**From:** Raina Borrelli <raina@straussborrelli.com>
**Sent:** Thursday, January 30, 2025 4:32 PM
**To:** Renee Green <rgreen@sjwlawfirm.com>; Brittany Resch <bresch@straussborrelli.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Hi Renee,

Brittany is out of the office the remainder of the week. I spoke with her about your discussion on the subpoenas. We do disagree that they "exceed[] Phase I's scope." We need to understand how the breach occurred and exactly what happened to demonstrate that all class members were affected in a common manner, unless Hankins & Sohn would like to stipulate to that fact. As Brittany noted, Hankins claims that the facts related to these issues are solely in third parties' hands, yet now seeks to prevent Plaintiffs from obtaining that information. That position is prejudicial to Plaintiffs.

If you feel you need to bring a motion, consider our meet and confer concluded and proceed. If you have any specific requests in terms of narrowing the subpoenas, happy to consider them. However, simply not seeking this discovery at all at this point is not something we can agree to.

Thanks,
Raina

---

**From:** Renee Green <rgreen@sjwlawfirm.com>
**Sent:** Thursday, January 30, 2025 6:24 PM
**To:** Brittany Resch <bresch@straussborrelli.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; Raina Borrelli <raina@straussborrelli.com>; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Brittany,

    Your e-mail below does not memorialize the central aspect of our conversation regarding this matter. Specifically, the Court issued Orders bifurcating discovery, with Phase I being class-based and Phase II being merit-based. ECF Nos. 44, 48. Despite the Court issuing these Orders, Plaintiffs continue to violate the Court's orders by seeking discovery that exceeds Phase I's scope. Not only have Plaintiffs violated this Court's order by seeking this type of discovery from the Practice, but they now have served three subpoenas to third parties seeking discovery that violates the Court's Orders. For example, some of the categories that Plaintiffs seek from these parties are the following:

    1.    All Documents Related to the Data Breach
    …
    3.    All Documents relating to, regarding, or referring to the sufficiency or efficiency of Hankin's cyber security systems, protocols and/or practices regarding the Breach.

These topics are clearly not within the scope of Phase I's discovery.

    During our conversation, you claimed that Plaintiffs subpoenaing the third parties did not violate the Court's orders because the third parties are not parties to this litigation or beholden to the Court's orders. However, the Court's orders apply to all aspects of discovery in this matter and *Plaintiffs'* actions of seeking discovery from nonparties that violate the Court's orders. Moreover, Plaintiffs' representations of Defendant "feigning ignorance" on these topics misrepresent Defendant's responses. Due to Plaintiffs propounding discovery that violated the Court's Orders, Defendant objected to Plaintiffs' numerous interrogatories and production by indicating that the propounded discovery exceeded Phase I's scope.

You also indicated during our conversation that Plaintiffs were still following through with the subpoenas despite violating the discovery orders because Defendant lacks standing to stop this from happening. Moreover, you indicated that you did not have to meet and confer on the topics with me because Defendant lacked standing to prevent the enforcement of the subpoenas. Not only is that incorrect as Defendant can seek a protective order, but it also evidences Plaintiffs' blatant decision to disobey the Court's orders and not conduct discovery in good faith. Due to those reasons, we were at an impasse.

Please let us know if Plaintiffs' decision changes regarding the scope of the subpoenas due to the fact that Defendant has standing to seek the Court's intervention regarding Plaintiffs' tactics of circumventing Defendant to obtain information that violates the Court's orders.

Thank you,

*L. Renee Green, Esq.*
**PARTNER**
SCHNITZER JOHNSON & WATSON, CHTD.
CHRISTIAN JOHNSON SLUGA & MUSHMECHE, LLC
8985 S. EASTERN AVE., SUITE 200
LAS VEGAS, NV 89123
702.222.4148- PH
702.362.2203- FX

NOTE: The information in this communication and any attached documents containing information from the above law firm may be confidential and/ or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete all electronic copies and destroy any hard copies. This firm collects debt for creditors. Any information obtained from you as a result of this correspondence or subsequently written and/or oral communication will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**From:** Brittany Resch <bresch@straussborrelli.com>
**Sent:** Wednesday, January 29, 2025 7:03 PM
**To:** Renee Green <rgreen@sjwlawfirm.com>; jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; Raina Borrelli <raina@straussborrelli.com>; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** RE: [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Hello Renee –

Thanks for the phone call today. Defendant's position is that these subpoenas violate the spirit of the discovery order (Dkt. 48) because they exceed the scope of phase one discovery. Plaintiffs' position is that Defendant claimed ignorance of facts in phase one discovery and instead, pointed to these three entities as having all relevant knowledge. The parties continue to have a fundamental disagreement about what is phase one discovery and what is not.

