GARY E. SCHNITZER, ESQ.
Nevada Bar No. 395
L. RENEE GREEN, ESQ.
Nevada Bar No. 12755
MARTA D. DUNNING, ESQ.
Nevada Bar No. 14728
SCHNITZER JOHNSON & WATSON, CHTD.
8985 So. Eastern Avenue, Suite 200
Las Vegas, Nevada  89123
Telephone:      (702) 362-6666
Facsimile:      (702) 362-89852203
gschnitzer@sjwlawfirm.com
rgreen@sjwlawfirm.com
mdunning@sjwlawfirm.com
AND
ROBERT C. McBRIDE, ESQ.
Nevada Bar No.: 7082
CHELSEA R. HUETH, ESQ.
Nevada Bar No.: 10904
McBRIDE HALL
8329 W. Sunset Road, Suite 260
Las Vegas, Nevada 89113
Telephone No. (702) 792-5855
Facsimile No. (702) 796-5855
rcmcbride@mcbridehall.com
crhueth@mcbridehall.com
*Attorneys for Defendant,*
*HANKINS PLASTIC SURGERY*
*ASSOCIATES, P.C. dba HANKINS*
*& SOHN PLASTIC SURGERY*
*ASSOCIATES*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| IN RE HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES<br><br>This Document Relates to:  All Actions | Master File No. 2:23-cv-00824-RFB-DJA<br><br>**DEFENDANT HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** |

COMES NOW Hankins Plastic Surgery Associates, P.C. dba Hankins & Sohn Plastic Surgery Associates ("Defendant" or "the Practice"), by and through its counsel of record, the law firm of SCHNITZER, JOHNSON & WATSON, CHTD. AND MCBRIDE HALL, and respectfully files its Reply to Plaintiffs' Response to Defendant's Motion for Protective Order  ("Reply").

1

This Reply is made based upon the attached Memorandum of Points and Authorities, all papers and pleadings on file herein, and any oral argument the Court will allow at the hearing of this matter.

DATED this 27th day of February, 2025.

                SCHNITZER JOHNSON & WATSON, CHTD.

                */s/ L. Renee Green, Esq.*
                GARY E. SCHNITZER, ESQ.
                Nevada Bar No. 395
                L. RENEE GREEN, ESQ.
                Nevada Bar No. 12755
                MARTA D. DUNNING, ESQ.
                Nevada Bar No. 14728
                8985 So. Eastern Avenue, Suite 200
                Las Vegas, Nevada  89123
                *Attorneys for Defendant,*
                *HANKINS PLASTIC SURGERY*
                *ASSOCIATES, P.C. dba HANKINS*
                *& SOHN PLASTIC SURGERY ASSOCIATES*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION.

The Opposition concedes that the subpoenaed information exceeds the scope of Phase I of discovery. The Discovery Order clearly enumerates the scope of the discovery phases and expressly directs the Parties to limit their discovery to the scope of each respective Phase despite any overlap. Therefore, there is no question that the subpoenas violate the discovery order issued by this Court, are overbroad, and seek irrelevant information. Accordingly, Defendant respectfully requests that the Court grant Defendant's Motion and issue a protective order removing Request Nos. 1, 3, 4, 5, 7, 8, and 9 (as to all subpoenas) and limiting Request Nos. 2 and 6 to the tenets of Phase I as outlined in the Discovery Order.

## II.  LEGAL ARGUMENT.

### A.  DEFENDANT HAS STANDING TO BRING THE MOTION UNDER FRCP 26(C).

The Opposition argues at length that Defendant lacks standing to quash the subpoenas under NRCP 45. However, the Motion did not seek such relief and did not assert the "personal right or privilege" exception the Opposition entertains. As such, the Opposition's musings on this issue are not informative and should be ignored.

Because Plaintiffs contend that Defendant lacks standing, Plaintiffs believe that Defendant should sit aside and watch them issue subpoenas that violate this Court's orders. However, Defendant has standing to bring a motion for protective order pursuant to NRCP 26(c), which states in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken.

FRCP 26(c)(1).

This Court even held that a "[d]efendant's challenge to the third-party subpoena via the instant Motion for Protective Order rather than through a motion to quash is proper." *Bd. of Trustees of S. Nevada Joint Mgmt. & Culinary & Bartenders Training Fund v. Fava*, No. 218CV00036JCMDJA, 2019 WL 11093817, at *2 (D. Nev. Oct. 31, 2019).