Plaintiffs reiterate that they are more than happy to negotiate the scope of these subpoenas with the subpoenaed entities themselves pursuant to Plaintiffs' obligations under Rule 45. Defendant confirmed it does not represent any of these three entities.

Thanks,
Brittany

---

**From:** Renee Green <rgreen@sjwlawfirm.com>
**Sent:** Friday, January 24, 2025 1:42 PM
**To:** jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; Raina Borrelli <raina@straussborrelli.com>; Brittany Resch <bresch@straussborrelli.com>; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Cc:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; Renee Green <rgreen@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>; Robert McBride <rcmcbride@mcbridehall.com>; Cyndee Lowe <clowe@sjwlawfirm.com>; Lauren Smith <lsmith@mcbridehall.com>; Frank Rossier <farossier@mcbridehall.com>; Tawnya Palma <TPalma@SJWLawfirm.com>
**Subject:** FW: In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Counsel,

      The subpoenas that Plaintiffs seek to issue violate the Stipulated Discovery Plan and Scheduling Order. *See* ECF No. 48. Specifically, the documents and information seek with this subpoena are exceed the scope of Phase I discovery. Please let us know your availability on Monday, January 27, 2025, or Tuesday, January 28, 2025, to meet and confer on this matter.

Thank you,

*L. Renee Green, Esq.*
**PARTNER**
SCHNITZER JOHNSON & WATSON, CHTD.
CHRISTIAN JOHNSON SLUGA & MUSHMECHE, LLC
8985 S. EASTERN AVE., SUITE 200
LAS VEGAS, NV 89123
702.222.4148- PH
702.362.2203- FX

NOTE: The information in this communication and any attached documents containing information from the above law firm may be confidential and/ or privileged. If you are not the intended recipient, or an agent responsible for delivering it to the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply email and then delete all electronic copies and destroy any hard copies. This firm collects debt for creditors. Any information obtained from you as a result of this correspondence or subsequently written and/or oral communication will be used for that purpose. However, if you have previously received a discharge in bankruptcy, this message is not and should not be construed as an attempt to collect a debt, but only as an attempt to enforce a lien. This is an attempt to collect a debt and any information obtained will be used for that purpose.

---

**From:** Nicole Waterman <nwaterman@straussborrelli.com>
**Sent:** Thursday, January 23, 2025 7:20 AM
**To:** Gary Schnitzer <gschnitzer@sjwlawfirm.com>; Renee Green <rgreen@sjwlawfirm.com>; crhueth@mcbridehall.com; Marta Dunning <MDunning@sjwlawfirm.com>
**Cc:** jfornetti@blgwins.com; mbourassa@blgwins.com; vchristian@blgwins.com; nickc@lcllp.com; Raina Borrelli <raina@straussborrelli.com>; Brittany Resch <bresch@straussborrelli.com>; litigation@ladahlaw.com; clark@richardharrislaw.com; jlee@richardharrislaw.com
**Subject:** [External] In Re Hankins Plastic Surgery Associates, P.C. - Case No. 2:23-cv-00824 - Plaintiffs' Notice of Subpoenas

Counsel –

Attached please find Plaintiffs' Notice of Subpoenas to Amon Ra Network Consulting, I.T. Decisions and Patient for the above mentioned case.

Thank You,



**Nicole Waterman** *She/Her*
Paralegal

980 N Michigan Ave., Suite 1610, Chicago, IL 60611
P: 872.263.1100     F: 872.263.1109
E: nwaterman@straussborrelli.com

straussborrelli.com

The information contained in this message is confidential and intended only for the use of the named recipient(s) and may contain information that, among other protections, is the subject of attorney-client privilege, attorney work product or exempt from disclosure under applicable law. If the reader of this electronic message is not the named recipient, you are hereby notified that any dissemination, distribution, copying or other use of this communication is strictly prohibited and no privilege is waived. If you have received this communication in error, please immediately notify the sender by replying to this message and then deleting this message from your computer.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.