3

1  Therefore, Defendant, as a party to this case, has the right to move for a protective order. The rule
2  gives this Court authority to issue such an order to protect a party or person from annoyance,
3  embarrassment, oppression, or undue burden or expense. FRCP 26(c)(1).

### B.     THE SUBPOENAS VIOLATE THIS COURT'S ORDER.

The Court's order on the discovery phases is painfully clear. The Discovery Order expressly identifies the topics that fall under Phase I of discovery. ECF No. 48 at 4:1-19. In that same Order, the Parties agreed that, even though some issues may overlap between the two phases, ***the Parties are going to limit their discovery to the scope of each respective Phase***. *Id.* at 4:25-27. Plaintiffs are not only violating the Discovery Order as it pertains to the scope of Phase I discovery but they have also refused to limit discovery to each phase despite the possibility of overlap.

Each category within the subpoenas exceeds the permitted scope of Phase I discovery. Several of them entirely fall within the merit-based scope of Phase II discovery. Specifically, the subpoenas seek ***all documents*** related to the Data Breach (Topic Nos. 1, 6, 7), the investigation of the Data Breach (Topic No. 2), the sufficiency of Defendant's cybersecurity system (Topic Nos. 3), Defendant's efforts to maintain the security of the data (Topic Nos. 4, 5), and the totality of services provided by the non-party (Topic Nos. 8, 9). The post-breach investigation, the remediation, Defendant's responsibility (if any) in maintaining certain protections and whether Defendant satisfied that responsibility all concern the merits of the case. There is no legitimate argument to be made to the contrary.

The Opposition continuously argues that Plaintiffs are allowed to seek discovery that overlaps with the merits and, as such, the Subpoena Topics are proper. This is an admission that the subpoenas exceed the scope of Phase I discovery. The argument also fails before the language of the Discovery Order which mandates that, despite any overlap, the Parties must limit their discovery to the scope of each respective Phase. *Id.* at 4:25-27.

Plaintiffs also attempt to liken this case to Title VII class action cases in an attempt to justify exceeding the scope of Phase I. However, the rationale in those class actions differs from the one here. In Title VII cases, merit-based facts such as the nature of the employment

relationship, the actionable conduct, and the employer's response, are necessary to determine which person may fall within the putative class. Here, the narrative is simpler—there was a data breach; those individuals whose information was accessed during the data breach fall within the class (per Plaintiffs' Class definition). ECF No. 75 at ¶ 129. The focus should be on identifying the patients during the time frame of the data breach and the extent of the data breach to identify whose information was actually accessed. There is no reason to explore merit-based facts such as the investigation of the Data Breach, the sufficiency of Defendant's cybersecurity system, or Defendant's efforts to maintain the security of the data. Those inquiries belong in Phase II.

The Opposition correctly states that engaging in discovery is part and parcel of being a party in litigation. So is following court orders. Just because discovery has not been stayed and because Rule 26(b)(1) provides a broad right to discovery does not mean that Plaintiff can freely ignore the Discovery Order. That Order sets the parameters and timing of discovery. Those parameters and timing govern the litigation.

### C. PLAINTIFFS' MANUFACTURED DISCOVERY GRIEVANCES DO NOT JUSTIFY PLAINTIFFS' VIOLATION OF THE DISCOVERY ORDER.

The Opposition repeatedly states that Defendant has been obstructing discovery. Plaintiffs' dissatisfaction with the reality of the data breach, however, does not equal obstructionism. Defendant has produced the documents it has in its possession. This matter involves data security, software, and hardware knowledge, about which Defendant is not knowledgeable. That is why Defendant retained Amon Ra and, subsequently, Andy West's services. Defendant has explained to Plaintiffs *ad nauseam* that after discovering the breach, all computers and systems were removed to a locked location to preserve the data and make it available for an inspection. There has been no hiding of documents and information. Defendants have provided what they have and know in accordance with the scope of Phase I of discovery.

Further, Defendant did not seek a protective order to prevent Plaintiff from accessing relevant information. Defendant sought a protective order because Plaintiffs have blatantly violated the Discovery Order by attempting to get information about the merits of the case as opposed to information about class certification. Plaintiffs' insinuation that Defendant is somehow hiding information is not based in reality and is becoming a concerning narrative. Plaintiffs cannot

be allowed to so blatantly exceed the scope of discovery and must be held accountable.

### D. THE INFORMATION SOUGHT IN VIOLATION OF THE DISCOVERY ORDER IS PREJUDICIAL AND NOT PROPORTIONAL TO THE CURRENT NEEDS OF THE CASE.

The subpoenas violate the Discovery Order and are, therefore, overbroad and seek information that is irrelevant to Phase I of discovery. This violation prejudices Defendant and seeks information that is not proportional to the needs of the case at this stage. Merit-based discovery does not belong in Phase I for a reason. The pending Motion to Dismiss may dispose of issues prior to the commencement of Phase II, making the discovery sought disproportional to the needs of the case. If this information is provided, it would also severely prejudice Defendant because it would place Defendant in the position of engaging in merit-based discovery which is not allowed under the Discovery Order.

There is no reason why third parties subject to the subpoenas (and none has yet been articulated by them) would not be able to comply with limited document requests before producing responsive documents as to all issues. For those reasons, good cause exists for this Court to enter a protective order regarding those three subpoenas.

### E. THE COURT SHOULD DENY PLAINTIFFS' REQUEST TO PRODUCE THE DISCOVERY REQUESTED IN THE SUBPOENAS.

The Opposition takes a vexatious turn when it asks this Court to order Defendant to produce documents responsive to the Subpoena Topics. Defendant has already informed Plaintiffs that the information they are seeking is in the possession of those third parties. Defendant has already produced documents and information pursuant to the scope enumerated in the Discovery Order. The hardware containing the information on the data breach is available for inspection. Plaintiffs know this and, yet, still make the preposterous request that Defendants somehow respond to the subpoenas.

Further, that request misses the entire point of the Motion. Part of the information sought by the Subpoenas is not discoverable during Phase I. Once Phase II commences, Plaintiffs are free to explore merit-based discovery and Defendant reserves the right to assert any applicable objections/arguments (Contrary to the Opposition, nothing in the Motion indicates a concession that the discovery sought is relevant). For those reasons, the Court should deny Plaintiff's request.

**III.     CONCLUSION.**

For the foregoing reasons, Defendant respectfully requests that the Court grant Defendant's Motion and issue a protective order removing Request Nos. 1, 3, 4, 5, 7, 8, and 9 (as to all subpoenas) and limiting Request Nos. 2 and 6 to the tenets of Phase I as outlined in the Discovery Order.

DATED this 27th day of February, 2025.

                              SCHNITZER JOHNSON & WATSON, CHTD.

                              */s/ L. Renee Green, Esq.*
                              GARY E. SCHNITZER, ESQ.
                              Nevada Bar No. 395
                              L. RENEE GREEN, ESQ.
                              Nevada Bar No. 12755
                              MARTA D. DUNNING, ESQ.
                              Nevada Bar No. 14728
                              *Attorneys for Defendant, HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES*

SCHNITZER JOHNSON & WATSON, CHTD.
8985 S. Eastern Ave., Ste. 200
Las Vegas, Nevada 89123
(702) 362-6666

7

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 27th day of February, 2025, I served a true and correct copy of the foregoing **DEFENDANT HANKINS PLASTIC SURGERY ASSOCIATES, P.C. dba HANKINS & SOHN PLASTIC SURGERY ASSOCIATES' REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER** was served via the United States District Court CM/ECF system to all parties or persons requiring notice.

MARK J. BOURASSA, ESQ.
**THE BOURASSA LAW GROUP**
2350 W. Charleston Blvd., Suite 100
Las Vegas, NV 89102
mbourassa@blgwins.com
and
NICHOLAS A. COLELLA (pro hac vice)
LYNCH CARPENTER LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, Pennsylvania 15222
Attorneys for Plaintiff, Jennifer Tausinga

Ramzy Paul Ladah, Esq.
LADAH LAW FIRM
517 S. Third Street
Las Vegas, NV 89101
litigation@ladahlaw.com
Attorneys for Plaintiff Alysia Wrenn

RAINA BORRELLI (pro hac vice)
RAINA BORRELLI
613 Williamson Street, Suite 201
Madison, Wisconsin 53703
Attorneys for Plaintiff  Sarah Jefferson

Clark Seegmiller, Esq.
Jonathan B. Lee, Esq.
RICHARD HARRIS LAW FIRM
801 South Fourth Street
Las Vegas, NV 89101
jlee@richardharrislaw.com
T: 702.444.4444
F: 702.444-4455
Attorneys for Plaintiff Caroline Aurora

      */s/ Cynthia Lowe*
      An Employee of SCHNITZER
      JOHNSON & WATSON, CHTD.